IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JOSEPH J. FREEBERY                                  :
          Plaintiff                               :
                                             :
            v.                                   :    C.A. No. 05-748-GMS
                                             :
CHRISTOPER COONS, in his official capacity as       :
County Executive of New Castle County and in his    :
individual capacity; and NEW CASTLE COUNTY, a :
municipal corporation; and JOHN DOES 1-25           :
                  Defendants.                      :

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISQUALIFY JOSEPH F. LAWLESS AND OPPOSE HIS ADMISSION *PRO HAC VICE*

**KNEPPER & STRATTON**

**OF COUNSEL:**
Joseph F. Lawless, Esq.
PA Id. No. 23691
6 Harvey Lane
Newtown Square, PA 19083
610.356.0875

Charles Slanina (DE Bar ID #2011)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmingnton, Delaware 19801-1155
(302) 884-6766
**Counsel for Joseph F. Lawless on the Brief**

Barbara H. Stratton, Esq.
P.O. Box 1795
1228 North King Street
Wilmington, Delaware 19801
302.658.1717
Delaware Bar ID # 2785
Counsel for Joseph J. Freebery

## TABLE OF CONTENTS

Table of Citations ............................................................................................ ii

Nature and Stage of the Proceedings................................................................ 1

Summary of Argument.................…….....…… ................................................. 2

Statement of Relevant Facts ........................................................................... 3

Argument ........................................................................................................ 4

I. Defendants Lack Standing To Seek Disqualification Arising from a
   Purported Conflict of Interest In the Abasence of Any Showing of
   Prejudice to the Fairness of This Proceeding ...............................................4

II. The Defendants Have Failed To Establish Grounds For
    Disqualification Based On An Alleged Conflict of Interest............................. 6

    A. There is No Attorney-Client Relationship
    With New Castle County............................................................... 7

    B.   The Two Actions Are Not Related...............................................10

    C.  Disqualification Is Not Warranted .............................................. 11

III. ABA Model Rule 1.8 Permits Payment of Mr. Lawless' Fees........................ 13

IV. There is No Violation of ABA Model Rule 1.6........................................ 15

Conclusion ...............................................................................................16

i

## TABLE OF AUTHORITIES

**CASES:**                                                        **PAGES(S)**

**Federal**

*United States v. Miller,* 624 F.2d 1198, 1201 (3rd Cir. 1980                6

*In re Marvel*, 265 B.R. 605, 612 (N.D. Cal. 2001)                          13

*Hickman v. Burlington Bio-Medical Corp.*, 371 F.Supp.2d 225
(E.D.N.Y. 2005).                                                            12, 13

*Integrated Health Services of Cliff Manor, Inc. v.
THCI Company, LLCI,* 327 B.R. 200, 2005 U.S. Dist. LEXIS 14218
(D. Del. 2005)                                                              6

*U.S. v. Kossak,* 275 F.Supp.2d 525, 531 (D. Del. 2003)                     4

*Elonex I.P. Holdings, Ltd. v. Apple Computer, Inc.,*
142 F.Supp.2d 579 (D. Del. 2001)                                           6, 7

*Watson v. Ameredes,* No. 03A01-9704-CV-00129
. (Tenn.Dec.10, 1997).

*Nemours Foundation v. Gilbane, Aetna, Federal Ins. Co.,*
632 F.Supp. 418 (D. Del. 1986)                                             7

*Paretti v. Cavalier Label Co., Inc.*, 722 F.Supp. 985, 987 (S.D.N.Y. 1989)   13

*Chris-Craft Industries, Inc. v. Independent
Stockholders Committee,* 354 F.Supp. 895 (D. Del. 1973).                   10

**State**

*In re Appeal of Infotechnology, Inc.*, 582 A.2d 215 (Del. 1990)          4

**Statutes and Authorities**

42 U.S.C. § 1983                                                           4

ABA Model Rule 1.6                                                         15

ABA Model Rule 1.8                                                         8,9, 13

N.C.C. Code § 2.03.201                                                     7

## NATURE AND STAGE OF THE PROCEEDINGS

On October 26, 2005, plaintiff Joseph J. Freebery filed suit against Christopher J. Coons, New Castle County ("NCCo") and John and Jane Does 1-25, alleging that he had been wrongfully discharged from his merit system protected position as General Manager of the NCCo Department of Special Services in violation of his constitutionally protected rights under the First, Fifth, Ninth and Fourteenth Amendments, 42 U.S.C. § 1983. The complaint also alleges state law contract and tort claims. (D.I. 1, Complaint).

The same day, plaintiff filed a motion for the admission *pro hac vice* of Joseph F. Lawless, Esquire, to represent Mr. Freebery. (D.I. 2). Counsel for NCCo personally accepted service on October 27, 2005. (D.I. 3, 4). On November 2, 2005, counsel for NCCo requested and received an enlargement of time for the County to file their response to the complaint. In the absence of any objection to counsel's motion for *pro hac vice* admission, the Court entered an Order granting that motion on November 8, 2005.

On November 10, 2005, the same counsel as above, on behalf of the NCCo defendants filed a motion to disqualify Mr. Lawless. (D.I. 7). This is Mr. Lawless' response to that motion.

## SUMMARY OF ARGUMENT

The defendants have failed to meet their burden to show that the drastic step of disqualification is warranted in this case. First, in the absence of any prejudice to New Castle County, the defendants lack standing to raise a conflict of interest as a basis for disqualification. Second, there is no identity of client. Movants fail to establish themselves as a client with standing to raise this issue. Third, the legal and factual issues in the two separate cases are unrelated and the facts giving rise to the present action occurred *after* Ms. Freebery left her position with New Castle County and there was a change in County administrations. Fourth, there is no basis to presume that any confidences, much less confidences relevant to this action, were or are threatened to be revealed to Mr. Lawless. Fifth, both Joseph J. Freebery and Sherry L. Freebery have provided their written, informed consent to Mr. Lawless' representation and waived any conflict which might exist.

2

## STATEMENT OF RELEVANT FACTS

a) The *Maloney* case

Mr. Lawless was engaged to represent Sherry Freebery only, in her individual capacity and NCCo agreed to pay her legal costs and expenses in connection with that litigation. As required by the Model Rules of Professional Conduct an engagement letter was prepared and executed by the County, Ms. Freebery and Mr. Lawless setting forth the scope, terms and conditions of his representation. *Maloney, et al. v. Gordon, et al.,* No. 03-999-KAJ (D.I. 1, Complaint).

The *Maloney* complaint can best be characterized as alleging a "public corruption / whistleblower" case. On October 31, 2003, sisters Lynda Maloney and Maria Rendina filed a civil rights action against their former employer, New Castle County and their immediate superiors, Thomas P. Gordon, then the elected NCCo County Executive and Sherry L. Freebery, then the appointed County Chief Administrative Officer, in both their official and individual capacities. Generally, the complaint alleges that the plaintiffs were retaliated against and constructively discharged because of their participation in a federal criminal investigation of "illegality and corruption" in the Gordon administration of NCCo.

b) The *Freebery* case

Mr. Lawless was retained to represent Joe Freebery as a plaintiff in Mr. Freebery's action against defendant Coons and NCCo in this case. *Joseph J. Freebery v. NCCo, et al.,* No. 05-748-GMS, D.I. 1, Complaint.

Joe Freebery's complaint can best be described as a "property interest / wrongful discharge case". Generally, the complaint alleges that, on April 6, 2005, after twenty-three years

3

of service to the County, Joe Freebery was fired by defendant Christopher Coons and NCCo

from his merit-system protected job as General Manager of the NCCo Department of Special

Services and deprived of his constitutionally protected rights under the First, Fifth, Ninth and

Fourteenth Amendments, 42 U.S.C. § 1983, his constitutionally protected property interest in

continued employment with the County and in violation of certain contract rights because he

happened to be Sherry Freebery's brother.    The actionable conduct at issue – the efforts of

defendant Coons to change the law which protected the NCCo General Manger position to

wrongfully fire Joe Freebery and the eventual alleged wrongful discharge of Joe Freebery took

place well after the facts alleged in the *Maloney* complaint, after defendant Coons defeated

Sherry Freebery in the election for NCCo County Executive and after Sherry Freebery had left

office.  (D.I. 1, ¶¶ 54-90 )

## ARGUMENT

I.    **DEFENDANTS LACK STANDING TO SEEK DISQUALIFICATION ARISING FROM A PURPORTED CONFLICT OF INTEREST IN THE ABSENCE OF ANY SHOWING OF PREJUDICE TO THE FAIRNESS OF THIS PROCEEDING**

In *In re Appeal of Infotechnology, Inc.*, 582 A.2d 215 (Del. 1990), the Delaware Supreme

Court held that, absent misconduct which taints the proceeding, thereby obstructing the orderly

administration of justice, there is no independent right of counsel to challenge another lawyer's

alleged breach of the Rules of Professional Responsibility outside of a disciplinary proceeding.

*Id.* at 221.  Although *Infotechnology* was decided under Delaware law, this Court has recognized

its applicability to disqualification motions.  *See, e.g., U.S. v. Kossak*, 275 F.Supp.2d 525, 531

(D. Del. 2003).

In this case, the defendants attempt to argue that the two representations run the risk that

4

Mr. Lawless will come into possession of confidential or privileged New Castle County information because of Ms. Freebery's prior position in New Castle County government, while ignoring the lack of an attorney-client relationship between Lawless and NCCo which would require him to maintain such confidences. The defendants' argument also fails when one considers the timelines involved. The events giving rise to the *Maloney* litigation took place while Ms. Freebery was employed by New Castle County. However, the events giving rise to the present cause of action (the *Joseph Freebery* case) took place after Ms. Freebery had left the employ of New Castle County; after there had been a change in administrations; and after defendant Christopher Coons was elected the elected NCCo County Executive. The defendants have not explained how any confidential information Ms. Freebery might have received during her employment with New Castle County is in any way relevant to the present action involving a different administration.

The defendants here have not offered either evidence or reasoned argument demonstrating that Ms. Freebery was either (i) privy to confidential information about the firing of Joseph Freebery, which decision was made after she had left County government, or (ii) privy to confidential information prior to her departure from County government which somehow would affect the current action. In the absence of such evidence or argument, there is no justification for considering New Castle County to be a client of Mr. Lawless simply because Mr. Lawless represents Ms. Freebery in her individual capacity in unrelated litigation.

As the matters are unrelated and occurred at different times, under different administrations and as there is and can be no evidence that Ms. Freebery had any access to confidential New Castle County information regarding the termination of Joseph J. Freebery,

5

there is no basis to presume that any confidential information relevant to the present action was or could be passed to Mr. Lawless. As such, the foundation of the defendants' argument crumbles, and, in the absence of any threat to the orderly administration of justice, the defendants lack standing to seek disqualification because of an alleged conflict of interest.

## II. THE DEFENDANTS HAVE FAILED TO ESTABLISH GROUNDS FOR DISQUALIFICATION BASED ON AN ALLEGED CONFLICT OF INTEREST.

While failing to establish any actual conflict of interest, movants also allege an "appearance of impropriety". Defendants Motion at p. 2. This minority standard, a holdover from the Model Code predecessor to the Model Rules, is generally applied to the determination of conflicts under Rule 1.9 dealing with former clients. It differs from the fact-intensive determination of the likelihood that a lawyer's duties of loyalty and confidentiality to a former client will be compromised by a subsequent representation favored by most courts today. It has been criticized as "too slender a reed" to require disqualification. *Watson v. Ameredes,* No. 03A01-9704-CV-00129. (Tenn.Dec.10, 1997).

Whether to grant or deny a motion for disqualification is within the discretion of the Court. *Elonex I.P. Holdings, Ltd. v. Apple Computer, Inc.,* 142 F.Supp.2d 579, 585 (D. Del. 2001). As this Court has stated, "motions to disqualify are generally disfavored. The party seeking disqualification must 'clearly show[ ] that continued representation would be impermissible.' As such, '[v]ague and unsupported allegations are not sufficient to meet this standard.'" Id. at 581 (*quoting United States v. Miller,* 624 F.2d 1198, 1201 (3rd Cir. 1980)); *see also, Integrated Health Services of Cliff Manor, Inc. v. THCI Company, LLCI,* 327 B.R. 200, 204, 2005 U.S. Dist. LEXIS 14218, **6 -**7 (D. Del. 2005).

6

The *Elonex* case is instructive here. In that case, Apple Computer Co. opposed the motion of Elonex's counsel for admission *pro hac vice*. The ground for the opposition was that Elonex's counsel represented Apple in an unrelated action. The Court rejected Appel's argument, stating that:

> [T]he court...finds that the matters in which Dechert represents Elonex and Apple are not related and there is no evidence that confidential information has passed, or is likely to pass, from Apple to Elonex. In fact, the court notes that an impermissible conflict is not always created when a simultaneous representation concerns an unrelated matter and involves clients whose interests are only generally adverse. *See Annotated Model Rules of Professional Conduct*, at 98.

Id. at 582. As such, it is important to examine the surrounding circumstances to see whether any legitimate conflict exists and, if so, is disqualification required.

## A. THERE IS NO ATTORNEY-CLIENT RELATIONSHIP WITH NEW CASTLE COUNTY.

The circumstances here are even less compelling than in *Elonex*. In the present action, Mr. Lawless has never represented New Castle County, only Sherry Freebery, in her individual capacity. The defendants state that New Castle County should be considered the client for conflict purposes, citing *Nemours Foundation v. Gilbane, Aetna, Federal Ins. Co.*, 632 F.Supp. 418, 422-25 (D. Del. 1986). The holding in *Nemours*, however, was based on evidence that the co-defendants necessarily shared confidential information about the transaction at issue. There is no comparable evidence in this case, and no basis for the creation of a *per se* rule.

Defendants' argue that § 2.03.201 of the New Castle County Code, which permits a County employee to "select his or her attorney with the concurrence of the County Attorney" and then have the County pay their legal fees, makes Mr. Lawless a "designee" of the County

7

Attorney which gives rise to an "implied" relationship. Defendants' argument that the Court

should recognize an "imputed professional relationship" clearly conflicts with the position

asserted later in the very same section of the motion where the defendants argue that Mr.

Lawless' is simply acting as a "designee" of the County Attorney. Mr. Lawless either represents

the County in the *Maloney* case or he does not. Clearly, he does not, either factually or legally.

The defendants' motion omits any mention of the engagement letter executed by the

County, Ms Freebery and Mr. Lawless which specifically states that Ms. Freebery and Ms.

Freebery alone is the client and that the attorney-client relationship extends only to her, alone.

*See,* Exhibit "A", Engagement Letter, attached hereto.

ABA Model Rule 1.8 permits, rather than prohibits, third parties to pay a client's legal

fees without becoming the client. Cognizant of the requirements of Rules 1.5(b) and 1.8(f), Mr.

Lawless prepared an engagement letter setting forth the scope, terms and conditions of his

representation of Ms. Freebery in the *Maloney* case. Model Rule 1.8(f) makes it clear that

payment of legal fees by a third party does *not* make that third party the attorney's client, stating

in pertinent part:

> (f)  a lawyer shall not accept compensation for representing a client from one other than the client unless:
>
> (1)  the client gives informed consent;
>
> (2)  there is no interference with the lawyers independence of professional judgment or with the lawyer client relationship; and
>
> (3)  information relating to representation of a client is protected as required by Rule 1.6.

The engagement letter states in pertinent part that:

8

> It is further understood that, while New Castle County is paying Ms. Freebery's legal fees and expenses, *she* is the client and *my representation and the concomitant privileges related thereto extend to her only.*

*See* Exhibit "A", Engagement Letter at p.1 (emphasis added). Under the specific terms of the agreement executed by the County, Ms. Freebery and Mr. Lawless and the provisions of Model Rule 1.8(f), Mr. Lawless' *only* client in the *Maloney* case is Sherry Freebery, in her *individual* capacity. Having understood and accepted the terms of the engagement letter, the County is bound by them and subject to Model Rule 1.8(f). The County should be estopped from now asserting otherwise to try to gain a tactical advantage in this case.

The County also argues that the "implied professional relation[ship]" exists because:

> In the *Maloney* litigation, the County and Ms. Freebery share a "commonality of interest" in that a key factor will be to show that there was no constructive termination of either plaintiff for retaliatory reasons. *Due to the fact that the parties are working toward the same goal,* there may be a necessity to share work product, attorney-client privileges and other confidential information related to the County's employment practices.

Defendants' Motion to Disqualify at 3. (emphasis supplied). The County's argument here ignores the record in *Maloney* as well as the public proclamations of the current County Executive and defendant in this case, Mr. Coons.

On July 27, 2004, the Honorable Kent A. Jordan granted a request *by the plaintiffs* in *Maloney* and entered an Order staying that litigation pending the resolution of the criminal case against the individual defendants in *Maloney,* former County Executive Tom Gordon and former Chief Administrative Officer, Sherry Freebery. *See Maloney et al. v Gordon, et al.* No 03-999-KAJ, D. I. 66, Memorandum Order, 7/27/04 at pp. 4 & 10.

The "commonality of interests" in the *Maloney* case which defendants suggest supports

9

their argument for disqualification of Mr. Lawless simply does not exist. Despite the County's

claim of a mutuality of interest, there is no joint defense agreement; the County, through the new

County Executive, has unilaterally attempted to settle the *Maloney* lawsuit, to the exclusion of

the individual defendants; and made a joint request with plaintiff's counsel to lift the stay to try

and settle the case against NCCo over the opposition of the individual defendants, who strongly

contest liability.

### B.    <u>THE TWO ACTIONS ARE NOT RELATED.</u>

The County argues that the County, as a client, has a right to insist that Mr. Lawless

maintain the confidences of his *other* client, Sherry Freebery, while not offering any basis to

conclude that any such confidences exist. We have previously addressed and established that

New Castle County is *not* a client of Lawless as a result of their payment of Sherry Freebery's

legal fees. However, we here again maintain that NCCo does not have standing to insist that Mr.

Lawless maintain the confidences of Sherry Freebery while also denying that any such

"confidences" relating to the Joe Freebery case exist.

Under a traditional disqualification analysis, there is no presumption that material

confidential information has passed unless it is determined that the two actions are substantially

related. *Chris-Craft Industries, Inc. v. Independent Stockholders Committee,* 354 F.Supp. 895,

917 (D. Del. 1973). Such is not the case here.

The *Maloney* plaintiffs allege they observed corrupt and criminal conduct on the part of

NCCo and the individual defendants Gordon and Sherry Freebery during their term in office.

They make no reference to Joe Freebery in connection with their claim against NCCo under the

Gordon Administration.

10

The *Joseph Freebery* complaint does not allege any criminal conduct on the part of Coons or any County official. Joe Freebery was a classified employee under the NCCo merit system, which accorded Mr. Freebery and the other General Managers a constitutionally protected property interest in their continued employment. As such, Mr. Freebery could not be removed from his position without due process of law and that process provided under the merit system. Mr. Freebery was fired without the benefit of the due process protections to which he was entitled.

The actionable conduct in the *Freebery* case occurred after Sherry Freebery had left office, thereby making it impossible for her to have known about or had access to any confidential information of any kind having to do with the actions of the County or the decision of the County and/or defendant Coons to fire Joe Freebery. Neither the plaintiffs nor the individual defendants in the *Maloney* case were involved in the actions which resulted in Joe Freebery's termination. The plaintiffs in *Maloney*, Tom Gordon and Sherry Freebery were long gone when Joe Freebery was fired.

In the absence of a substantial relationship, the defendants may not rely on a legal presumption, and are required to present evidence explaining the risk involved. They did not do so and so their argument fails.

## C.    **DISQUALIFICATION IS NOT WARRANTED.**

Even assuming, for the sake of argument, that there was a conflict of interest, this Court has recognized that disqualification is not automatic, and, upon balancing the respective interests, an attorney may continue to represent a client where the nature of the conflict, if any, is attenuated. *See* Elonex, 142 F.Supp.2d at 583-84.

11

Based on the county's unsubstantiated clams of *potential* prejudice, Joe Freebery should not be denied counsel of his choice and should not be forced to incur the additional cost, delay and anxiety associated with the finding of replacement counsel. On the other hand, the County should also not be permitted to select Mr. Freebery's counsel by raising issues such as the potential that it may challenge Mr. Lawless' legal fees or call his other client unnecessarily as a witness.

The County was and is not Mr. Lawless' client in the *Maloney* case. The defendants' claim of such an attorney-client relationship is tenuous, at best. There is no evidence of any actual, relevant confidences being passed and no legal justification for presuming that such confidences have been disclosed. Mere speculation will not suffice to meet the heavy burden required to disqualify counsel. *Hickman v. Burlington Bio-Medical Corp.*, 371 F.Supp.2d 225, 229 (E.D.N.Y. 2005).

On the other hand, there is little risk of divided loyalty. There is little chance that the representation will compromise counsel's independent judgment. Disqualification will deny Mr. Freebery of the counsel of his choice on the most slender of reason.

On balance, therefore, disqualification is not warranted.

## III.    ABA MODEL RULE 1.8 PERMITS PAYMENT OF MR. LAWLESS' FEES.

Defendants argue that the County's payment of Ms. Freebery's legal fees presents a *potential* violation of ABA Model Rule 1.8. Thee defendants have not produced a scintilla of evidence even suggesting that Mr. Lawless will ignore his professional obligations and, as noted above, mere speculation will not suffice to meet the heavy burden required to disqualify counsel. *Hickman v. Burlington Bio-Medical Corp.*, 371 F.Supp.2d 225, 229 (E.D.N.Y. 2005); *In re Marvel*, 265 B.R. 605, 612 (N.D. Cal. 2001); *Paretti v. Cavalier Label Co., Inc.*, 722 F.Supp. 985, 987 (S.D.N.Y. 1989). ABA Model Rule 1.8(f) permits counsel to accept compensation for representing a client from someone other than the client and states that:

> (f)    a lawyer shall not accept compensation for representing a client from one other than the client unless:
>
> (1)    the client gives informed consent:
>
> (2)    there is no interference with the lawyers independence of professional judgment or with the lawyer client relationship; and
>
> (3)    information relating to representation of a client is protected as required by Rule 1.6.

Rule 1.8(f) makes it clear that payment of legal fees by a third party does *not* make that third party the attorney's client. The County argues that Mr. Lawless should be disqualified because of an "adversarial relationship" which *might* interfere with his professional judgment representing Ms. Freebery. Defendants' Motion at p. 6.

As previously stated, the County executed an engagement letter agreeing to pay Mr. Lawless' fees in the *Maloney* matter and expressly acknowledged that Ms. Freebery, not the County, is Lawless' client in that case. Implicit in that contract and in any contract is the

assumption that the parties thereto will act in good faith and comply with its terms.

IV.    **THERE IS NO VIOLATION OF ABA MODEL RULE 1.6**

The defendants argue that Mr. Lawless should be disqualified because of the potential for

a breach of Model Rule 1.6. Model Rule 1.6 provides in pertinent part:

> A lawyer shall not reveal information relating to the representation of a client unless the
> client gives informed consent, the disclosure is impliedly authorized in order to carry out
> the representation or the disclosure is permitted by paragraph (b).

ABA Model Rule 1.6. Model Rule 1.6 applies to information given to an attorney *by the*

*client* in the course of the attorney's *representation of the client.* Rule 1.6 has no applicability

here since, as previously noted, the County is *not* Lawless' client in *Maloney.* The engagement

letter, which retained Mr. Lawless and provided for payment of Ms. Freebery's legal fees by the

County pursuant to ABA Model Rule 1.8, completely undercuts this argument.

The engagement letter specifically states: "It is further understood that, while New Castle

County is paying Ms. Freebery's legal fees and expenses, *she* is the client and *my representation*

*and the concomitant privileges related thereto extend to her only.*" Exhibit "A" (emphasis

added). There is no attorney-client relationship between the County and Mr. Lawless in

*Maloney* and no attorney-client privilege applies to the County in *Maloney.*

The County repeats it assertion here that the County, as a client, has a right to insist that

Mr. Lawless maintain the confidences of his client, Sherry Freebery. We have previously

addressed and established that NCCo is not a client of Lawless as a result of their payment of

Sherry Freebery's legal fees. We reiterate, however, that not only does NCCo lack standing to

insist that Mr. Lawless maintain the confidences of Sherry Freebery, but also that there are no

such "confidences" relating to the Joe Freebery case.

Not only is there no attorney-client relationship with the County, there is no joint-defense

15

agreement which might create some duty of confidentiality. Given the actions of the County described herein, there is no likelihood of there being any disclosure of any confidential information beyond that disclosed to all the parties in the normal course of discovery. To the extent that information is within the scope of the protective order entered by Judge Jordan in *Maloney*, and absent any evidence to the contrary, it should be assumed that all counsel will observe the provisions of that Order.

## CONCLUSION

For the reasons set forth above, the motion to disqualify should be denied.


**OF COUNSEL:**
Joseph F. Lawless, Esq.
PA Id. No. 23691
6 Harvey Lane
Newtown Square, PA 19083
610.356.0875
Jlaw6@comcast.net
**Counsel for Joseph J. Freebery**

Charles Slanina (DE Bar ID #2011)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, Delaware 19801-1155
(302) 884-6766
**Counsel for Joseph F. Lawless on the Brief**

s/ Barbara H. Stratton
Barbara H. Stratton, Esq.
P.O. Box 1795
1228 North King Street
Wilmington, Delaware 19801
302.658.1717
Delaware Bar ID # 2785
bhs@knepperstratton.net
**Counsel for Joseph J. Freebery**

16

## CERTIFICATE OF SERVICE

I, Barbara H. Stratton, hereby certify that on December 1, 2005 two copies of the

foregoing Stipulation were served electronically and  first class mail upon the following:

Gregg E. Wilson, Esquire
County Attorney
New Castle County
87 Reads Way
New Castle, DE 19720

Richard R. Wier, Jr. (#716)
Daniel W. Scialip (#4146)
1220 Market Street, Suite 600
Wilmington, DE 19801


s/ Barbara H. Stratton
BARBARA H. STRATTON
Attorney for Joseph J. Freebery

17

EXHIBIT "A"

Law Offices
JOSEPH F. LAWLESS
6 HARVEY LANE
NEWTOWN SQUARE, PENNSYLVANIA 19073
(610) 356-0875

February 23, 2004

**VIA FAX AND FEDERAL EXPRESS**
**CONFIDENTIAL**

Timothy P. Mullaney, Sr., Esquire
Depart of Administration, Office of Law
87 Reads Way
New Castle, DE 19720

Honorable Sherry L. Freebery
Chief Administrative Officer
87 Reads Way
New Castle, DE 19720

                Re: Maloney & Redina v. Gordon, et al.
                    U.S. Dist. Ct. D. Del. No. 03-999

Dear Mr. Mullaney & Ms. Freebery:

        This letter is to confirm our agreement of representation. I have been retained to
represent the Honorable Sherry L. Freebery, in her individual capacity, as a defendant in the
above-captioned matter currently pending in the United States District Court for the District of
Delaware. It is understood and agreed that my representation will be on the following terms and
conditions.

        My usual hourly rate is $475 per hour. As a professional courtesy, I have agreed to
discount that rate to reflect the approximate average of the hourly rates being charged by other
counsel in this case and other, related proceedings. It is understood and agreed that, while I am
representing Ms. Freebery in her individual capacity, New Castle County will be responsible for
and will pay all counsel fees, costs and expenses incurred on her behalf in this case. It is further
understood that, while New Castle County is paying Ms. Freebery's legal fees and expenses, *she*
is the client and my representation and the concomitant privileges related thereto extend to her,
only.

        All work performed by me in this matter will be billed at the reduced hourly rate of $340
per hour. Billings for any associate counsel will be in a similar range and will, in no event,
exceed my hourly rate. New Castle County also agrees to be responsible for all costs and
expenses incurred in connection with the representation of Ms. Freebery, including but not
limited to filing fees, deposition costs, witness and expert witness fees, photocopying, postage,
telephone expense, travel, subpoena, investigative and consulting expenses and all other costs
and expenses related to her representation.

        Our fees, costs and expense billings will be submitted directly to New Castle County on a
monthly basis and are payable in full upon receipt.

Timothy P. Mullaney, Sr., Esquire
Honorable Sherry Freebery
February 23, 2004.

Please review this agreement, sign, date and return the extra copy to me in the enclosed envelope. In order to expedite my entry of appearance, I have sent a copy of this agreement directly to you and Ms. Freebery by telecopier and agree to accept a telecopied fully executed agreement, pending receipt of the hard copy in this office.

If you have any questions, please do not hesitate to call. I am honored and look forward to representing Ms. Freebery.

Very truly yours,

JOSEPH F. LAWLESS

AGREED AND ACCEPTED:

Authorized designee on behalf of
New Castle County, Delaware
County Attorney

Sherry L. Freebery

JFL:lr
cc: Sherry Freebery (via fax only)