IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOSEPH J. FREEBERY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 05-748 GMS |
| | : | |
| CHRISTOPHER COONS, in his official | : | JURY TRIAL DEMANDED |
| capacity as County Executive of New | : | |
| Castle County and in his individual capacity;: | | |
| and NEW CASTLE COUNTY, a municipal | : | |
| corporation; and JOHN DOES 1-25 | : | |
| | : | |
| Defendants. | : | |

## ANSWER

Defendants answer the complaint as follows.  To the extent that allegations in a paragraph are not deemed answered, they are denied.

[Introductory paragraph] The allegations in this paragraph of the Complaint make legal arguments and state conclusions of law, to which no answer is required.  To the extent that an answer is required, they are denied.

1. Admitted upon information and belief.

2. It is admitted that Mr. Coons is an adult individual, a citizen of the United States of America and the State of Delaware, and that he is currently the County Executive of New Castle County, Delaware, which is located in the District of Delaware.  The remaining allegations state conclusions of law, to which no answer is required.  To the extent that an answer is required, they are denied.

3. Admitted that New Castle County is located in the District of Delaware.  Denied that it

is a municipal corporation.

4. The allegations in this paragraph of the Complaint state conclusions of law, to which no answer is required. To the extent that an answer is required, they are denied.

5. The allegations in this paragraph of the Complaint state conclusions of law, to which no answer is required. To the extent that an answer is required, they are denied.

6. The allegations in this paragraph of the Complaint state conclusions of law, to which no answer is required. To the extent that an answer is required, they are denied.

7. The allegations in this paragraph of the Complaint state conclusions of law, to which no answer is required. To the extent that an answer is required, they are denied.

8. Admitted that Joe Freebery was an employee of New Castle County. The remaining allegations in this paragraph of the Complaint are denied.

9. Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments in this paragraph of the Complaint.

10. Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments in this paragraph of the Complaint.

11. Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments in this paragraph of the Complaint.

12. Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments in this paragraph of the Complaint.

13. Admitted that Mr. Freebery was hired in 1984 as Superintendent of Parks. Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining averments in this paragraph of the Complaint.

14. Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments in this paragraph of the Complaint.

15. Admitted based on information and belief.

16. Admitted based on information and belief.

17. Denied that the departments were headed by political appointees. The balance of the averment is admitted.

18. Admitted based on information and belief.

19. The allegations in this paragraph of the Complaint are denied.

20. Admitted based on information and belief.

21. The allegations in this paragraph of the Complaint make legal arguments and state conclusions of law, to which no answer is required. To the extent that an answer is required, they are denied.

22. The allegations in this paragraph of the Complaint make legal arguments and state conclusions of law, to which no answer is required. To the extent that an answer is required, they are denied.

23. The allegations in this paragraph of the Complaint make legal arguments and state conclusions of law, to which no answer is required. To the extent that an answer is required, they are denied.

24. The allegations in this paragraph of the Complaint make legal arguments and state conclusions of law, to which no answer is required. To the extent that an answer is required, they are denied.

25. Denied that there was public debate. The remaining allegations in this paragraph of

the Complaint make legal arguments and state conclusions of law, to which no answer is required. To the extent that an answer is required, they are denied.

26. Admitted based on information and belief.

27. The allegations in this paragraph of the Complaint make legal arguments and state conclusions of law, to which no answer is required. To the extent that an answer is required, they are denied.

28. The allegations in this paragraph of the Complaint make legal argument and state conclusions of law, to which no answer is required. To the extent that an answer is required, they are denied.

29. The allegations in this paragraph of the Complaint make legal arguments and state conclusions of law, to which no answer is required. To the extent that an answer is required, they are denied.

30. The allegations in this paragraph of the Complaint make legal arguments and state conclusions of law, to which no answer is required. To the extent that an answer is required, they are denied.

31. The allegations in this paragraph of the Complaint make legal arguments and state conclusions of law, to which no answer is required. To the extent that an answer is required, they are denied.

32. Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments in this paragraph of the Complaint.

33. The allegations in this paragraph of the Complaint make legal arguments and state conclusions of law, to which no answer is required. To the extent that an answer is required, they

are denied.

34. The allegations in this paragraph of the Complaint make legal arguments and state conclusions of law, to which no answer is required. To the extent that an answer is required, they are denied.

35. The allegations in this paragraph of the Complaint make legal arguments and state conclusions of law, to which no answer is required. To the extent that an answer is required, they are denied.

36. The allegations in this paragraph of the Complaint make legal arguments and state conclusions of law, to which no answer is required. To the extent that an answer is required, they are denied.

37. The allegations in this paragraph of the Complaint make legal arguments and state conclusions of law, to which no answer is required. To the extent that an answer is required, they are denied.

38. The allegations in this paragraph of the Complaint make legal arguments and state conclusions of law, to which no answer is required. To the extent that an answer is required, they are denied.

39. The allegations in this paragraph of the Complaint make legal arguments and state conclusions of law, to which no answer is required. To the extent that an answer is required, they are denied.

40. The allegations in this paragraph of the Complaint are denied.

41. The allegations in this paragraph of the Complaint are denied.

42. Admitted based on information and belief.

43. The allegations in this paragraph of the Complaint are denied.

44. Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments in this paragraph of the Complaint.

45. Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments in this paragraph of the Complaint.

46. Admitted that Mr. Coons announced his candidacy in April 2004.

47. Admitted based on information and belief.

48. Admitted based on information and belief.

49. The allegations in this paragraph of the Complaint are denied.

50. Admitted based on information and belief.

51. The allegations in this paragraph of the Complaint make legal arguments and state conclusions of law, to which no answer is required. To the extent that an answer is required, they are denied.

52. The allegations in this paragraph of the Complaint make legal arguments and state conclusions of law, to which no answer is required. To the extent that an answer is required, they are denied.

53. The allegations in this paragraph of the Complaint make legal arguments and state conclusions of law, to which no answer is required. To the extent that an answer is required, they are denied.

54. Admitted upon information and belief.

55. The allegations in this paragraph of the Complaint are denied.

56. The allegations in this paragraph of the Complaint are denied.

57. The allegations in this paragraph of the Complaint are denied as stated.

58. The allegations in this paragraph of the Complaint are denied.

59. Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments in this paragraph of the Complaint.

60. The allegations in this paragraph of the Complaint are admitted.

61. The allegations in this paragraph of the Complaint are denied.

62. The allegations in this paragraph of the Complaint are denied.

63. The allegations in this paragraph of the Complaint make legal arguments and state conclusions of law, to which no answer is required. To the extent that an answer is required, they are denied.

64. The allegations in this paragraph of the Complaint are denied.

65. The allegations in this paragraph of the Complaint are admitted.

66. Admitted that Mr. Coons appeared and testified regarding House Bill #29.

67. The allegations in this paragraph of the Complaint are denied.

68. The allegations in this paragraph of the Complaint are denied.

69. The allegations in this paragraph of the Complaint are denied.

70. The allegations in this paragraph of the Complaint are denied.

71. Admitted based on information and belief.

72. The document speaks for itself.

73. Admitted that Mr. Freebery's employment with New Castle County ended on April 6, 2005. The remaining allegations in this paragraph of the Complaint are denied.

74. The allegations in this paragraph of the Complaint are denied.

75. The allegations in this paragraph of the Complaint are denied.

76. The allegations in this paragraph of the Complaint are denied.

77. The allegations in this paragraph of the Complaint are denied.

78. The allegations in this paragraph of the Complaint are denied.

79. The allegations in this paragraph of the Complaint are denied.

80. The allegations in this paragraph of the Complaint are denied.

81. The allegations in this paragraph of the Complaint are denied.

82. The allegations in this paragraph of the Complaint are denied.

83. The allegations in this paragraph of the Complaint are denied.

84. The allegations in this paragraph of the Complaint are denied.

85. The allegations in this paragraph of the Complaint are denied.

86. The allegations in this paragraph of the Complaint are denied.

87. The allegations in this paragraph of the Complaint are denied.

88. The allegations in this paragraph of the Complaint are denied.

89. The allegations in this paragraph of the Complaint are denied.

90. The allegations in this paragraph of the Complaint are denied.

91. Defendants incorporate their answers to paragraphs 1-91 as if fully restated herein.

92. Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments in this paragraph of the Complaint.

93. Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments in this paragraph of the Complaint. However, it is denied that there were any representations to which Plaintiff could have relied upon.

94. The allegations in this paragraph of the Complaint are denied.

95. The allegations in this paragraph of the Complaint are denied.

96. The allegations in this paragraph of the Complaint are denied.

97. The allegations in this paragraph of the Complaint are denied.

98. The allegations in this paragraph of the Complaint are denied.

99. The allegations in this paragraph of the Complaint are denied.

100. The allegations in this paragraph of the Complaint are denied.

101. The allegations in this paragraph of the Complaint are denied.

102. The allegations in this paragraph of the Complaint are denied.

103. Defendants incorporate their answers to paragraphs 1 - 102 as if fully restated herein.

104. The allegations in this paragraph of the Complaint are denied.

105. The allegations in this paragraph of the Complaint are denied.

106. The allegations in this paragraph of the Complaint are denied.

107. The allegations in this paragraph of the Complaint are denied.

108. The allegations in this paragraph of the Complaint are denied.

109. The allegations in this paragraph of the Complaint are denied.

110. The allegations in this paragraph of the Complaint are denied.

111. The allegations in this paragraph of the Complaint are denied.

112. The allegations in this paragraph of the Complaint are denied.

113. The allegations in this paragraph of the Complaint are denied.

114. The allegations in this paragraph of the Complaint are denied.

115. Defendants incorporate their answers to paragraphs 1 - 114 as if fully restated herein.

116. The allegations in this paragraph of the Complaint are denied.

117. The allegations in this paragraph of the Complaint make legal arguments and state conclusions of law, to which no answer is required. To the extent that an answer is required, they are denied.

118. The allegations in this paragraph of the Complaint are denied.

119. The allegations in this paragraph of the Complaint are denied.

120. The allegations in this paragraph of the Complaint are denied.

121. The allegations in this paragraph of the Complaint are denied.

122. The allegations in this paragraph of the Complaint are denied.

123. The allegations in this paragraph of the Complaint are denied.

124. The allegations in this paragraph of the Complaint are denied.

125. The allegations in this paragraph of the Complaint are denied.

126. The allegations in this paragraph of the Complaint are denied.

127. The allegations in this paragraph of the Complaint are denied.

128. Defendants incorporate their answers to paragraphs 1 - 127 as if fully restated herein.

129. The allegations in this paragraph of the Complaint are denied.

130. The allegations in this paragraph of the Complaint are denied.

131. The allegations in this paragraph of the Complaint are denied.

132. The allegations in this paragraph of the Complaint are denied.

133. The allegations in this paragraph of the Complaint are denied.

134. The allegations in this paragraph of the Complaint are denied.

135. The allegations in this paragraph of the Complaint are denied.

136. The allegations in this paragraph of the Complaint are denied.

137. Defendants incorporate their answers to paragraphs 1 - 136 as if fully restated herein.

138. Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining averments in this paragraph of the Complaint.

139. The allegations in this paragraph of the Complaint are denied.

140. The allegations in this paragraph of the Complaint are denied.

141. The allegations in this paragraph of the Complaint are denied.

142. The allegations in this paragraph of the Complaint are denied.

143. The allegations in this paragraph of the Complaint are denied.

144. The allegations in this paragraph of the Complaint are denied.

145. Defendants incorporate their answers to paragraphs 1 - 144 as if fully restated herein.

146. Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments in this paragraph of the Complaint. However, it is denied that there were any representations to which Plaintiff could have relied upon.

147. Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments in this paragraph of the Complaint.

148. The allegations in this paragraph of the Complaint are denied.

149. The allegations in this paragraph of the Complaint are denied.

150. The allegations in this paragraph of the Complaint are denied.

151. Defendants incorporate their answers to paragraphs 1 - 150 as if fully restated herein.

152. The allegations in this paragraph of the Complaint make legal arguments and state conclusions of law, to which no answer is required. To the extent that an answer is required, they are denied.

153. The allegations in this paragraph of the Complaint are denied.

154. The allegations in this paragraph of the Complaint are denied.

155. Defendants incorporate their answers to paragraphs 1 - 154 as if fully restated herein.

156. The allegations in this paragraph of the Complaint are denied.

157. The allegations in this paragraph of the Complaint are denied.

158. The allegations in this paragraph of the Complaint are denied.

159. The allegations in this paragraph of the Complaint are denied.

160. Defendants incorporate their answers to paragraphs 1 - 159 as if fully restated herein.

161. The allegations in this paragraph of the Complaint are denied.

162. The allegations in this paragraph of the Complaint are denied.

163. The allegations in this paragraph of the Complaint are denied.

164. Defendants incorporate their answers to paragraphs 1 - 163 as if fully restated herein.

165. The allegations in this paragraph of the Complaint are denied.

166. The allegations in this paragraph of the Complaint are denied.

167. The allegations in this paragraph of the Complaint are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole, or in part, by his failure to mitigate his damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Due Process claims must be dismissed since Plaintiff received proper notice and opportunity prior to any deprivation.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for civil conspiracy must be dismissed because he has failed to identify any alleged conspirators.

### SIXTH AFFIRMATIVE DEFENSE

Defendants are immune from liability under the Noerr-Pennington Doctrine.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs claims are barred by the Public Official Rule.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants are entitled to absolute and/or qualified immunity.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's tort claims are barred pursuant to 10 Del. C. § 4011

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or part, because at all times Defendants made a good faith effort to comply with the applicable law and acted lawfully and with legitimate, and non retaliatory business reasons.

## ELEVENTH AFFIRMATIVE DEFENSE

There is no private right of action under Section 26.01.18.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred against New Castle County because it has no respondeat superior liability with respect to any of the alleged discriminatory and or wrongful acts alleged.

## THIRTEENTH AFFIRMATIVE DEFENSE

New Castle County and Mr. Coons, in his official capacity, are immune from liability for punitive damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against John and Jane Does must be dismissed since they fail to state claims upon which relief can be granted.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff had no property right in his employment with New Castle County.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred against New Castle County and Mr. Coons, in his official capacity, because there is no policy or custom of any wrongful or illegal act.

**WHEREFORE**, Defendants respectfully request that this Court dismiss the Complaint with prejudice, enter judgment in Defendants' favor and award Defendants their costs and attorneys' fees, and such other relief as this Court may deem proper and appropriate.

**RICHARD R. WIER, JR., P.A.**

__/s/ Richard R. Wier, Jr.__
Richard R. Wier, Jr. (#716)
Daniel W. Scialpi (#4146)
1220 Market St., Suite 600
Wilmington, DE 19801
(302)888-3222
Rwier@wierlaw.com

Gregg E. Wilson (#85)
New Castle County Law Department
87 Reads Way
Wilmington, DE 19720
(302)395-5130

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH J. FREEBERY, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | C.A. No. 05-748 GMS |
| : | |
| CHRISTOPHER COONS, in his official : | JURY TRIAL DEMANDED |
| capacity as County Executive of New : | |
| Castle County and in his individual capacity; : | |
| and NEW CASTLE COUNTY, a municipal : | |
| corporation; and JOHN DOES 1-25 : | |
| : | |
| Defendants. : | |

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2005, I electronically filed the attached document with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Barbara H. Stratton, Esq.
KNEPPER & STRATTON
1228 N. King Street
Wilmington, DE 19801

and that I sent an extra copy by first class mail to:

Joseph F. Lawless, Esq.
6 Harvey Lane
Newtown Square, PA 19083

                                              **RICHARD R. WIER, JR., P.A.**

                                              /s/ Daniel W. Scialpi
                                              Richard R. Wier, Jr. (#716)
                                              Daniel W. Scialpi (#4146)
                                              1220 Market St., Suite 600

Wilmington, DE 19801
(302)888-3222
Rwier@wierlaw.com