UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH J. FREEBERY,<br><br>      Plaintiff,<br><br>      v.<br><br>CHRISTOPHER COONS, in his official capacity<br>as County Executive of New Castle County<br>and NEW CASTLE COUNTY, a municipal<br>corporation; and JANE AND JOHN DOES 1-25<br><br>      Defendants. | )<br>)  C. A. No. 05-748-GMS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISQUALIFY JOSEPH F. LAWLESS AND OPPOSE HIS ADMISSION *PRO HAC VICE***

                                                  Gregg E. Wilson, County Attorney
                                                  Delaware Bar I.D. No. 85
                                                  Michele D. Allen, Assistant County Attorney
                                                  Delaware Bar I.D. No. 4359
                                                  New Castle County Law Department
                                                  87 Reads Way
                                                  Wilmington, Delaware 19720
                                                  (302) 395-5130
                                                  *Attorney for Defendants, Christopher Coons, in his official capacity as County Executive of New Castle County and New Castle County, a municipal corporation; and Jane and John Does 1-25*

DATED: December 8, 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH J. FREEBERY,<br><br>      Plaintiff,<br><br>      v.<br><br>CHRISTOPHER COONS, in his official capacity as County Executive of New Castle County and NEW CASTLE COUNTY, a municipal corporation; and JANE AND JOHN DOES 1-25<br><br>      Defendants. | )<br>)  C. A. No. 05-748-GMS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISQUALIFY JOSEPH F. LAWLESS AND OPPOSE HIS ADMISSION *PRO HAC VICE***

          Gregg E. Wilson, County Attorney
          Delaware Bar I.D. No. 85
          New Castle County Law Department
          87 Reads Way
          Wilmington, Delaware 19720
          (302) 395-5130
          *Attorney for Defendants, Christopher Coons, in his official capacity as County Executive of New Castle County and New Castle County, a municipal corporation; and Jane and John Does 1-25*

DATED: December 8, 2005

**TABLE OF CONTENTS**

**PAGE**

Table of Citations..................................................................................................ii

Nature and Stage of Proceedings .........................................................................1

Summary of Argument ........................................................................................2

Statement of the Facts..........................................................................................3

Argument .............................................................................................................4

I.     Defendant, New Castle County has Standing to Seek the Disqualification of Plaintiff's Attorney....................................................................................4

     A.     The County Should Be Considered a Client of Lawless in the *Maloney* Case for Conflict Purposes...............................................................4

     B.     Alternatively, if the County is not Considered a Client of Lawless For Purposes of Conflict Lawless Must be Disqualified Because His Concurrent Representation Adversely Affects the Fair and Efficient Administration of Justice .....................................................6

          1.     Lawless' Concurrent Representation of both Ms. Freebery in the *Maloney* Case and Plaintiff in the Instant Case Poses a Conflict Of Interest Which Should Disqualify Him from Representing Plaintiff ............................................................................................6

          2.     The County's Payment of Lawless' Legal Fees in the *Maloney* Case Presents a Potential Violation of ABA Model Rule 1.8........................................................................................... 8

          3.     Concurrent Representation of Plaintiff in the Instant Case and Ms. Freebery in the *Maloney* Case Could Result in a Violation of ABA Model Rule 1.6.........................................................9

II.    The Conflict of Interest Presented in the Instant Case Should Not be Waived ...........................................................................................................10

Conclusion ...........................................................................................................11

# TABLE OF CITATIONS

| CASES | PAGE |
|---|---|
| *Elonex I.P. Holdings, Ltd. v. Apple Computer, Inc.*<br>142 F.Supp. 2d 579 (D.Del. 2001) | 6 |
| *Maloney and Rendina v. Gordon, Freebery and New Castle County,*<br>C.A. No. 03-999-KAJ (U.S.D.C. DE) | 2, 3, 4, 5, 6, 7, 9, 10 |
| *Nemours Foundation v. Gilbane, Aetna, Federal Insurance Company*<br>632 F.Supp. 418, 422-425 (1986) | 4, 5 |
| *United States v. Gordon,*<br>334 F.Supp. 2d 581, 594 (D.Del 2004) | 8 |
| *United States v. Kossak*<br>275 F. Supp. 2d 525, 531 (D.Del. 2003) | 6 |
| *United States v. Moscony,*<br>927 F.2d 742 (3d Cir. 1991) | 8, 10 |

**STATUTES AND AUTHORITIES**

| | |
|---|---|
| 42 U.S.C. §1983 | 1, 3 |
| ABA Model Rules of Professional Conduct 1.6 | 6, 8, 9 |
| ABA Model Rules of Professional Conduct 1.7 | 5, 6, 7 |
| ABA Model Rules of Professional Conduct 1.8 | 6, 8, 9, 10 |

## **NATURE AND STAGE OF PROCEEDINGS**

The Complaint in the instant case was filed on October 26, 2005 by Joseph J. Freebery against New Castle County and Christopher Coons in his official and individual capacity and twenty five John and Jane Does. Plaintiff alleges Defendants' actions violated Plaintiff's constitutional rights secured under the First, Fifth, Ninth and Fourteenth Amendments to the United States Constitution, 42 U.S.C § 1983. More specifically, Plaintiff claims that he had a protected property interest in his employment with New Castle County and that his property interest was taken without due process of law because of his political and familial association and the exercise of his right to free speech.

On October 27, 2005 Plaintiff filed a motion for the admission *pro hac vice* of Joseph F. Lawless. Once the Defendants received the motion they intended to oppose the admission of Mr. Lawless. Unfortunately, the motion was signed on October 28, 2005 prior to the filing of Defendants' motion to oppose and disqualify Mr. Lawless on November 10, 2005.

At the request of Mr. Lawless the Defendants agreed to extend the time for him to file a response. The enlargement of time was granted on November 8, 2005. A response to Defendants' Motion to Disqualify Joseph F. Lawless and Oppose His Admission *Pro Hac Vice* was filed on December 1, 2005. This is Defendants' reply.

## SUMMARY OF ARGUMENT

Joseph F. Lawless should be disqualified from representing the Plaintiff in the instant case due to a conflict of interest. New Castle County has standing to raise the issue of disqualification as a client of Lawless. In the event that the County is not considered a client of Lawless for the purposes of conflict it otherwise has standing because it would be prejudiced by the conflict of interest Lawless has in representing Plaintiff in the instant case and Ms. Freebery in *Maloney and Rendina v. Gordon, Freebery and New Castle County,* C.A. No. 03-999-KAJ. The two cases are substantially related in that they both involve allegations of wrongful termination in retaliation for exercising Constitutional rights. There is likely to be overlapping witnesses and document production in the two cases. The waiver of conflict in these cases should be rejected. Furthermore, as a client of Lawless the County does not consent to a waiver of the conflict. For these reasons Lawless should be disqualified from representing Plaintiff in the instant case.

## **STATEMENT OF FACTS**

Plaintiff brought suit against Defendants Christopher Coons (hereinafter Coons), New Castle County (hereinafter County) and 25 unnamed Jane and John Does alleging that Defendants' actions violated Plaintiff's constitutional rights secured under the First, Fifth, Ninth and Fourteenth Amendments to the United States Constitution, 42 U.S.C § 1983. More specifically, Plaintiff claims that he had a protected property interest in his employment with New Castle County and that his property interest was taken without due process of law because of his political and familial association and the exercise of his right to free speech.

Joseph F. Lawless (hereinafter Lawless) is currently retained by New Castle County and represents Plaintiff's sister, Sherry L. Freebery, former Chief Administrative Officer of New Castle County, in her individual capacity in the case of *Maloney and Rendina v. Gordon, Freebery and New Castle County,* C.A. No. 03-999-KAJ (hereinafter *Maloney*). The two cases will presumptively include overlapping witnesses and document production as both cases allege wrongful termination in retaliation for the exercise of the right to free speech. In the instant case, Lawless represents the Plaintiff against the County and the County Executive as well as twenty five (25) John and Jane Does, while in the *Maloney* case Lawless is retained by the County to represent Ms. Freebery in her individual capacity as a named defendant.

## ARGUMENT

I. **DEFENDANT, NEW CASTLE COUNTY HAS STANDING TO SEEK THE DISQUALIFICATION OF PLAINTIFF'S ATTORNEY.**

    A. **The County Should Be Considered a Client of Lawless in the *Maloney* Case For Conflict Purposes.**

As stated in the County's initial motion the County should be considered a client of Lawless in the *Maloney* case for the purpose of determining a conflict. *See Nemours Foundation v. Gilbane, Aenta, Federal Insurance Company,* 632 F. Supp. 418, 422-425 (Attorney represented defendant in a case and later went to work for a firm that represented plaintiff in the same case. Upon co-defendant's motion to disqualify, the Court considered co-defendant to be a client of the attorney. The attorney was disqualified, based upon the circumstances that the two defendants shared a commonality of interest in litigating the case). In the *Maloney* litigation, the County and Ms. Freebery share a "commonality of interest" in showing that there was no constructive termination of the plaintiffs for retaliatory reasons. A united defense is beneficial to all parties. It is in the County's interest as well as Ms. Freebery's to show that she did nothing wrong and acted within the scope of her duties. However, in order to facilitate this defense the parties will have to work together in sharing work product and confidential information.

Lawless argues that the County should not be considered a client of his in the *Maloney* case because there has not been an exchange of confidential information. This argument too narrowly construes the holding in *Nemours*. The *Maloney* case has been stayed since July 27, 2004. Prior to the stay being issued there was limited opportunity for the parties to work together towards the common defense. Due to the fact that the case has yet to proceed through discovery it is fathomable that the parties have not participated in the actual exchange of confidential documents. Lawless fails to realize that once the stay is lifted there will be an

4

opportunity to work jointly. Although there is currently no joint defense agreement one is not precluded in the future. However, if Lawless continues his adverse action against the County in the instant case the County will be forced to limit its involvement with him in the *Maloney* case. The County will be unable to openly share and make available witnesses that are County employees in fear that the information sought may be used against the County in the instant case. This adversarial relationship will directly affect Ms. Freebery's defense and the defense of the County in so far as the County may be liable for the acts of Ms. Freebery in her official capacity. Comment 8 to ABA Model Rule 1.7 states: "[e]ven where there is no direct adverseness, a conflict of interest exists if there is a significant risk that a lawyer's ability to consider, recommend or carry out an appropriate course of action for the client will be materially limited as a result of the lawyer's other responsibilities or interests." His concurrent representation would put him in direct violation of ABA Model Rule 1.7.

      Lawless further contends that there is no commonality of interest in resolving this case because the County made an attempt to settle the case when Ms. Freebery contests liability. The mere fact that the County has considered settlement does not mean there is a lack of interest towards the same goal. The mere possibility of a settlement in this case or any other has no effect on the conflict analysis. Although the county does not have an express attorney-client relationship with Lawless in the *Maloney* case it is evident in accordance with the ruling in *Nemours* that at a minimum the County has an "implied professional relation[ship]" with Lawless. *See Nemours,* 632 F. Supp. at 424. Consequently, it is clear that Lawless owes the County the same professional duty as he does to Ms. Freebery and he therefore must be precluded from representing the Plaintiff in the instant case.

**B.    Alternatively, If The County Is Not Considered A Client Of Lawless For Purposes Of Conflict Lawless Must Still Be Disqualified Because His Concurrent Representation Adversely Affects The Fair And Efficient Administration Of Justice.**

Assuming arguendo and the Court concludes that the County is not a client of Lawless in the *Maloney* case the County still has standing to seek the disqualification of Lawless. A non-client litigant may seek disqualification of an attorney upon a showing of ". . . misconduct which taints the proceeding, thereby obstructing the orderly administration of justice,. . .". *United States v. Kossak,* 275 F. Supp 2d 525, 531 (D.Del. 2003). Lawless' concurrent representation of Plaintiff and Ms. Freebery poses a conflict of interest as it would potentially violate ABA Model Rules 1.6, 1.7 and 1.8

    **1.    Lawless' Concurrent Representation of both Ms. Freebery in the *Maloney* Case and Plaintiff in the Instant Case Poses a Conflict of Interest Which Should Disqualify Him From Representing Plaintiff.**

ABA Model Rule 1.7 states, in pertinent part, that;

> "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: (1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or a personal interest of the lawyer" . . .

ABA Model Rule 1.7(b). Lawless relies on the decision in *Elonex I.P. Holdings, Ltd. v. Apple Computer, Inc.* 142 F. Supp.2d 579 (D.Del. 2001) to support the fact that he should not be disqualified. The attorney in *Elonex* was not disqualified, but the case is complexly distinguishable from the instant case. The attorney in *Elonex* was merely serving as local counsel in another state and another office on an unrelated matter. In contrast, Lawless is serving as lead counsel in the *Maloney* case as well as in the instant case. The cases are

substantially related and confidential information is likely to pass if Lawless is allowed to represent both Plaintiff and Ms. Freebery.

The *Maloney* case is a case in which two prior County employees claim that Ms. Freebery and Thomas Gordon retaliated against them by constructively discharging them for cooperating with the United States Attorney's Office. Plaintiff in the instant case claims to have been terminated from his employment in retaliation for exercising his Constitutional rights. It is undisputed that the two cases involve the termination of different employees by different administrations. However, Lawless fails to realize that both cases deal with termination for retaliatory reasons. Clearly, there will be overlapping witnesses and document production in the two cases. For example, it is likely that both cases will include both current and former employees of the New Castle County Human Resources Office. Furthermore, the instant complaint is also filed against twenty five John and Jane Does. It is possible that some of the Does will be County employees that may also be witnesses in the *Maloney* case thereby causing Lawless to interview and cross-examine potentially the same people. Therefore, a witness in the *Maloney* case may be reluctant to cooperate with the attorney who is suing then in the instant case. This would greatly interfere with the administration of justice by hindering the defense of Ms. Freebery and the County in so far as the County may be liable for the acts of Ms. Freebery in her official capacity.

Comment 6 to ABA Model Rule 1.7 states: "a directly adverse conflict may arise when a lawyer is required to cross-examine a client who appears as a witness in a lawsuit involving another client, as when the testimony will be damaging to the client who is represented in the lawsuit." Lawless states that if Ms. Freebery is called as a witness in the instant case it would be unnecessarily. However, Lawless fails to appreciate the fact that Ms. Freebery was the Chief

Administrative Officer and therefore supervised the Plaintiff during a large portion of the time referenced in the Complaint. Additionally, it is almost certain that Ms. Freebery will be called as a witness in the instant case as she is one of the authors of a memorandum which Plaintiff cites in the complaint to support his claim that he had a protected property interest in his employment with the County. (attached hereto as Exhibit 1). Lawless' cross-examination of his current client, Ms. Freebery, would pose a direct conflict. "Conflicts of interest arise whenever an attorney's loyalties are divided and an attorney who cross-examines former clients inherently encounters divided loyalties." *United States v. Gordon,* 334 F.Supp. 2d 581, 594 (D.Del)(2004) *citing United States v. Moscony,* 927 F.2d 742 (3d Cir. 1991). Therefore, based upon the fact that there is strong likelihood that Ms. Freebery will be a witness in the instant case, it is prudent to avoid any conflict of interest and immediately disqualify Lawless from representing the Plaintiff in the instant suit.

    2.    **The County's Payment of Lawless' Legal Fees in the *Maloney* Case Presents a Potential Violation of ABA Model Rule 1.8.**

The County does not dispute that it entered into an engagement letter with Lawless and agreed to pay the legal fees of Ms. Freebery. Furthermore, the County does not argue that the payment of the legal fees makes it the client. However, the County does maintain that the payment of those fees may lead to violation of ABA Model Rule 1.8(f) which states: "a lawyer shall not accept compensation for representing a client from one other than the client unless: (1) the client gives informed consent; (2) there is no interference with the lawyer's independence of professional judgment or with the client-lawyer relationship; and (3) information relating to representation of a client is protected as required by Rule 1.6." Lawless' own interest in the fee arrangement with the County could substantially limit his representation of Ms. Freebery.

8

The adversarial relationship that will be created if Lawless is permitted to remain counsel for Plaintiff could interfere with his professional judgment in representing Ms. Freebery for the reasons stated *supra*. Lawless should be disqualified from representing Plaintiff in the instant case to protect the interest of Ms. Freebery and avoid the potential violation of ABA Model Rule 1.8(f).

### 3. Concurrent Representation of Plaintiff in the Instant Case and Ms. Freebery in the *Maloney* Case Could Result in a Violation of ABA Model Rule 1.6.

The County has a right to expect that any confidential information which has been disclosed or will be disclosed will not be used to its detriment in the future. Lawless is prohibited from disclosing any information obtained during his representation of Ms. Freebery in accordance with ABA Model Rule 1.6 which states, in pertinent part, that, "A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation . . . ." Comment 3 to the rule states: "the confidentiality rule, . . . , applies not only to matters communicated in confidence by the client but also to all information relating to the representation, whatever its source." Comment 3 ABA Model Rule 1.6. This includes any information Lawless learned or learns as a result of his representation, including information obtained during interviews. As stated *supra* it is presumed that there will be overlapping documents and witnesses in the two cases. Lawless incorrectly concludes that the County's concern regarding confidential information is with Ms. Freebery's knowledge. The concern is that Lawless will be privy to confidential information while representing Ms. Freebery in the *Maloney* case and may use that information against the County in the instant case.

There is a potential for a violation of ABA Model Rule 1.8(b) whenever Lawless uses or discloses information he learned from the County to the potential disadvantage of the County. In order for Lawless to comply with his ethical obligation he would have to mentally juggle each fact to determine whether he gained that information through his representation of the County and Ms. Freebery or through Plaintiff. He would have to continually make sure that the facts learned in one case were not used in the other case. The difficulty in keeping the two cases separate has already presented itself in the initial filing of the Motion for Admission *Pro Hac Vice*. The original motion erroneously contained the caption in the *Maloney* case. (Attached as Exhibit 2). This poses a significant risk of materially limiting the representation of both Ms. Freebery, Plaintiff and the County.

## II.   THE CONFLICT OF INTEREST PRESENTED IN THE INSTANT CASE SHOULD NOT BE WAIVED.

A trial Court may reject a waiver of conflict by a client and disqualify an attorney when there is an actual conflict or "a showing of a serious potential for conflict." *United States v. Moscony*, 927 F.2d 742 (3d Cir.1991) *citing Wheat v. United States*, 486 U.S. 153, 164 (1988). ABA Model Rules 1.6, 1.7 and 1.8 may be waived upon the informed consent of the client. However, as stated *supra*, for purposes of determining whether a conflict exists the County would be considered a client of Lawless. The County does not waive any conflict of interest and does not consent to the representation of Plaintiff by Lawless.

Assuming *arguendo* that the County is not considered a client for waiver purposes, the Court should still disqualify Lawless from representing Plaintiff based upon the fact that the County has shown that there is an actual conflict or, at a minimum, a serious potential for conflict. Therefore, a waiver would be impermissible.

## Conclusion

For the foregoing reasons, Lawless should be disqualified from representing Plaintiff in the instant case.

                                                        Respectfully submitted,

                                                        /s/ *Gregg E. Wilson*
                                                   GREGG E. WILSON, County Attorney
                                                   Delaware Bar I.D. No. 2585
                                                   New Castle County Law Department
                                                   87 Reads Way, Wilmington, Delaware 19720
                                                   Telephone: (302) 395-5130
                                                   *Attorney for Defendants, Christopher Coons, in his official capacity as County Executive of New Castle County and New Castle County, a municipal corporation; and Jane and John Does 1-25*

Dated: December 8, 2005

## CERTIFICATE OF SERVICE

I, Gregg E. Wilson, Esq., hereby certify that on the 8th day of December I electronically filed the foregoing Defendants' Reply Brief in Support of Their Motion to Disqualify Joseph F. Lawless and Oppose His Admission *Pro Hac Vice* with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

>Barbara H. Stratton, Esquire
>Knepper & Stratton
>P.O. Box 1795
>1228 North King Street
>Wilmington, DE 19801

I, Gregg E. Wilson, Esq., hereby certify that on the 8th day of December I caused two (2) copies of the foregoing Defendants' Motion to Disqualify Joseph F. Lawless and Oppose His Admission *Pro Hac Vice* to be served via U.S. Mail postage prepaid to counsel as follows:

>Joseph F. Lawless, Esquire
>6 Harvey Lane
>Newtown Square, PA  19803

>NEW CASTLE COUNTY – LAW DEPARTMENT

>  /s/   *Gregg E. Wilson*
>Gregg E. Wilson, County Attorney
>Delaware Bar I.D. No. 85
>87 Reads Way
>New Castle, DE 19720
>Telephone: (302)395-5130

DATED: December 8, 2005

**THOMAS P. GORDON**
COUNTY EXECUTIVE



**SHERRY L. FREEBERY**
CHIEF ADMINISTRATIVE OFFICER

EXECUTIVE OFFICE

## MEMORANDUM

TO: ~~[redacted]~~
General Manager, Department of Special Services

FROM: Thomas P. Gordon
County Executive

Sherry L. Freebery
Chief Administrative Officer

RE: **Conditions of Employment**

DATE: November 24, 2003

---

Seven years ago, this administration began an incredible journey to re-invent government. We succeeded! New Castle County Government has become a model of public service due to your hard work, professional excellence, and personal dedication.

Our accomplishments as a team could never have been attained if you, as an experienced County employee, had not stepped up as leader. It took your perseverance, your creativity and your knowledge from years of government service to actually have the courage to change New Castle County.

Lest some forget the promises that were made to you when you accepted the promotion to General Manager, these same promises are hereby re-stated so that you may rely upon them legally. The politically-appointed position of "director" was intentionally deleted from state law as the head of each department. In its place, a merit system title of "General Manager" was used to denote the head of each department.

Of course, someone could change state law, or even without a change, could re-hire political appointees as department directors, as in the days of old. Thus, a political appointee could direct you and your subordinates. We eliminated these costly positions to save money, and to induce you to accept a leadership role in your department, immune from political pressure, and still secure in a merit system position. You accepted your position as general manager based on that understanding.

---

87 READS WAY, NEW CASTLE, DE  19720          1          PHONE: 302-395-5104   FAX: 302-395-5268

# EXHIBIT 1

Today, it is again re-stated. You may rely upon your position as general manager remaining as a merit system position, devoid of political whims and pressures. No threat of termination may affect you, except for just cause, or non-performance. You are entitled to the same job security as all other merit system employees and should fully enjoy your career as a government professional.

This letter is meant to be retained by you, and a copy retained in your personnel file. It is intended that you may legally rely upon the representations in this letter as binding as an employment contract.

If in the future, someone "wants you out" of your position, this government must be prepared to buy you out fully: salary, benefits, and all your time toward pension, and all attendant pension benefits. As with all merit positions, you can not be politically removed. Any attempt to do so would equate to an unlawful discharge, for which you must be fully compensated.

Your contributions to this government will be realized by our citizens for decades into the future. Thank you for agreeing to serve our community by accepting the position of general manager. You are an incredible asset to New Castle County.

SLF:tla

cc:   Personnel File
      Law Department

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LYNDA MALONEY and MARIA
RENDINA,

           Plaintiffs,

v.

THOMAS P. GORDON and SHERRY L.
FREEBERY, both individually and in their
official capacities, and NEW CASTLE
COUNTY, a municipal corporation,
Defendants.

CIVIL ACTION NO. 03-999-KAJ

## CERTIFICATION OF JOSEPH F. LAWLESS, ESQUIRE
## TO BE ADMITTED PRO HAC VICE

Pursuant to Local Rule 83.5, I certify that I am eligible for admission to this Court, am admitted, practicing and in good standing as a member of the Bar of each of the following Courts:

    Supreme Court of the United States

    United States Court of Appeals for the Third Circuit

    United States Court of Appeals for the Sixth Circuit

    United States District Court for the Eastern District of Pennsylvania

    United States Tax Court

    Supreme Court of Pennsylvania

I further certify that I do not reside in Delaware, I am not regularly employed in Delaware, nor am I regularly engaged in business, professional, or other similar activities in Delaware.

# EXHIBIT 2