**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JOSEPH J FREEBERY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CA. No. 05-748-KAJ |
| v. ) | |
| ) | |
| CHIRSTOPHER COONS, in his official capacity as. ) | |
| County Executive of New Castle County and in his ) | |
| Individual capacity; and NEW CASTLE COUNTY, a ) | |
| municipal corporation; and JOHN DOES 1-25 ) | |
| ) | |
| Defendants. ) | |

**PROTECTIVE ORDER FOR THE PRODUCTION
EXCHANGE AND USE OF CONFIDENTIAL INFORMATION**

Considering the nature of this case, and after weighing the presumption in favor of access to court proceedings as well as public records and documents, including judicial records and documents, and considering whether "good cause" exists under Fed.R.Civ.P. 26(c) protect anyone from annoyance, embarrassment, oppression or undue burden or expense, the court specifically finds that certain narrowly tailored categories of documents may be confidential in this particular case. This category does not include facts, testimony or documents relating to the conduct of public officials or entities about which the public has a legitimate right to know, but it does include for other persons: medical records, non-public financial information, and other information as to which there is a legitimate privacy interest.

IT IS HEREBY ORDERED, that, because the parties may be required to produce in this litigation documents which a party believes contains confidential information which, if publicly disclosed, could injure the party producing such information, or third parties, the following procedures shall govern the production and exchange of all documents, interrogatories

-2-

and other information produced, given or exchanged by and among the parties in the course of this action.

1. Counsel for any party, person or entity (hereinafter "Person") subject to discovery in this action may designate any documents or interrogatory answers taken, given or exchanged in the course of pie-trial discovery in this action as "Confidential -Subject to Protective Order" or "Attorney's Eyes Only" (both hereinafter "Confidential") prior to furnishing such materials to other parties or counsel when such person believes in good faith that such document, material or information ("Material") contains or reveals: medical records; non-public financial information; or information for which there is a legitimate privacy interest, which requires the protections provided in this Order. As to public officials, mere embarrassment or public image concerns are insufficient to invoke the protections of this Order, absent a separate and specific ruling by the Court that good cause has been shown as to a specific point of confidential information.

The designation by any Person of any material as Confidential shall constitute a representation that such Material has been reviewed by an attorney for such Person and that, in such counsel's opinion, there is a good faith basis for designation.

2. Any Material designated as Confidential shall be so designated by stamping each page of the same with the legend "Confidential". Inadvertent failure to designate Materials as Confidential at the time of production may be remedied by supplemental written notice. If such notice is given, all Materials or testimony so designated shall be fully subject to this Order from the date such notice is received as if they had been initially designated as Confidential.

3. Any deposition testimony may be designated as Confidential during the deposition by stating orally on the record that certain information or testimony is Confidential.

Any such testimony shall bear the designation of Confidential at the top of each page and be placed separately under seal by the court reporter,

4. Confidential Materials will be used by the receiving party solely for purposes of preparing for and conducting the litigation and any appeal of this action and shall not be used for any other purpose.

5. Confidential Materials shall be used only in connection with this litigation and shall riot he disclosed to any person or entity other than the following:

    i. The parties:

    ii. Counsel for the parties, who have been identified as such to the remaining parties, whether or not such counsel has entered an appearance in the litigation, in-house counsel and attorneys, clerical, paralegal and secretarial staff employed by such counsel who counsel determines in good faith reasonably need access to such materials in the prosecution of this action;

    iii. Investigators, experts, consultants, accountants and specifically retained litigation support personnel assisting counsel in trial or preparation for trial in the litigation provided that any such litigation support personnel, investigator, expert, consultant or accountant is using said information solely in connection with this action; and further provided that any such litigation support personnel, investigator, expert, consultant or accountant signs an undertaking in the form attached hereto, agreeing in writing to be bound by the terms of this Order and consenting to the jurisdiction of this court for purposes of enforcement of the terms of this Order, which undertaking shall be held by counsel to the party retaining such expert, and agrees no to disclose or use such Confidential Discovery Materials for purposes other than those permitted hereunder;

    iv. Witnesses in the litigation testifying by deposition or at hearings o trial;

    v. Stenographers or court reporters recording or transcribing testimony, argument or rulings in the litigation;

    vi. Judges, jurors and court personnel involved in the litigation;

    vii. In-house counsel, attorneys and claims adjusters for any insurance company of the parties defending or indemnifying a party in this action, and the clerics paralegal and secretarial staff, employed by such counsel, who counsel determines in good faith reasonably needs access to such materials in the prosecution of this action.

  Without limiting the foregoing, ills stipulated that the categories listed above include employees and agents of the persons or entities shown therein who reasonable need access to such materials in the prosecution of the action.

  6. Notwithstanding the provisions of paragraph 5, any Attorneys' Eyes Only Material shall not be disclosed to the parties.

  7. If any party seeks to designate something as Confidential which is outside the scope of Confidentiality set forth in ¶ 1 above, if the parties are not able to reach agreement, the parties shall promptly petition the court to resolve the dispute. Pending the court's decision, the Material shall be produced and be treated as Confidential.

  8. If any disputes arise regarding application of this Protective Order to particular Material, the parties shall first seek to resolve the problem among themselves before petitioning the court for relief.

  9. Concerns as to confidentiality shall be addressed at the pretrial conference. If any party wishes to use in open court Material which has been previously treated as Confidential, that party should expressly and with particularity raise the issue at the pretrial conference,

10. Nothing herein shall prevent any Person from seeking further, greater or lesser protection with respect to the use of any Confidential Material in connection with any trial, hearing or other proceeding in this action.

11. Nothing herein shall be construed to affect in any way the rights of any party to object at trial of this action to the admissibility or the authenticity of any document, testimony, or other evidence, including Material designated as Confidential.

12. Nothing herein shall constitute a waiver of any claim of privilege or other protection from discovery. Nothing heroin shall be construed to limit in any way any party's use of its own Confidential Materials. Nothing herein shall (a) operate as an admission by any receiving party that any particular discovery material contains or reflects confidential material, or (b) prejudice in any way the rights of a party to seek court determination of whether materials should be subject to the terms of this Order, or (c) prejudice in any way the rights of a party to seek imposition or removal of a protective order relating to any discovery in the litigation not covered by this protective order, or (d) prejudice in any way the rights of a party to apply to the court for an order compelling production of documents.

13. By entering this Order and limiting the disclosure of information in this case, the court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated "Confidential" pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

IT IS SO ORDERED this      day of              , 2006.

-6-

-6-