KNEPPER & STRATTON
*ATTORNEYS AT LAW*
1228 NORTH KING STREET
WILMINGTON, DELAWARE 19801

E. MARTIN KNEPPER*
BARBARA H. STRATTON*

TELEPHONE: (302) 658-1717
(302) 652-7717
DOVER: (302) 736-5500

*Admitted IN DE & PA
Fed. I.D.# 51-0340523

FAX: (302) 658-0631

July 6, 2006

The Honorable Kent A. Jordan
United States District Court
for the District of Delaware
The Honorable Gregory M. Sleet
844 King Street, Room 4209
Lock Box 10
Wilmington, DE 19801

**VIA E-FILING & HAND DELIVERY**

RE:  JOSEPH FREEBERY V. CHRISTOPHER COONS, ET AL.
     C.A. No.: 05-748 KAJ

Dear Judge Jordan:

This letter is written pursuant to ¶ 3 (e) of the Court's February 1, 2006 Scheduling Order regarding discovery disputes. Accompanying this letter are copies of Defendants' Responses to Plaintiff's Request for Production of Documents (addressed to NCCo), attached hereto as Exhibit "A", and Defendant's Answers to Plaintiff's First Set of Interrogatories (addressed to Christopher Coons), attached hereto as Exhibit "B".

On March 30, 2006, plaintiff served his First Request for Production of Documents on defendant New Castle County ("Request for Production"). On April 11, 2006, plaintiff served his First Set of Interrogatories on defendant Coons ("Interrogatories"). On or about April 14th, defendants requested and plaintiff agreed to an enlargement of time to respond so that both sets of responses could be served on the due date for the interrogatory responses. Defendants' discovery responses were served on May 17, 2006.

Plaintiff's Request for Production to NCCo sought 24 documents/categories of documents. Defendants produced plaintiff's personnel file, pension information and one report in response thereto. NCCo objected to 15 of the remaining 22 requests with the boilerplate objection of ". . . overly burdensome, irrelevant and not likely to lead to the discovery of admissible evidence." *See* NCCo Response to Request for Production ("Document Response") at ¶¶ 3, 4, 5, 7-12, 16, 17-21, 24. In response to Requests 18-20, NCCo added an objection on the grounds of the *Noerr-Pennington* doctrine. NCCo objected to Request 22 on the grounds of attorney-client privilege and work product doctrine.

**KNEPPER & STRATTON**
July 6, 2006
Page 2

Plaintiff posed 13 interrogatories to Defendant Coons. Coons objected to 7 of the 13 interrogatories as ". . . not likely to lead to the discovery of admissible evidence, since liability cannot be based on any such proposal, support or discussion" under the *Noerr-Pennington* doctrine, further objecting as ". . . vague, harassing, unduly burdensome" and/or calling for attorney/client privileged communications. *See* Interrogatories 1, 2, 4, 5, 6, 7, 8. In Interrogatories 12 & 13, Coons was requested to state all facts in support of any defenses and to identify all witnesses he intended to call in support of his defenses. Even though plaintiff's complaint was filed and served on October 25, 2005, Coons refused to identify any witnesses or state any facts, objecting on the grounds that the interrogatory was "unduly burdensome" and/or "premature", further asserting that "Testifying witnesses will be identified in accordance with the Court's Rules and Scheduling Order." *See* Interrogatories 12-13.

Counsel for the parties attempted to resolve this dispute amicably via an exchange of correspondence but were unable to do so.

In keeping with the Court's directive that the parties limit this presentation to a general statement of their positions, it is plaintiff's position that the defendant's boilerplate objections run afoul of the Federal Rules of Civil Procedure and the Third Circuit cases interpreting those rules, which accord pretrial discovery broad and liberal treatment. Federal Rule of Evidence 401 defines relevant evidence as "evidence having any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence". Thus, the Federal Rules have established a liberal system of discovery "meant to insure that no relevant fact remains hidden." Relevance as a concept is also broadly construed and determined in relation to the facts and circumstances of each case. Discovery requests are deemed relevant if there is *any* possibility that the information may be relevant to the general subject matter of the action, hence the broad and liberal construction referred to above. The party opposing discovery always remains free to make any pertinent objection at trial.

Under the case law, the mere statement by a party that discovery sought is overly broad, burdensome, oppressive, vague or irrelevant "is not adequate to voice a successful objection." A showing of *how* each interrogatory or request for admission or request for production is not relevant or how each question is overly broad, burdensome, vague or oppressive is required. Where a party contends that discovery sought causes an undue burden, they must demonstrate specifically how each item of discovery is objectionable by "offering evidence revealing the nature of the burden." Otherwise, such an objection is an invalid basis upon which to refrain from fully responding to a discovery request. As best plaintiff can tell, the "burden" involved in producing virtually all of what plaintiff has requested in terms of documents thus far, consists of walking to a file drawer and pulling a document or printing out hard copy from a computer.

Defendants objected to Plaintiff's First Set of Interrogatories Nos. 1, 2, 4, 5, 6, 7 and 8, and Defendant NCCo objected to Plaintiffs' First Request for Production Nos. 18, 19 & 20 on the basis of *Noerr-Pennington*, arguing that those inquiries seek "irrelevant information which is

**KNEPPER & STRATTON**
July 6, 2006
Page 3

not likely to lead to the discovery of admissible evidence, since liability cannot be based upon any such action" under *Noerr-Pennington*. It is clear from *Noerr-Pennington* and its progeny that the doctrine is a defense to liability, *not* an absolute bar to trial and there is no authority for the proposition that the assertion of that defense may act as a bar to discovery. In fact, discovery is permitted and, indeed, required when, as here, that defense is raised, to permit the parties to flesh out whether the defense has any basis or any of the exceptions thereto apply. Further, the Supreme Court specifically stated in *Pennington* that ". . .evidence which for some reason is barred from forming the basis for a suit may nevertheless be introduced *if it tends reasonably to show the purpose and character of the particular transaction under scrutiny*". *U.M.W. v. Pennington, et al.*, 381 U.S. 657, 670, n. 3 (1965) (emphasis added) (citing a number of other Supreme Court cases). Most of Defendants' *Noerr-Pennington* objections are coupled with the more generic ". . . overly broad, burdensome, oppressive, vague or irrelevant" objection, the theory being, we assume, that they are so *because* of *Noerr-Pennington*. Standing either alone or together, the defendants' objections on the grounds of *Noerr-Pennington* are also meritless and do not permit defendants to withhold discovery.

Finally, defendants object to three inquires as protected by attorney-client privilege and/or the work product doctrine. The manner in which the objection is asserted fails to comply with the rules regarding such an objection. Additionally, Interrogatories 2 and 4 request the identity of an individual(s) and do not seek any information even arguably within the scope of either the attorney-client privilege or the work-product doctrine. Similarly, neither privilege applies to Request for Production No. 18. The objections interposed on the basis of the work product doctrine or the attorney-client privileges are baseless.

In short, it is plaintiff's position that defendant has asserted boilerplate and/or makeweight objections to inhibit discovery. Should the Court deem it appropriate, plaintiff would welcome the opportunity to provide a detailed legal analysis as to why each request is appropriate and why each objection should be overruled and discovery provided.

Respectfully,

/s/ Barbara H. Stratton
Barbara H. Stratton
Joseph F. Lawless

BHS/dd
Enclosures
cc:   Gregg E. Wilson, Esquire (Via E-file & U.S. Mail)
      Richard R. Wier, Jr., Esquire (Via E-file & U.S. Mail)
      Joseph Freebery (U.S. Mail)