**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH J. FREEBERY, | : |
| Plaintiff, | : |
| v. | :    C.A. No. 05-748 GMS |
| CHRISTOPHER COONS, in his official capacity as County Executive of New Castle County and NEW CASTLE COUNTY, a municipal corporation; and JANE AND JOHN DOES 1-25 | :    JURY TRIAL DEMANDED |
| Defendants. | : |

## DEFENDANTS' RESPONSES TO PLAINTIFF'S REQUEST FOR THE PRODUCTION OF DOCUMENTS

Now come Defendants who respond to Plaintiff's Request for the Production of Documents as follows:

### GENERAL OBJECTIONS

A. Defendants object to Plaintiff's definitions and instructions on the grounds that they are overly broad, vague, unduly burdensome and harassing. Defendants shall not be bound by same.

B. Defendants object to Plaintiff's definitions and instruction that seeks to impose any obligations on them beyond those imposed by the rules of this Court.

### RESPONSES

1. Plaintiff's complete NCCo Personnel File.

   **RESPONSE:** A copy will be produced.

2. All documents, brochures and writings of any kind relating to Plaintiff's retirement, pension, health and/or other benefits as an employee of NCCo from the beginning of Plaintiff's employment by NCCo to the present.

**RESPONSE**: Objected to as unduly burdensome, irrelevant and not likely to lead to the discovery of admissible evidence. For further objection, these documents are more readily accessible by Plaintiff. Without waiver of these objections, see response to Request Number 1 which contains such information. In addition, documents from the pension office are being produced.

3. Copies of every NCCo Personnel Policies and Procedures Manual from the beginning of Plaintiff's employment to the present.

**RESPONSE**: Objected to as unduly burdensome, irrelevant and not likely to lead to the discovery of admissible evidence. For further objection, Plaintiff was provided with any such manual during his employment.

4. Copies of every NCCo employee Merit System Manual from the beginning of Plaintiff's employment to the present.

**RESPONSE**: Objected to as unduly burdensome, irrelevant and not likely to lead to the discovery of admissible evidence. For further objection, the documents are publically available and equally accessible to Plaintiff. .

5. Any study, report, written analysis, evaluation, email, letter and/or writing of any kind prepared by any NCCo employee or any outside consultant of any kind which purports to

evaluate the NCCo Department of Special Services from (i) the beginning of Plaintiff's employment to the present; (ii) during the Gordon Administration; (iii) from the election of Defendant Christopher Coons as County Executive to the present, including any writings prepared by, at the request of and/or on behalf of Defendant Christopher Coons.

**RESPONSE**: Objected to as unduly burdensome, irrelevant and not likely to lead to the discovery of admissible evidence.

6.  Any study, report, written analysis, evaluation, email, letter and/or writing of any kind prepared by any NCCo employee or any outside consultant of any kind, including but not limited to Defendant Coons personally, on behalf or at his direction, which purports to evaluate Plaintiff Joseph J. Freebery's performance in his capacity as General Manager of the NCCo Department of Special Services.

**RESPONSE**: Objected to as vague, unduly burdensome and harassing. This request calls for conclusions as to what "purports to evaluate" means. Without waiver of this objection, there were no formal evaluations done.

7.  Any study, report, written analysis, evaluation, email, letter and/or writing of any kind prepared by any NCCo employee or any outside consultant of any kind which purports to evaluate the NCCo Department of Parks and the Department of Public Works, from 1985 until those departments were merged into the Department of Special Services in 1997.

**RESPONSE**: Objected to as unduly burdensome, irrelevant and not likely to lead to the discovery of admissible evidence.

8. Any study, report, written analysis, evaluation, email, letter and/or writing of any kind prepared by any NCCo employee or any outside consultant of any kind which purports to evaluate the NCCo Department of Community Services from the election of Defendant Christopher Coons as County Executive to the present.

**RESPONSE**: Objected to as unduly burdensome, irrelevant and not likely to lead to the discovery of admissible evidence.

9. Any study, report, written analysis, evaluation email, letter and/or writing of any kind prepared by any NCCo employee or any outside consultant of any kind which purports to evaluate the NCCo Human Resources Department from the election of Defendant Christopher Coons as County Executive to the present.

**RESPONSE**: Objected to as unduly burdensome, irrelevant and not likely to lead to the discovery of admissible evidence.

10. Any study, report, written analysis, evaluation email, letter and/or writing of any kind prepared by any NCCo employee or any outside consultant of any kind which purports to evaluate the NCCo Land Use Department from the election of Defendant Christopher Coons as County Executive to the present.

**RESPONSE**: Objected to as unduly burdensome, irrelevant and not likely to lead to the discovery of admissible evidence.

11. Any study, report, written analysis, evaluation email, letter and/or writing of any kind prepared by any NCCo employee or any outside consultant of any kind which purports to evaluate the NCCo Finance Department from the election of Defendant Christopher Coons as County Executive to the present.

RESPONSE: Objected to as unduly burdensome, irrelevant and not likely to lead to the discovery of admissible evidence.

12. Any study, report, written analysis, evaluation email, letter and/or writing of any kind prepared by any NCCo employee or any outside consultant of any kind which purports to evaluate the NCCo Procurement Department from the election of Defendant Christopher Coons as County Executive to the present.

RESPONSE: Objected to as unduly burdensome, irrelevant and not likely to lead to the discovery of admissible evidence.

13. Any document and/or writing of any kind setting forth the reason(s) why the following NCCo Department General Managers were not retained by NCCo following the passage of HB#29 (as finally enacted, 9 Del. Code § 1120);

    a) Joseph J. Freebery

    b) Ron Morris

    c) Diane Baker

    d) Patricia Lutz Dienno

    e) James Sapp

    f) Charles Baker

**RESPONSE**: All of the individuals remained employed following the passage of HB #29.

14. Any document and/or writing of any kind stating and/or setting forth any reason why the NCCo Department General Managers were not permitted to laterally transfer to another merit system protected job with NCCo after the passage of HB#29 (as finally enacted, 9 Del. Code § 1120).

**RESPONSE**: None.

15. Any document and/or writing of any kind stating and/or setting forth any reason why any NCCo Department General Manager who was retained in that position was permitted to remain therein after the passage of HB#29 (as finally enacted, 9 Del. Code § 1120).

**RESPONSE**: None.

16. Any document, writing, written or electronic communication of any kind, from the date Defendant Coons was sworn in as County Executive to the present, between any member of the NCCo Executive Office, including Defendant Coons, and the general managers identified in Request ## above, regarding and or relating to their job status as General Manager.

**RESPONSE**: No request is identified. Objected to as unduly burdensome, vague, irrelevant and not likely to lead to the discovery of admissible evidence and calling for attorney/client communications. As it relates to Plaintiff, any such documents would be contained in his Personnel File and non-privileged documents relating to Plaintiff's separation are being produced.

17. The complete Personnel File (excluding any health records contained therein) of the NCCo General Managers identified in Request 13, above. These files can be produced and will be protected as "Confidential-Subject to Protective Order".

**RESPONSE**: Objected to as harassing, irrelevant and not likely to lead to the discovery of admissible evidence.

18. Any and all memoranda, writings, summaries, analyses and/or opinions of any kind, prepared by any NCCo employee or any outside consultant of any kind examining, discussing, reviewing or opining on the legality and/or constitutionality of HB#29 (as finally enacted, 9 Del. Code § 1120), including but not limited 9 Del. Code §1120(c).

**RESPONSE** Objected to as not likely to lead to the discovery of admissible evidence since liability cannot be based upon any such proposal, support or discussion(s). See Eastern R.R. Conference v. Noerr Motor Freight, 365 U.S. 127 (1961); Mine Workers v. Pennington, 381 U.S. 657 (1965), and the statute is presumed to be constitutional and legal. Further objected to as vague, harassing and unduly burdensome, and calling for a legal conclusion. For further objection, this request would call for work product and or attorney/client privileged communications.

19. Any and all written communication of any kind, including emails, between any NCCo employee, including but not limited to Defendant Coons and/or any employee of the NCCo Executive Offices and the following members of the Delaware General Assembly

regarding HB#29 (as finally enacted, 9 Del. Code § 1120) from November 1, 2004 to the present;

    a) Rep. Cathcart

    b) Rep. DiPinto

    c) Rep. Hudson

    d) Rep. Lavelle

    e) Rep. Lofink

    f) Rep. Maier

    g) Rep. Miro

    h) Rep. Spence

    i) Rep. Ulbrich

    j) Rep. Valihura

    k) Sen. McDowell

    l) Sen Blevins

    m) Sen. Henry

    n) Sen. Solola

**RESPONSE**: Objected to as seeking irrelevant information which is not likely to lead to the discovery of admissible evidence since liability cannot be based upon any such action. See Eastern R.R. Conference v. Noerr Motor Freight, 365 U.S. 127 (1961); Mine Workers v. Pennington, 381 U.S. 657 (1965). Further objected to as harassing and unduly burdensome.

20.    Any and all drafts of any legislative proposal, draft, outline, summary, proposed draft of the statute or writing of any kind prepared by or on behalf of NCCo and/or the Coons Administration (including any writing prepared and/or edited by any outside consultant,

counselor or advisor thereto) describing, requesting and/or proposing the enactment and/or passage of HB#29 (as finally enacted, 9 Del. Code § 1120).

**RESPONSE**: Objected to as seeking irrelevant information which is not likely to lead to the discovery of admissible evidence since liability cannot be based upon any such action. See Eastern R.R. Conference v. Noerr Motor Freight, 365 U.S. 127 (1961); Mine Workers v. Pennington, 381 U.S. 657 (1965). Further objected to as harassing and unduly burdensome.

21. Any and all memoranda or writings of any kind from either the County Executive or the Chief Administrative Officer from 1997 to the present directed to any General Manager of any County department, including but not limited to Plaintiff, Ron Morris, Diane Baker, Patricia Lutz Dienno, James Sapp and Charles Baker, describing, defining, articulating and/or outlining the terms and conditions of their employment as General Managers.

**RESPONSE**: Objected to as unduly burdensome, irrelevant and not likely to lead to the discovery of admissible evidence

22. Any and all documents of any kind in the possession, custody or control of the following individuals identified in Defendant's Mandatory Disclosures Pursuant to Fed.R.Civ.P. 26(a) relating in any way to the information in their possession, custody or control that may be used to support Defendants' claims, defenses or which might be used to in any way impeach the credibility of any witness for Plaintiff:

    a) David Singleton

    b) Nicole Majeski

    c) Missy Moore-Grey

    d) Jen Farrell

    e) Charlie Baker

    f) Carolyn Duffy

    g) Richard Przwara

    h) Tracy Surles

    i) Jon Husband

**RESPONSE**: Objected to as calling for material protected by the attorney/client privilege and attorney work product doctrine and calling for trial strategy.

23. Copies of the NCCo Budget from 1995 to the present.

**RESPONSE**: Objected to as unduly burdensome, irrelevant and not likely to lead to the discovery of admissible evidence. For further objection, the documents are publically available.

24. Any analysis of any kind, including financial analyses of the NCCo Department of Special Services from its inception to the present.

**RESPONSE**: Objected to as unduly burdensome, irrelevant and not likely to lead to the discovery of admissible evidence. Without waiver of these objections, the transition report relating to the Department of Special Services is being produced and see response to Request Number 5.

RICHARD R. WIER, JR., P.A.

/s/ Richard R. Wier, Jr.
Richard R. Wier, Jr. (#716)
Daniel W. Scialpi (#4146)
Two Mill Road, Suite 200
Wilmington, DE 19806
(302)888-3222

Gregg E. Wilson (#85)
Michele Allen (#4359)
New Castle County Law Department
87 Reads Way
Wilmington, DE 19720
(302)395-5130