# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH J. FREEBERY, | : |
| Plaintiff, | : |
| v. | : C.A. No. 05-748 GMS |
| CHRISTOPHER COONS, in his official capacity as County Executive of New Castle County and NEW CASTLE COUNTY, a municipal corporation; and JANE AND JOHN DOES 1-25 | : JURY TRIAL DEMANDED |
| Defendants. | : |

## DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Now comes County Executive Christopher Coons who answers Plaintiff's First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

A. Defendant objects to Plaintiff's definitions and instructions on the grounds that they are overly broad, vague, unduly burdensome and harassing. Defendant shall not be bound by same.

B. Defendant objects to Plaintiff's definitions and instruction and each interrogatory that seeks to impose any obligations on them beyond those imposed by the rules of this Court.

C. Defendant objects to each Interrogatory to the extent it is overly broad, unduly burdensome, harassing, vague or not likely to lead to the discovery of admissible evidence.

### ANSWERS

1. Identify each and every person with whom you conversed, discussed or communicated in any way, between 1997 and November, 2003, either orally or in writing,

regarding your decision to propose and/or support legislation to change the law in New Castle County to remove Department General Managers from the County Merit System Law and make them "at will" employees who serve at the pleasure of the County Executive.

**ANSWER**: Objected to as not likely to lead to the discovery of admissible evidence since liability cannot be based upon any such proposal, support or discussion(s). See Eastern R.R. Conference v. Noerr Motor Freight, 365 U.S. 127 (1961); Mine Workers v. Pennington, 381 U.S. 657 (1965). Further objected to as vague, harassing and unduly burdensome, and calling for a legal conclusion.

2. Identify each and every person with whom you conversed, discussed or communicated in any way, from April, 2004 to the present, either orally or in writing, regarding your decision to propose and/or support legislation to change the law in New Castle County to remove Department General Managers from the County Merit System Law and make them "at will" employees who serve at the pleasure of the County Executive.

**ANSWER**: Objected to as not likely to lead to the discovery of admissible evidence since liability cannot be based upon any such proposal, support or discussion(s). See Eastern R.R. Conference v. Noerr Motor Freight, 365 U.S. 127 (1961); Mine Workers v. Pennington, 381 U.S. 657 (1965). Further objected to as vague, harassing and unduly burdensome, and calling for attorney/client privileged communications.

3. State whether at any time during your campaign for County Executive, in either the primary or general election, you made any public or private statements of any kind regarding your desire and/or intention to remove Plaintiff Joseph J. Freebery from his position of General

Manager of the NCCo Department of Special Services and/or from County government completely, identifying the date time and place of such statements and any person(s) known to you who witnesses/heard such statements.

**ANSWER**: Objected to as unduly burdensome, harassing and not likely to lead to the discovery of admissible evidence. Without waiver of these objections, County Executive Coons was involved in an untold number of discussions during the campaigns and was familiar with the State Statute which provided merit system protection to the General Managers. He recalls no such statements and would not have made any decision or expressed any intention to remove plaintiff without complying with the merit system.

4. Identify any person known to you who drafted, edited or otherwise contributed to the drafting and/or editing of House Bill #29 later enacted into law as 9 Del. Code § 1120.

**ANSWER**: Objected to as not likely to lead to the discovery of admissible evidence since liability cannot be based upon any such proposal, support or discussion(s). See Eastern R.R. Conference v. Noerr Motor Freight, 365 U.S. 127 (1961); Mine Workers v. Pennington, 381 U.S. 657 (1965). Further objected to as irrelevant since the later enactment superceded any drafts. Further objected to as vague, burdensome and harassing. Any such product would be privileged to the extent it was performed by counsel.

5. State whether you had any conversation, discussion or communication of any kind, either orally or in writing, with any person, including any elected County or State official, regarding that portion House Bill #29 later enacted into law as 9 Del. Code § 1120 (c) which states:

c) Notwithstanding any other provision of state or county law, on February 9, 2005, any persons then serving in any of the positions enumerated in this section shall cease to be classified service members of the New Castle County Merit System, but may thereafter continue to serve at the pleasure of the County Executive;

State the date, time and place of such conversation; identify the participants thereto; and state the substance of such conversation.

**ANSWER**: : Objected to as not likely to lead to the discovery of admissible evidence since liability cannot be based upon any such proposal, support or discussion(s). See Eastern R.R. Conference v. Noerr Motor Freight, 365 U.S. 127 (1961); Mine Workers v. Pennington, 381 U.S. 657 (1965). Further objected to as unduly burdensome, harassing and vague, and any discussions with counsel are privileged. For further answer, without waiver of these objections, County Executive Coons testified before the Senate and that testimony was recorded.

6. State each and every reason for your proposal/support of House Bill #29 later enacted into law as 9 Del. Code § 1120, including but not limited to §1120 (c), which you provided to any member of any legislative body, either in public session or in private, orally or in writing, directly or through a representative/intermediary.

**ANSWER**: Objected to as not likely to lead to the discovery of admissible evidence since liability cannot be based upon any such proposal, support or discussion(s). See Eastern R.R. Conference v. Noerr Motor Freight, 365 U.S. 127 (1961); Mine Workers v. Pennington, 381 U.S. 657 (1965). Further objected to as vague, harassing and overbroad.

7. On the date(s) that you testified in public session before any legislative body regarding and/or supporting House Bill #29 later enacted into law as 9 Del. Code § 1120, did you

honestly state each and every reason, without omission, for your proposal/support of House Bill #29 later enacted into law as 9 Del. Code § 1120, including but not limited to § 1120 (c)?

**ANSWER**: Objected to as not likely to lead to the discovery of admissible evidence since liability cannot be based upon any such proposal, support or discussion(s). See Eastern R.R. Conference v. Noerr Motor Freight, 365 U.S. 127 (1961); Mine Workers v. Pennington, 381 U.S. 657 (1965). For further answer, without waiver of this objection, County Executive Coons answered all questions truthfully.

8. State each and every act of any kind which you believe/assert constituted due process of law with respect to Plaintiff Joseph J. Freebery's termination as General Manager of the Department of Special Services which preceded his termination, whether you believe he was entitled to such due process or not.

**ANSWER**: Objected to as calling for a legal conclusion. Objected to as not likely to lead to the discovery of admissible evidence since Plaintiff served at the pleasure of the County Executive.

9. Identify any and all person(s) with whom you discussed House Bill #29 later enacted into law as 9 Del. Code § 1120, including but not limited to §1120 (c), who stated to you that all or portions of that legislation, including but not limited to § 1120 (c), were illegal and/or unconstitutional, either generally or as applied to the then-sitting NCCo General Managers and state the date, time, place and substance of each such conversation.

**ANSWER**: Objected to as not likely to lead to the discovery of admissible evidence since liability cannot be based upon any such proposal, support or discussion(s). See Eastern

R.R. Conference v. Noerr Motor Freight, 365 U.S. 127 (1961); Mine Workers v. Pennington, 381 U.S. 657 (1965). Further objected to as vague, burdensome and harassing, and calling for privileged communications. Without waiver of this objection, none.

9. State whether Plaintiff Joseph J. Freebery was terminated from his position as an NCCo General Manager for cause of any kind relating to his job performance and, if so, specify each and every cause; the source of such information regarding such cause; and the date, time, place and manner in which you learned of such cause.

ANSWER: Objected to as not likely to lead to the discovery of any admissible evidence and calling for a legal conclusion since cause is/was not required. For further answer, Plaintiff's performance was reviewed and the subject of communications with him. It was not acceptable. Plaintiff has such e-mails. There was no one cause but a culmination of performance issues.

10. State whether any of the General Managers who were terminated and/or were offered and accepted retirement after Defendant Coons was elected County Executive were terminated for cause of any kind from their position as an NCCo General Manager and, if so, specify each and every cause; the source of such information regarding such cause; and identify the person(s) who provided such information.

ANSWER: No answer is required since Joseph Freebery was the only one terminated.

11. Explain why Plaintiff Joseph J. Freebery and/or any of the General Managers who were terminated and/or accepted retirement after Defendant Coons was elected County Executive

were not offered alternative positions and permitted to re-enter and/or continue as county employees within the County Merit System Law.

ANSWER: Joseph Freebery and any other General Manager were free to apply for any available merit system job available at that time, but failed to do so.

12. State all facts which support any and all of the defenses set forth in your Affirmative Defenses to Plaintiff's Complaint and identify all witnesses you intend to call in support of those defenses.

ANSWER: Objected to as unduly burdensome and premature. Discovery is continuing. Testifying witnesses will be identified in accordance with the Court's Rules and Scheduling Order.

13. Identify all witnesses you intend to call in support of your defense to Plaintiff's complaint and state the substances of the testimony of each of those witnesses.

ANSWER: Objected to as premature. Discovery is continuing. Testifying witnesses will be identified in accordance with the Court's Rules and Scheduling Order.

As to objections only,
RICHARD R. WIER, JR., P.A.

/s/ Richard R. Wier, Jr.
Richard R. Wier, Jr. (#716)
Daniel W. Scialpi (#4146)
Two Mill Road, Suite 200
Wilmington, DE 19806
(302)888-3222

Gregg E. Wilson (#85)
Michele Allen (#4359)

New Castle County Law Department
87 Reads Way
Wilmington, DE 19720
(302)395-5130

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JOSEPH J. FREEBERY,

    Plaintiff,

v.

CHRISTOPHER COONS, in his official
capacity as County Executive of New
Castle County and NEW CASTLE
COUNTY, a municipal corporation; and
JANE AND JOHN DOES 1-25

    Defendants.

C.A. No. 05-748 GMS

JURY TRIAL DEMANDED

## AFFIDAVIT

Now comes Christopher Coons, who, being duly sworn, does depose and say that the Answers to Interrogatories are true to the best of his information, knowledge and belief.

_____
Christopher Coons

SWORN TO AND SUBSCRIBED before me this 17th day of May, 2006

_____