# RICHARD R. WIER, JR., P.A.

### ATTORNEY AT LAW

**RICHARD R. WIER, JR.***

———

**DANIEL W. SCIALPI**

TWO MILL ROAD, SUITE 200
WILMINGTON, DELAWARE 19806

www.Wierlaw.com

(302) 888-3222
FAX (302) 888-3225

RWier@Wierlaw.com
DScialpi@Wierlaw.com

*ALSO ADMITTED IN PA

July 10, 2006

**Via CM/ECF**

The Honorable Kent A. Jordan
United States District Court
District of Delaware
844 King Street
Wilmington, Delaware 19801

> **Re:    Joseph Freebery v. Christopher Coons, et al.**
> **C.A. No. 05-748 KAJ**

Dear Judge Jordan:

This letter is in response to Mr. Lawless' July 6, 2006, and in anticipation of the telephone conference scheduled for tomorrow, July 11, 2006 at 4:30 p.m.  Attached for convenience is a chart showing the current discovery that is in dispute by Plaintiff.

### 1.    Trial witnesses (Interrogatories 12 & 13)

Plaintiff's Interrogatories 12 and 13 ask for the names of the witnesses that Defendants intend to call at trial.

Defendants objected to these interrogatories as premature and stated that "Discovery is continuing.  Testifying witnesses will be identified in accordance with the Court's Rules and Scheduling Order."

In Zikos v. Aulson Company, Inc., 03-940 KAJ, Your Honor was faced with the identical issue and held that trial witnesses are not required to be chosen during the discovery process. [Transcript of January 20, 2005 telephone conference at 4 - 5 (Attached)].

2.    **House Bill #29. (Interrogatories 1, 2, 4, 5, 6, 7, 8, 12 & 13; Requests 18, 19 & 20).**

Plaintiff propounded extensive and vague discovery related to House Bill #29, which became law on February 9, 2005, 9 Del. C. § 1120. The legislation removed merit system protection for New Castle County's General Managers, which included the Plaintiff.

Nothing in the Federal Rules requires that a party be given *carte blanche* discovery. Plaintiff's interrogatories related to House Bill #29 are beyond the scope of Rule 26 and are objectionable. Plaintiff's discovery arises from his claim from Count I of the Complaint, where he alleges that he had a property interest in continued employment as an employee of New Castle County. Property interests are created, and their dimensions are defined by, existing rules or understandings that stem from an independent source such as state law. Any property interest in continued employment as an employee of New Castle County was eliminated by the Delaware General Assembly prior to Plaintiff's termination, by the enactment of House Bill #29. "A state may legislatively eliminate a previously conferred property interest in state employment. While the legislative alteration or elimination of a previously conferred property interest may be a deprivation, the legislative process itself provides citizens with the process they are due." Sykes v. City of Gentry, 114 F.3d 829 (11th Cir. 1997); Packett v. Stenberg, 969 F.2d 721 (8th Cir. 1992).

Plaintiff alleges that Mr. Coons intentionally proposed HB#29 to eliminate Mr. Freebery's property right. Even though Plaintiff's allegation is false, any action would be protected by the Noerr-Pennington Doctrine. The Noerr-Pennington Doctrine [Eastern R.R. Cconference v. Noerr Motor Freight, 365 U.S. 127 (1961); Mine Workers v. Pennington, 381 U.S. 657 (1965)] teaches that an individual is immune from liability for exercising his First Amendment right to petition the government. See Brownsville Golden Age Nursing Home, Inc. v. Wells, 839 F.2d 155 (3d Cir. 1988).

The Noerr-Pennington Doctrine originated in an antitrust context where the defendants engaged in campaigns directed toward obtaining governmental action for the purpose of eliminating competition in their respective industries. Under the doctrine, immunity existed regardless of the defendants' motivations in waging their campaigns, as it recognized that the right of individuals to petition the government cannot properly be made to depend on their intent in doing so. "Liability cannot be imposed for damage caused by inducing legislative, administrative or judicial action." See Brownsville Golden Age Nursing Home, Inc. v. Wells, 839 F.2d 155 (3d Cir. 1988). But since Mr. Freebery does not, and cannot as a matter of law, have a viable claim under Count I since he had no property right at the time he was terminated, Plaintiff's interrogatories and document requests relating to HB #29 are unduly burdensome, harassing and not likely to lead to the discovery of admissible evidence.

Plaintiff cites to footnote 3 on page 670 of Pennington for the proposition that Pennington permits the introduction of barred evidence. Plaintiff's assertion is exactly contrary to Pennington's protection. The language that Plaintiff relies upon solely relates to background information to assist a fact finder in understanding the challenged transaction. This would not be necessary in this case.

### 3. Requests 3, 4, 5, 7-12, 16, 17-21, 24.

Plaintiff fails to identify to counsel, or to the Court, the basis for each of these requests to be produced, but asks this Court to order that each request be produced. Defendants assert that all of the objections are valid and proper and will be happy to address each one individually at the telephone conference.

### 4. Request 22

In Request 22, Plaintiff is seeking documents "that may be used to support Defendants' claims, defenses or which might be used in any way [to] impeach the credibility of any witness for Plaintiff. [sic]" Defendants objected to the request as "calling for material protected by the attorney/client privilege and attorney work product doctrine and calling for trial strategy." Through this request, Plaintiff is essentially asking Defendants' counsel to make an internal evaluation of its case, without fully knowing what Plaintiff's claims are, since Plaintiff has not yet even been deposed. Plaintiff's deposition was previously scheduled for July 11, 2006, but Plaintiff's counsel has rescheduled it.

### 5. Request 18

Interrogatory 18 asks for "Any and all memoranda, writings, summaries, analyses and/or opinions of any kind, prepared by any NCCo employee or any outside consultant of any kind examining, discussing, reviewing or opining on the legality and/or constitutionality of HB#29 (as finally enacted, 9 Del. Code § 1120), including but not limited to 9 Del. Code § 1120(c).

Plaintiff's request, on its face, calls for privileged documents. Defendant properly objected to the request "as not likely to lead to the discovery of admissible evidence since liability cannot be based upon any such proposal, support or discussion(s). See Eastern R.R. Conference v. Noerr Motor Freight, 365 U.S. 127 (1961); Mine Workers v. Pennington, 381 U.S. 657 (1965), and the statute is presumed to be constitutional and legal. Further objected to as vague, harassing and unduly burdensome, and calling for a legal conclusion. For further objection, this request would call for work product and or attorney/client privileged communications."

Respectfully submitted,

Richard R. Wier, Jr. (#716)

cc:   Joseph Lawless, Esq.
      Gregg E. Wilson, Esq.
      Michele Allen, Esq.
      Clerk of the Court