| Plaintiff's Discovery in Dispute | Defendants' Answer/Response |
|---|---|
| **Interrogatory 1.** Identify each and every person with whom you conversed, discussed or communicated in any way, between 1997 and November, 2003, either orally or in writing, regarding your decision to propose and/or support legislation to change the law in New Castle County to remove Department General Managers from the County Merit System Law and make them "at will" employees who serve at the pleasure of the County Executive. | Objected to as not likely to lead to the discovery of admissible evidence since liability cannot be based upon any such proposal, support or discussion(s). See Eastern R.R. Conference v. Noerr Motor Freight, 365 U.S. 127 (1961); Mine Workers v. Pennington, 381 U.S. 657 (1965). Further objected to as vague, harassing and unduly burdensome, and calling for a legal conclusion. |
| **Interrogatory 2.** Identify each and every person with whom you conversed, discussed or communicated in any way, from April, 2004 to the present, either orally or in writing, regarding your decision to propose and/or support legislation to change the law in New Castle County to remove Department General Managers from the County Merit System Law and make them "at will" employees who serve at the pleasure of the County Executive. | Objected to as not likely to lead to the discovery of admissible evidence since liability cannot be based upon any such proposal, support or discussion(s). See Eastern R.R. Conference v. Noerr Motor Freight, 365 U.S. 127 (1961); Mine Workers v. Pennington, 381 U.S. 657 (1965). Further objected to as vague, harassing and unduly burdensome, and calling for attorney/client privileged communications. |
| **Interrogatory 4.** Identify any person known to you who drafted, edited or otherwise contributed to the drafting and/or editing of House Bill #29 later enacted into law as 9 Del. Code § 1120. | Objected to as not likely to lead to the discovery of admissible evidence since liability cannot be based upon any such proposal, support or discussion(s). See Eastern R.R. Conference v. Noerr Motor Freight, 365 U.S. 127 (1961); Mine Workers v. Pennington, 381 U.S. 657 (1965). Further objected to as irrelevant since the later enactment superceded any drafts. Further objected to as vague, burdensome and harassing. Any such product would be privileged to the extent it was performed by counsel. |

| | |
|---|---|
| **Interrogatory 5.**<br>State whether you had any conversation, discussion or communication of any kind, either orally or in writing, with any person, including any elected County or State official, regarding that portion House Bill #29 later enacted into law as 9 Del. Code § 1120 (c) which states:<br>c) Notwithstanding any other provision of state or county law, on February 9, 2005, any persons then serving in any of the positions enumerated in this section shall cease to be classified service members of the New Castle County Merit System, but may thereafter continue to serve at the pleasure of the County Executive;<br>State the date, time and place of such conversation; identify the participants thereto; and state the substance of such conversation. | Objected to as not likely to lead to the discovery of admissible evidence since liability cannot be based upon any such proposal, support or discussion(s). See Eastern R.R. Conference v. Noerr Motor Freight, 365 U.S. 127 (1961); Mine Workers v. Pennington, 381 U.S. 657 (1965). Further objected to as unduly burdensome, harassing and vague, and any discussions with counsel are privileged. For further answer, without waiver of these objections, County Executive Coons testified before the Senate and that testimony was recorded. |
| **Interrogatory 6.**<br>State each and every reason for your proposal/support of House Bill #29 later enacted into law as 9 Del. Code § 1120, including but not limited to §1120 (c), which you provided to any member of any legislative body, either in public session or in private, orally or in writing, directly or through a representative/intermediary. | Objected to as not likely to lead to the discovery of admissible evidence since liability cannot be based upon any such proposal, support or discussion(s). See Eastern R.R. Conference v. Noerr Motor Freight, 365 U.S. 127 (1961); Mine Workers v. Pennington, 381 U.S. 657 (1965). Further objected to as vague, harassing and overbroad. |
| **Interrogatory 7.**<br>On the date(s) that you testified in public session before any legislative body regarding and/or supporting House Bill #29 later enacted into law as 9 Del. Code § 1120, did you honestly state each and every reason, without omission, for your proposal/support of House Bill #29 later enacted into law as 9 Del. Code § 1120, including but not limited to §1120 (c)? | Objected to as not likely to lead to the discovery of admissible evidence since liability cannot be based upon any such proposal, support or discussion(s). See Eastern R.R. Conference v. Noerr Motor Freight, 365 U.S. 127 (1961); Mine Workers v. Pennington, 381 U.S. 657 (1965). For further answer, without waiver of this objection, County Executive Coons answered all questions truthfully. |

| | |
|---|---|
| **Interrogatory 8.**<br>State each and every act of any kind which you believe/assert constituted due process of law with respect to Plaintiff Joseph J. Freebery's termination as General Manager of the Department of Special Services which preceded his termination, whether you believe he was entitled to such due process or not. | Objected to as calling for a legal conclusion. Objected to as not likely to lead to the discovery of admissible evidence since Plaintiff served at the pleasure of the County Executive. |
| **Interrogatory 12.**<br>State all facts which support any and all of the defenses set forth in your Affirmative Defenses to Plaintiff's Complaint and identify all witnesses you intend to call in support of those defenses. | Objected to as unduly burdensome and premature. Discovery is continuing. Testifying witnesses will be identified in accordance with the Court's Rules and Scheduling Order. |
| **Interrogatory 13.**<br>Identify all witnesses you intend to call in support of your defense to Plaintiff's complaint and state the substances of the testimony of each of those witnesses. | Objected to as premature. Discovery is continuing. Testifying witnesses will be identified in accordance with the Court's Rules and Scheduling Order. |

| | |
|---|---|
| **Document Request 3.**<br>Copies of every NCCo Personnel Policies and Procedures Manual from the beginning of Plaintiff's employment to the present. | Objected to as unduly burdensome, irrelevant and not likely to lead to the discovery of admissible evidence. For further objection, Plaintiff was provided with any such manual during his employment. |
| **Document Request 4.**<br>Copies of every NCCo employee Merit System Manual from the beginning of Plaintiff's employment to the present. | Objected to as unduly burdensome, irrelevant and not likely to lead to the discovery of admissible evidence. For further objection, the documents are publically available and equally accessible to Plaintiff. |
| **Document Request 5.**<br>Any study, report, written analysis, evaluation, email, letter and/or writing of any kind prepared by any NCCo employee or any outside consultant of any kind which purports to evaluate the NCCo Department of Special Services from (i) the beginning of Plaintiff's employment to the present; (ii) during the Gordon Administration; (iii) from the election of Defendant Christopher Coons as County Executive to the present, including any writings prepared by, at the request of and/or on behalf of Defendant Christopher Coons. | Objected to as unduly burdensome, irrelevant and not likely to lead to the discovery of admissible evidence. |
| **Document Request 7.**<br>Any study, report, written analysis, evaluation, email, letter and/or writing of any kind prepared by any NCCo employee or any outside consultant of any kind which purports to evaluate the NCCo Department of Parks and the Department of Public Works, from 1985 until those departments were merged into the Department of Special Services in 1997. | Objected to as unduly burdensome, irrelevant and not likely to lead to the discovery of admissible evidence. |
| **Document Request 8.**<br>Any study, report, written analysis, evaluation, email, letter and/or writing of any kind prepared by any NCCo employee or any outside consultant of any kind which purports to evaluate the NCCo Department of Community Services from the election of Defendant Christopher Coons as County Executive to the present. | Objected to as unduly burdensome, irrelevant and not likely to lead to the discovery of admissible evidence. |

| | |
|---|---|
| **Document Request 9.** Any study, report, written analysis, evaluation email, letter and/or writing of any kind prepared by any NCCo employee or any outside consultant of any kind which purports to evaluate the NCCo Human Resources Department from the election of Defendant Christopher Coons as County Executive to the present. | Objected to as unduly burdensome, irrelevant and not likely to lead to the discovery of admissible evidence. |
| **Document Request 10.** Any study, report, written analysis, evaluation email, letter and/or writing of any kind prepared by any NCCo employee or any outside consultant of any kind which purports to evaluate the NCCo Land Use Department from the election of Defendant Christopher Coons as County Executive to the present. | Objected to as unduly burdensome, irrelevant and not likely to lead to the discovery of admissible evidence. |
| **Document Request 11.** Any study, report, written analysis, evaluation email, letter and/or writing of any kind prepared by any NCCo employee or any outside consultant of any kind which purports to evaluate the NCCo Finance Department from the election of Defendant Christopher Coons as County Executive to the present. | Objected to as unduly burdensome, irrelevant and not likely to lead to the discovery of admissible evidence. |
| **Document Request 12.** Any study, report, written analysis, evaluation email, letter and/or writing of any kind prepared by any NCCo employee or any outside consultant of any kind which purports to evaluate the NCCo Procurement Department from the election of Defendant Christopher Coons as County Executive to the present. | Objected to as unduly burdensome, irrelevant and not likely to lead to the discovery of admissible evidence. |

| | |
|---|---|
| **Document Request 16.** Any document, writing, written or electronic communication of any kind, from the date Defendant Coons was sworn in as County Executive to the present, between any member of the NCCo Executive Office, including Defendant Coons, and the general managers identified in Request ## above, regarding and or relating to their job status as General Manager. | No request is identified. Objected to as unduly burdensome, vague, irrelevant and not likely to lead to the discovery of admissible evidence and calling for attorney/client communications. As it relates to Plaintiff, any such documents would be contained in his Personnel File and non-privileged documents relating to Plaintiff's separation are being produced. |
| **Document Request 17.** The complete Personnel File (excluding any health records contained therein) of the NCCo General Managers identified in Request 13, above. These files can be produced and will be protected as "Confidential-Subject to Protective Order". | Objected to as harassing, irrelevant and not likely to lead to the discovery of admissible evidence. |
| **Document Request 18.** Any and all memoranda, writings, summaries, analyses and/or opinions of any kind, prepared by any NCCo employee or any outside consultant of any kind examining, discussing, reviewing or opining on the legality and/or constitutionality of HB#29 (as finally enacted, 9 Del. Code § 1120), including but not limited 9 Del. Code §1120(c). | Objected to as not likely to lead to the discovery of admissible evidence since liability cannot be based upon any such proposal, support or discussion(s). See Eastern R.R. Conference v. Noerr Motor Freight, 365 U.S. 127 (1961); Mine Workers v. Pennington, 381 U.S. 657 (1965), and the statute is presumed to be constitutional and legal. Further objected to as vague, harassing and unduly burdensome, and calling for a legal conclusion. For further objection, this request would call for work product and or attorney/client privileged communications. |

| | |
|---|---|
| **Document Request 19.**<br>Any and all written communication of any kind, including emails, between any NCCo employee, including but not limited to Defendant Coons and/or any employee of the NCCo Executive Offices and the following members of the Delaware General Assembly regarding HB#29 (as finally enacted, 9 Del. Code § 1120) from November 1, 2004 to the present;<br>    a) Rep. Cathcart<br>    b) Rep. DiPinto<br>    c) Rep. Hudson<br>    d) Rep. Lavelle<br>    e) Rep. Lofink<br>    f) Rep. Maier<br>    g) Rep. Miro<br>    h) Rep. Spence<br>    i) Rep. Ulbrich<br>    j) Rep. Valihura<br>    k) Sen. McDowell<br>    l) Sen Blevins<br>    m) Sen. Henry<br>    n) Sen. Solola | Objected to as seeking irrelevant information which is not likely to lead to the discovery of admissible evidence since liability cannot be based upon any such action. See <u>Eastern R.R. Conference v. Noerr Motor Freight</u>, 365 U.S. 127 (1961); <u>Mine Workers v. Pennington</u>, 381 U.S. 657 (1965). Further objected to as harassing and unduly burdensome. |
| **Document Request 20.**<br>Any and all drafts of any legislative proposal, draft, outline, summary, proposed draft of the statute or writing of any kind prepared by or on behalf of NCCo and/or the Coons Administration (including any writing prepared and/or edited by any outside consultant, counselor or advisor thereto) describing, requesting and/or proposing the enactment and/or passage of HB#29 (as finally enacted, 9 Del. Code § 1120). | Objected to as seeking irrelevant information which is not likely to lead to the discovery of admissible evidence since liability cannot be based upon any such action. See <u>Eastern R.R. Conference v. Noerr Motor Freight</u>, 365 U.S. 127 (1961); <u>Mine Workers v. Pennington</u>, 381 U.S. 657 (1965). Further objected to as harassing and unduly burdensome. |

| | |
|---|---|
| **Document Request 21.**<br>Any and all memoranda or writings of any kind from either the County Executive or the Chief Administrative Officer from 1997 to the present directed to any General Manager of any County department, including but not limited to Plaintiff, Ron Morris, Diane Baker, Patricia Lutz Dienno, James Sapp and Charles Baker, describing, defining, articulating and/or outlining the terms and conditions of their employment as General Managers. | Objected to as unduly burdensome, irrelevant and not likely to lead to the discovery of admissible evidence |
| **Document Request 22.**<br>Any and all documents of any kind in the possession, custody or control of the following individuals identified in Defendant's Mandatory Disclosures Pursuant to Fed.R.Civ.P. 26(a) relating in any way to the information in their possession, custody or control that may be used to support Defendants' claims, defenses or which might be used to in any way impeach the credibility of any witness for Plaintiff:<br>    a) David Singleton<br>    b) Nicole Majeski<br>    c) Missy Moore-Grey<br>    d) Jen Farrell<br>    e) Charlie Baker<br>    f) Carolyn Duffy<br>    g) Richard Przwara<br>    h) Tracy Surles<br>    i) Jon Husband | Objected to as calling for material protected by the attorney/client privilege and attorney work product doctrine and calling for trial strategy. |
| **Document Request 24.**<br>Any analysis of any kind, including financial analyses of the NCCo Department of Special Services from its inception to the present. | Objected to as unduly burdensome, irrelevant and not likely to lead to the discovery of admissible evidence. Without waiver of these objections, the transition report relating to the Department of Special Services is being produced and see response to Request Number 5. |

```
                                                                      1

 1                IN THE UNITED STATES DISTRICT COURT

 2                IN AND FOR THE DISTRICT OF DELAWARE

 3                              - - -

 4    KONSTANTINOS I. ZIKOS, et al.    :    CIVIL ACTION
                                       :
 5              Plaintiffs,            :
                                       :
 6         v                           :
                                       :
 7    AULSON COMPANY INC., et al.,     :
                                       :
 8              Defendants.            :    NO. 03-940 (KAJ)

 9                              - - -

10                        Wilmington, Delaware
                  Thursday, January 20, 2005 at 3:00 p.m.
11                        TELEPHONE CONFERENCE

12                              - - -

13    BEFORE:       HONORABLE KENT A. JORDAN, U.S.D.C.J.

14                              - - -

      APPEARANCES:
15

16         TRZUSKOWSKI KIPP & KELLEHER, P.A.
           BY:  JAMES F. KIPP, ESQ.
17
                and
18
           ELLIOTT REIHNER & ZIEDZIKOWSKI, P.A.
19         BY:  D.G. RASSIAS, ESQ.
           (Blue Bell, Pennsylvania)
20
                    Counsel for Plaintiffs
21

22         RICHARD R. WIER, JR., P.A.
           BY:  DANIEL W. SCIALPI, ESQ.
23
                and
24

25
                              Brian P. Gaffigan
                              Registered Merit Reporter
```

4

1  we'll start with 1A on the plaintiffs' and then we'll go over
2  to the request from the defendants.  So even though you have
3  a lot more on the plaintiffs side, I want the defendants to
4  get the chance to have their oar in the water, too, since
5  they have a request.
6         Now, 1A asks for a list of trial witnesses.
7  There is also a request further along here that asks for
8  identification of documents.  That is 1B.  So we'll just
9  treat those two together.  And if I have understood you
10 right, Mr. Kipp, and I assume you're reflecting Mr. Rassias'
11 view on this, you want all the -- you want trial witnesses
12 identified now and you want documents for trial identified
13 now, right?
14         MR. RASSIAS:  This is Dion Rassias.  Yes, Your
15 Honor.  To the extent possible, we're on the threshold of
16 discovery closing.  We started discovery in the summer and
17 if there is anybody else out there that we think we need to
18 depose, depending on who is identified, we would like to know
19 that now.
20         THE COURT:  Well, I have also read the response
21 from the folks on the other side; and let me say that I
22 agree with their response, which is not to take lightly
23 your concern, but their response as I read it was, look,
24 we haven't decided yet exactly who it is out of all the
25 potential witnesses that we want to put on the stand, nor

5

1  have we selected our documents at this point. And I'm not
2  surprised to hear that when the trial in the matter is yet a
3  ways off in the future, off into June.
4      What your concern goes to is, is there some
5  hiding the ball going on? And the answer to that is if you
6  have propounded discovery that asks for all witnesses with
7  relevant information and you followed up on the discovery you
8  already had, you should be in a position to feel comfortable
9  that you had a chance to test their case and to find out if
10 there's somebody out there that you ought to be deposing,
11 based on the documents that have been produced and based on
12 their identification potential witnesses. But I'm not going
13 to make them select their witness list six months in advance
14 of trial. I don't think the rules require it and I don't
15 think it's reasonable to require it. So you have to move
16 forward with what you've got.
17      On the defense side, you folks made a request
18 here for certain documents that came up during a December
19 6th deposition of Mr. Gayle. Has there been any progress in
20 working that issue out?
21      MR. RASSIAS: We've got four of the documents
22 copied. We've just waiting to get the other two.
23 Apparently, at least one of them had to be obtained from a
24 bank.
25      THE COURT: This is Mr. Rassias; right?