## KNEPPER & STRATTON

ATTORNEYS AT LAW
1228 NORTH KING STREET
WILMINGTON, DELAWARE 19801

E. MARTIN KNEPPER*
BARBARA H. STRATTON*

TELEPHONE: (302) 658-1717
(302) 652-7717
DOVER: (302) 736-5500

*Admitted IN DE & PA
Fed. I.D.# 51-0340523

FAX: (302) 658-0631

July 20, 2006

The Honorable Kent A. Jordan                    **VIA E-FILING & HAND DELIVERY**
United States District Court
J. Caleb Boggs Federal Building
844 N. King Street, Room 6325
Lock Box 10
Wilmington, DE 19801

RE:    **JOSEPH FREEBERY V. CHRISTOPHER COONS, ET AL.**
       **C.A. No.: 05-748 KAJ**

Dear Judge Jordan:

This status report is submitted pursuant to ¶ 7 of the Court's February 1, 2006 Scheduling Order.

There are no unusual scheduling problems other than the usual issues caused by counsels' caseloads and summer vacation schedules. Three depositions have been taken thus far and the parties continue to cooperate in the scheduling of depositions moving forward. The ability of Plaintiff to commence discovery was initially delayed by Defendants' motion to disqualify counsel. The ability of Plaintiff to schedule the depositions of the witnesses identified in Defendants' initial disclosures has been slowed by the discovery dispute over Plaintiff's written discovery (served on Defendants on March 30 and April 11, 2006) which hampers counsel's preparation, but Plaintiff expects to be able to schedule those depositions once the dispute has been resolved.

The parties have served and exchanged written discovery. The Court is aware of Defendants' objections to Plaintiff's discovery requests and, at the Court's direction, the parties are addressing those objections in an attempt to resolve them amicably without any need for further Court involvement, or at least narrow the areas of dispute in the event agreement cannot be reached. On July 19, 2006, Plaintiff delivered the accompanying letter to Defendants proposing a narrowing and refocusing of those requests and have yet to hear back from counsel. The parties have and will continue to cooperate in addressing any issues regarding written discovery as they arise before seeking the Court's participation.

# KNEPPER & STRATTON

July 20, 2006
Page 2

    While discovery is progressing, given the scheduling complexities of all four counsel and, out of an overabundance of caution, Plaintiff believes that a slight enlargement of the discovery cut-off might be necessary. Plaintiff wishes to make the court aware of this belief at the earliest possible point. Plaintiff submits that a brief enlargement of 30 to 40 days would be appropriate beyond the current September 25, 2006 cut-off and still not interfere with the current pretrial conference date of April 17, 2007. Plaintiff will contact counsel for the Defendants to determine if an agreement can be reached on any enlargement.

                          Respectfully,

                          /s/ Barbara H. Stratton
                          Barbara H. Stratton
                          Joseph F. Lawless

BHS/cmd
Enclosures
cc:    Gregg E. Wilson, Esquire (via E-file & U.S. Mail)
       Richard R. Wier, Jr., Esquire (via E-file and U.S. Mail)
       Joseph Freebery (U.S. Mail)

Law Offices

# JOSEPH F. LAWLESS
6 HARVEY LANE
NEWTOWN SQUARE, PENNSYLVANIA 19073
(610) 356-0875

July 19, 2006

**VIA FAX & REGULAR MAIL**

Richard R. Wier, Jr., Esquire
Richard R. Wier, Jr., P.A.
Two Mill Road, Suite 200
Wilmington, DE 19086

Re:  Freebery v. Coons, et al.

Dear Dick:

In keeping with the Court's directive and bearing in mind it's ruling with respect to *Noerr-Pennington's* impact on discovery, plaintiff will narrow the scope of his requests as set forth below. I believe this should resolve the issues and would ask that you review the following and then give me a call after you have done so and we can then decide if it is necessary to get back to the Court.

**Plaintiff's First Request for Production**

Request 2.          Plaintiff modifies this request to seek all such documents in effect at the time of Plaintiff's termination.

Requests 3.-5.;7.   Plaintiff requests all documents described in Requests 3.-12. in effect during the final year of the Greenhouse administration; the entire Gordon administration and the Coons Administration, to the date of plaintiff's termination.

Requests 8.-12.     Unchanged

Request 13.         Plaintiff modifies this request to seek all documents relating to the termination, intention to retire or retirement of the individuals referenced in Request 13.

Request 16.         Plaintiff corrects and modifies this request to refer to "the general managers identified in Request 13" and seeks all written communications of any kind between Coons and any member of the Executive Office regarding their continued employment, termination and/or resignation from their position as general managers.

Richard R. Wier, Jr., Esquire
July 19, 2006
Page two

Request 17.    Plaintiff will narrow this request to seek all annual evaluations and any writings indicating any disciplinary actions taken against them while serving in any position during their tenure as NCCo employees.

Request 18.    Plaintiff seeks all documents identified in this litigation. To the extent such documents were prepared by any non-lawyer, they are not within the scope of the objection asserted. To the extent such documents were prepared by a lawyer, the objection fails to properly object on that basis and defendant needs to identify the document and preparer sufficiently to allow the Court to rule on the objection.

Requests 19.-21.    Based on the Court's ruling, these requests remain and defendants should provide the documents sought.

Request 22.    The information sought by this request does not seek any material protected by the privilege asserted. Defendants identified these individuals in their initial disclosures and, presumably, these witnesses have or may have documents or materials in their possession as described in this request. This request is unchanged.

**Plaintiff's First Set of Interrogatories to Defendant Coons**

Interrogatory 1.    Plaintiff will narrow this interrogatory to members of County Council and the state legislature.

Interrogatory 2.    Plaintiff will narrow this request to members of County Council and the state legislature.

Interrogatories 4.-5.    These interrogatories do not seek any information protected by the privileges asserted. They seek the identity of persons described therein, which does not fall within the scope of any privilege. These interrogatory remains unchanged.

Interrogatories 6.-8.    These interrogatories remain unchanged.

Interrogatory 9.    This interrogatory is modified to seek the identity of any individual with whom Coons discussed the potential legality or illegality of the identified statute. This interrogatory does not seek any privileged communication but rather seeks the identity of individuals and is not covered by the privilege assert in Coons' response.

Richard R. Wier, Jr., Esquire
July 19, 2006
Page three

Please take a look at the foregoing and let me know your position and we can then see if this can be resolve without having to go back to the Judge.

Very truly yours,


JOSEPH F. LAWLESS

JFL:lr