IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH J. FREEBERY, | ) |
| | ) |
| Plaintiff, | ) C.A. No. 05-748 (KAJ) |
| | ) |
| v. | ) |
| | ) |
| CHRISTOPHER COONS, in his official capacity | ) **REDACTED VERSION** |
| As County Executive of New Castle County and | ) |
| NEW CASTLE COUNTY, a municipal corporation; and | ) |
| JANE AND JOHN DOES 1-25, | ) |
| | ) |
| Defendants. | ) |

**BRIEF IN SUPPORT OF
MOTION TO DESIGNATE DISCRETE PORTIONS OF THE DEPOSITION
TESTIMONY BY CHARLES F. BAKER
AS CONFIDENTIAL PURSUANT TO THE COURT'S MARCH 16, 2006
<u>PROTECTIVE ORDER</u>**

Linda Richenderfer (#4138)
BIFFERATO, GENTILOTTI, BIDEN
& BALICK LLC
1308 Delaware Avenue
Wilmington, Delaware 19899
(302) 429-1900

and

Megan E. Hills, Esquire
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Fax: (202) 434-5029

Attorneys for Third-Party Deponent Charles Baker

Dated: Wilmington, Delaware
October 5, 2006

# TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES ................................................................................................. i

NATURE AND STAGE OF PROCEEDINGS .................................................................... 2

SUMMARY OF ARGUMENT ............................................................................................ 3

STATEMENT OF FACTS ................................................................................................... 4

ARGUMENT ........................................................................................................................ 7

CONCLUSION ................................................................................................................... 15

# TABLE OF AUTHORITIES

*Page*

*Cases*

Dann v. Chrysler Corporation,
    166 A.2d 431 (Del. Ch. 1960).................................................................................10

███████████████████████████████████

Genzyme Corp. v. Atrium Medical Corp.,
    315 F. Supp. 2d 552 (D. Del. 2004).......................................................................11

Morton v. Brockman,
    184 F.R.D. 211 (D. Me. 1999).................................................................................11

███████████████████████████████████

███████████████████████████████████

## NATURE AND STAGE OF PROCEEDINGS

Movant Charles F. Baker ("Mr. Baker") is not a party to the underlying action, which upon information and belief is a civil employment dispute matter. It is believed that the parties to this action are in the midst of conducting fact discovery. Plaintiff's counsel subpoenaed Mr. Baker for a deposition, which occurred on August 14, 2006. Mr. Baker seeks to have certain portions of his deposition testimony designated as "Confidential" and afforded the protections granted to such a designation pursuant to this Court's March 16, 2006 Protective Order for the Production Exchange and Use of Confidential Information (the "March 16, 2006 Protective Order"). Plaintiff's counsel does not consent to this designation, while defendants' counsel is in agreement.

## SUMMARY OF ARGUMENT

1.   ███████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████ that are not relevant to this action, nor likely to lead to the discovery of admissible evidence.

2.   Pursuant to the provisions of Federal Rule of Civil Procedure 26(c) and this Court's March 16, 2006 Protective Order, certain portions of Mr. Baker's deposition testimony should be marked "Confidential" and awarded the protections afforded under the terms of the Court's Protective Order.

## STATEMENT OF FACTS

Without notice to Megan Hills, Esq., Mr. Baker's personal counsel ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ plaintiff's counsel subpoenaed and took the deposition of Mr. Baker on August 14, 2006. Mr. Baker was purportedly being deposed as a witness in this civil lawsuit concerning plaintiff Joseph Freebery's ("Mr. Freebery") allegations of wrongful termination. Believing that the deposition would be limited to Mr. Freebery's allegations of wrongful termination ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Thus, all counsel and the witness, Mr. Baker, were caught unawares ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ While it may have been prudent for counsel present to invoke the procedures outlined in this Court's March 16, 2006 Protective Order, they did not. Mr. Baker was unaware that such an order had even been



4

entered. So, without advice from appropriate counsel who had the pertinent information with which to advise Mr. Baker, Mr. Baker answered the questions put to him.

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████ Mr. Baker was not able to reach his Personal Counsel while at the deposition, but instead reached an associate familiar with the matter, who instructed Mr. Baker to tell plaintiff's counsel that no more questions ████████████████ would be answered. *See* Deposition of Charles F. Baker, given August 14, 2006, *Joe Freebery v. Christopher Coons, et al.*, Civ. No. 05-748 KAJ ("Baker Dep."; Attached as Exhibit A) at 48. Requests were also made of plaintiff's counsel– both during the deposition and when later contacted by Personal Counsel – to place all sections of the deposition inquiring into the ████████ ██████████████ but these requests were all denied by plaintiff's counsel. *Id.* at 49-50; *see also* Correspondence to and from Megan E. Hills and Joseph Lawless (Attached as Exhibit B).

Unfortunately, the bell has already been rung for as was stated in the deposition, "Mr. Lawless does not intend to ask [Mr. Baker] any further questions." Baker Dep. at 49. The associate was ignorant of the March 16, 2006 Protective Order, as was Mr. Baker, so a request to designate sections of the transcript as "Confidential" was not specifically made. Moreover, plaintiff's counsel, when refusing to place sections of the transcript under seal, did not inform anyone of the existence of the March 16, 2006 Protective Order, which provides that "[a]ny deposition testimony may be designated as Confidential during the deposition by stating orally on the record that certain information

5

or testimony is Confidential. Any such testimony shall bear the designation of Confidential at the top of each page and be placed separately under seal by the court reporter." March 16, 2006 Protective Order at 2-3 (Exhibit C).

In effect, having asked plaintiff's counsel to place the inquiry into the ███████ ███████████████ Mr. Weir designated those sections of the deposition transcript as Confidential. Baker Dep. at 49. Numerous attempts have also been made to no avail to reach an agreement with plaintiff's counsel about placing discrete portions of Mr. Baker's testimony under seal or to have them designated as Confidential, which selected passages were identified by plaintiff's counsel. *See* Exhibit D. Personal Counsel and Mr. Baker must therefore avail themselves of the procedures set out in enumerated paragraphs seven (7) and eight (8) of the March 16, 2006 Protective Order.

6

## **ARGUMENT**

Mr. Baker is a witness. He is not a party. He is not a public official. He is an employee of the County of New Castle as the General Manager of Land Use. The Court's March 16, 2006 Protective Order, in pertinent part, states:

> Considering the nature of this case, and after weighing the presumption in favor of access to court proceedings as well as public records and documents, including judicial records and documents, and considering whether "good cause" exists under Fed.R.Civ.P. 26(c) protect anyone annoyance, embarrassment, oppression or undue burden or expense, the court specifically finds that certain narrowly tailored categories of documents may be confidential in this particular case. This category does not include facts, testimony or documents relating to the conduct of public officials or entities about which the public has the legitimate right to know, **but it does include for other persons:** medical records, non-public financial information, **and other information as to which there is a legitimate privacy interest.**

March 16, 2006 Protective Order at 1 (Exhibit C) (emphasis added).



Plaintiff's counsel's questions regarding Mr. Baker's ▮▮▮▮▮ ▮▮▮▮▮ that are wholly irrelevant to this action. While the discovery process is broad, it does not allow fishing expeditions. It is one thing to seek underlying facts about individuals; it is quite another to compel a private person via subpoena to testify without advice from appropriate counsel about ▮▮▮▮▮

For example, plaintiff's counsel asked questions of Mr. Baker, not directed at getting ▮▮▮▮▮

    Q. *Do you recall approximately* ▮▮▮▮▮

7

Q. *Am I correct* ■■■

Q. *Am I correct* ■■■

Q. *And would I also be correct* ■■■

Q. *Who actually* ■■■

Q. ■■■

Q. *Do you recall* ■■■

Q. *Did you ever tell* ■■■

Q. *Did you tell* ■■■

Q. *[D]id you* ■■■

Q. *Did you* ■■■

Q. *Did you* ■■■

Citations are to Baker Dep. (emphasis added throughout).

■■■

[REDACTED] are precisely the sections of the transcript Personal Counsel seeks to designate as "Confidential."[1] The public does not have a legitimate interest in knowing [REDACTED]

[REDACTED] While a witness *may choose* [REDACTED] one like Mr. Baker, who was compelled to testify under subpoena without the benefit of counsel who understood the ramifications of [REDACTED] had no choice in disclosing [REDACTED]

Plaintiff's counsel's questions to Mr. Baker [REDACTED] While the discovery process is broad, it does not allow fishing expeditions into areas that have nothing to do with the underlying case. Moreover, Mr. Baker, as a private citizen, has an interest in maintaining his privacy [REDACTED]

[REDACTED] There is absolutely no reason that this information need become public. [REDACTED]

---

[1] Personal Counsel also seeks to mark as "Confidential" discussions among counsel as to [REDACTED] *See Errata* Sheet (attached as Exhibit D, and Baker Dep. at 48:13-24; 49:1-24; 50:1-24; 51:1-9; 52:1-22)

9

▮▮▮ Here, where there are important countervailing interests at stake, the discovery should not have taken place, but as it has already occurred, there is no justifiable reason to publicize ▮▮▮ and it should be designated as "Confidential" and afforded appropriate safeguards.

▮▮▮ has *no relationship whatsoever* to the subject matter of this lawsuit. Mr. Freebery did not even work in the Land Use Department. He did not work for or with Mr. Baker. Mr. Baker had no say in whether Mr. Freebery's employment should continue or not. He had no involvement in either the hiring or firing of Mr. Freebery ▮▮▮

▮▮▮ not even reasonably calculated to lead to admissible evidence. ▮▮▮

While it is undeniable that the discovery rules permit a broad inquiry into the *relevant* facts of the case, the application of the discovery rules is not a mechanical determination, but rather, is a matter addressed to the sound discretion of this Court. *Dann v. Chrysler Corporation*, 166 A.2d 431, 432 (Del. Ch. 1960). Relevant evidence is defined in Federal Rule of Evidence 401 as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more

probable or less probable than it would be without the evidence." Where evidence does not have any tendency to make the existence of any fact that is of consequence to the determination more probable or less probable, the evidence is inadmissible. *Genzyme Corp. v. Atrium Medical Corp.*, 315 F.Supp.2d 552, 561 (D. Del. 2004) ("According to FRE 401-403, admissible evidence must be relevant, or tend to make a fact more or less probable."); *Morton v. Brockman*, 184 F.R.D. 211, 216 (D. Me. 1999) ("it is unlikely that the evidence in question would be admissible under F.R.E. 401-402. Defendants' sole argument that this evidence is relevant to comparative negligence proceeds on the inaccurate assumption that Carl's failure to wear a seat belt constituted a violation of a Maine statutory provision requiring all drivers to wear seat belts. Given that, in fact, Carl had no statutory duty to wear a seat belt, the evidence appears immaterial to a claim of comparative negligence and possibly even mitigation of damages.")

The nature of the information plaintiff's counsel sought and obtained and its irrelevancy to the current matter demands that particular care be taken in the application of the discovery rules. ████████████████████████████

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

██████████████████████████████████████████
██████████████████████████████████████████

Delaware law is fully in accord with federal law on this point. ████████

██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
████████████████████████

In the context of civil litigation, a Delaware Vice Chancellor has already quashed a subpoena where testimony was sought from Mr. Baker ████████████

██████████████████████████████████████████
██████████████████████████████████████████
████████████████████

> [T]his is one of those rare instances where I am satisfied that to ask Mr. Baker questions about a totally unrelated ████████████ is beyond the scope of either relevance or likely to lead to the discovery of admissible evidence standard.
> I do not believe that Mr. Baker's testimony in that limited area ████████████████████████ will help me ultimately decide those issues which I have to decide. At some level that is too simplistic a formulation of the test that I apply, but it does guide me to an extent. I simply don't want to go too far afield, and I don't want to get into collateral issues.

12

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ The Court quashed the subpoena served on Mr. Baker.

Here, Personal Counsel is not seeking to prevent plaintiff's counsel from obtaining the discovery – as he has already obtained it – but only to protect the irrelevant testimony ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ from wider dissemination. Not only does the public have no legitimate interest in knowing ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ but a witness should be protected if that witness wishes to protect his or her privacy by keeping that information from public dissemination.

Throughout Personal Counsel's attempt to obtain plaintiff's counsel's consent, Personal Counsel represented and represents here that if an unforeseen circumstance arises where information designated as "Confidential" is legitimately needed to be used in the case, Personal Counsel would work to make that possible – whether that be to ask the Court to lift a particular "Confidential" designation or to join in a request that the pleading where the information needed to be used be filed under seal.

In short, there is no reason ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Mr. Baker should not be protected from public disclosure of his irrelevant ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓ unless the argument is that plaintiff's counsel needs to publicize Mr. Baker's ▓▓▓▓▓▓▓▓▓▓▓▓ for the purposes of annoyance, embarrassment, and oppression of Mr. Baker in violation of Fed. R. Civ. P. 26(c)(1).

Mr. Baker is a private citizen, whose role in this case is limited to being designated by plaintiff's counsel as a fact witness. He should be afforded protection of his privacy interests by having the portions of his deposition ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓ deemed Confidential and sealed. Plaintiff's counsel refusal to agree to seal any

13

part of the transcript suggests possible illegitimate motives to harass and embarrass Mr. Baker. Plaintiff's counsel has the information such that if it was calculated to lead reasonably to admissible evidence, he can use the information to seek the admissible evidence – he has no reasonable grounds upon which to object to sealing the discrete sections of the deposition transcript containing his inquiry into a grand jury investigation regarding individuals who are not parties to his case, unless his motive is merely to embarrass and harass Mr. Baker. Moreover, Personal Counsel has pledged to work with all counsel for the parties in this litigation that should there arise any unforeseen situation where the sealed sections need to be used to affect a means for doing so.

## CONCLUSION

Mr. Baker was placed in a situation without the benefit of his Personal Counsel where he was compelled to ███████████████████████████ ███████████████████████████████████ topics that are not the subject matter of this civil suit. ███████████████████████ is both irrelevant and not reasonably calculated to lead to admissible evidence. There is no reason that his deposition testimony on this topic should not be designated as "Confidential" to protect ███████████████████████████ in general and Mr. Baker's privacy interests in particular ███████████████████████████████ ██████████.

Therefore, it is respectfully requested that the Court order that the discrete portions of Mr. Baker's deposition testimony ███████████████████████████ ████████████ as specified in Exhibit D, be designated "Confidential" and afforded the protections offered under the Court's March 16, 2006 Protective Order.

Respectfully submitted,

*(signature)*

Linda Richenderfer (#4138)
BIFFERATO, GENTILOTTI, BIDEN &
BALICK LLC
1308 Delaware Avenue
Wilmington, Delaware 19806
302-429-1900

and

15

                                      Megan E. Hills, Esquire
                                      WILLIAMS & CONNOLLY LLP
                                      725 Twelfth Street, N.W.
                                      Washington, DC 20005
                                      Telephone: (202) 434-5000
                                      Fax:  (202) 434-5029

October 5, 2006                         Attorneys for Third-Party Deponent
                                                                Charles Baker