IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH J. FREEBERY<br>           Plaintiff | : <br> : <br> : |
| v. | :    C.A. No. 05-748-GMS |
| | : |
| CHRISTOPER COONS, in his official capacity as<br>County Executive of New Castle County and in his<br>individual capacity; and NEW CASTLE COUNTY,<br>a municipal corporation; and JOHN DOES 1-25<br>           Defendants. | : <br> : <br> : <br> : <br> : |

**CONFIDENTIAL MATERIAL
SUBJECT TO A PROTECTIVE ORDER**

---

**PLAINTIFF'S ANSWERING BRIEF IN RESPONSE TO
MOTON TO DESIGNATE DISCRETE PORTIONS OF THE DEPOSITION
TESTIMONY BY CHARLES F. BAKER AS CONFIDENTIAL PURSUANT TO
THE COURT'S MARCH 16, 2006 PROTECTIVE ORDER**

---

**KNEPPER & STRATTON**

**OF COUNSEL:**
Joseph F. Lawless, Esq.
PA Id. No. 23691
6 Harvey Lane
Newtown Square, PA 19083
610.356.0875

Barbara H. Stratton, Esq.
P.O. Box 1795
1228 North King Street
Wilmington, Delaware 19801
302.658.1717
Delaware Bar ID # 2785
Counsel for Joseph J. Freebery

# TABLE OF CONTENTS

Table of Citations.................................................................... ii

Nature and Stage of the Proceedings.............................................. 1

Summary of Argument................................................................ 1

Counter-Statement of Relevant Facts ............................................. 2

Argument ............................................................................. 5

I. There is No Legal Basis or Factual Support
   For Any Designation of Confidentiality........................................ 5

    A.  Applicable law........................................................... 5

    B.  Baker Fails to Show Any Injury........................................7

    C.  The Testimony Baker Seeks to Designate as Confidential
       Does Not Implicate ███████████████████████████████

    D.  Relevance Has No Bearing On the Issue Before the Court.................. 12

Conclusion .......................................................................... 15

i

## TABLE OF AUTHORITIES

**CASES:**                                                        **PAGES(S)**

**Federal**

*Feldman v. Philadelphia Housing Authority,* 43 F.3d 823 (3d Cir. 1994) …………......6, 8

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

*Joseph J. Freebery v. NCCo, et al.,* No. 05-748-KAJ……………………………….....2

*Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340 (1978)………………………….....12

*Pansy v. Borough of Stroudsburg,* 23 F.3d 772 (3d Cir. 1994)……………………...5, 6, 8

*Pearson v. Miller,* 211 F.3d 57, (3d Cir. 2000)………………………………………..…. 6

*Maloney et al. v. Gordon, et al.,* Civil Action No. 03-999-KAJ………………….…....5, 6

[redacted]

**State**

*New Castle County v. Christiana Town Center, LLC,*
Delaware Chancery Court Civil Action No. 206040-NC………………………………..11

ii

**Statutes and Authorities**

**Federal**

Fed. R. Civ. P. 26(c) ................................................................5

**State**

11 Del. C. § 1240(b) ................................................................7

**Other Authorities**

J. Lawless,

## NATURE AND STAGE OF THE PROCEEDINGS

On October 26, 2005, Joseph J. Freebery filed a civil rights, wrongful discharge action against his former employer New Castle County, Delaware and NCCo County Executive Christopher Coons, in his official and individual capacities. Discovery is ongoing. Thus far, plaintiff has taken eight depositions, including Charles F. Baker, who was identified as a defense witness in defendants' Rule 26 Initial Disclosures. Mr. Baker is the General Manager ("GM") of the New Castle County Department of Land Use and was so employed during both the Gordon and Coons administrations at the same time plaintiff served as General Manager of the Department of Special Services. Baker, Freebery and their two departments regularly interacted throughout plaintiff's service as a General Manager.

Mr. Baker was deposed on August 14, 2006. His "personal counsel" now asks the Court to designate as "Confidential" several questions and answers regarding Baker's conduct during this period and specific questions regarding ███████████████████

███████████████████

In the absence of any legal or factual basis to support such a designation, plaintiff opposes this motion and it should be denied.

## SUMMARY OF ARGUMENT

The motion to designate portions of the Baker deposition as confidential should be denied. Mr. Baker fails to meet the legal standard necessary to support such a designation. The testimony he seeks to exclude is expressly *excluded* from the Order he invokes as "facts and testimony relating to the conduct of public officials about which the public has the right to know". ███████████████████

1

██████████████████████████

██████████████████████████

████████████ The questions posed sought information relevant to the facts alleged in plaintiff's complaint, the potential bias or prejudice of the witness and were easily within the scope of Federal Rule of Civil Procedure 26.

## COUNTER-STATEMENT OF RELEVANT FACTS

The facts alleged in plaintiff's complaint cover the period of Mr. Freebery's service as General Manager of Special Services during both the Gordon and Freebery administrations. The complaint specifically references the ████████████

████████████ and alternatively alleges in support of plaintiff's causes of action that he was fired because he was Sherry Freebery's brother, supported her political campaign against her political rival, defendant Christopher Coons, and publicly supported her both before and ████████████ Complaint, *Joseph J. Freebery v. NCCo, et al.*, No. 05-748-KAJ, D.I. 1, ████████████

Richard R. Wier, Jr., Esquire and Deputy County Attorney Michelle Allen appeared on behalf of the defendants and Mr. Baker at Baker's deposition. Mr. Baker was subpoenaed to appear. D.I. 36. Early in the deposition, Mr. Baker was asked if he had ever testified under oath on any prior occasions. Baker indicated that he had given two other civil depositions and ████████████████████████

████████████ Baker Deposition, pp. 3-4, attached as Exhibit "A" to Baker Motion to Designate (hereafter "Baker Deposition").

Mr. Baker was asked several prefatory questions regarding ████████████ ████████ and several questions regarding his testimony ████████████ and he

2

responded to those questions. Baker Deposition, pp. 4-10. He was also asked several

questions regarding his conduct while GM of the Department of Land Use. *Id.* In

substance, Mr. Baker testified at his deposition ███████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████

████████████████████████████████████████ *Id.* Several of

the questions in this grouping of questions were direct questions regarding Baker's

conduct and what he observed, independent of █████████████, while several

other questions asked specifically █████████████ *Id.* Notably, there was

no objection by either Mr. Wier or Ms. Allen to any of the questions here at issue on the

grounds of relevance. Baker Deposition, pp. 3-10. Mr. Wier correctly stated *on the*

*record at the deposition* that counsel *could* █████████████████████

█████████████████████ Mr. Wier raised only the question of whether ███

████████████t have been used to impact or restrict the witness' ability to testify.

Baker Deposition, p. 6. After Mr. Baker answered those few questions, his deposition

continued to completion.

Mr. Wier later requested a break in the deposition to discuss with Baker whether

there *was* any kind of "agreement" with █████████████████████████

█████or whether there were "any other restrictions" on his responding to questions

which had been asked and answered (presumably as a result of such an agreement).[1]

---

[1] At the point Mr. Wier asked for the recess to consult with the witness, there were no questions pending
regarding ████████████

Plaintiff's counsel noted that there could be no such agreement or restriction with a

████████████████████████████████████████████████████████

████████████████████████████████████████. Baker Deposition, p. 48-

52. Local practice notwithstanding[2], plaintiff's counsel agreed to the recess for the

purpose requested by Mr. Wier. Mr. Wier then consulted with Mr. Baker and contacted

Baker's "personal" █████████ counsel. Following the recess, Mr. Wier stated that Ms.

Allen had spoken with "personal" counsel and that Baker had been advised not to answer

any further questions, should they be posed. Baker Deposition, pp. 48-52.

Mr. Wier then requested that the questions regarding █████████████████ y be sealed

"until we have a chance to further review it" stating that they would "provide Mr.

Lawless with his – Mr. Baker's separate counsel's position in connection with those

issues." Plaintiff's counsel refused to agree to seal the deposition, stating on the record

his belief that there was no legal basis to support such a request. Plaintiff's counsel

further stated that if Mr. Baker's "personal" counsel wanted to seal the deposition, they

would have to file an appropriate motion or contact the Court. Baker Deposition, pp. 48-

52. Plaintiff's counsel stated that the deposition would not be "waived around" but that

he was not willing to waive plaintiff's rights or agree to confidentiality where it was not

legally supportable. Baker was given plaintiff's counsel's business card and telephone

number and told to have his "personal" counsel contact plaintiff's counsel if there was an

issue she wished to raise. Baker Deposition, p. 52. Plaintiff's counsel also arranged for

immediate, email delivery of ASCIII "rough" drafts of the Baker deposition, which were

received by deposition counsel that evening. The rough deposition was available to

---

[2] *See* Deposition of Joseph J. Freebery, 7/28/06 at pp. 20-24.

"personal counsel" who took no action. Approximately five weeks later, following an exchange of telephone voice mails and emails, the instant motion was filed.

## ARGUMENT

## I.     THERE IS NO LEGAL BASIS OR FACTUAL SUPPORT FOR ANY DESIGNATION OF CONFIDENTIALITY

### A. Applicable law

In the context of fashioning appropriate confidentiality orders in other civil cases, this Court has expressly recognized the common law right of the public to have access to the courts, part and parcel of which is "an independent right for the public to view proceedings and to inspect judicial records." *See, e.g. Maloney et al. v. Gordon, et al.,* Civil Action No. 03-999-KAJ, Memorandum Order 7/27/04; *In re Cendant Corp.,* 260 F.3d 183, 193 (3d Cir. 2001); *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 781(3d Cir. 1994). Any time a protective order restricts that access, the public's right is curtailed and an appropriate balancing of competing interests is required. *See Pansy, supra,* 23 F.3d at 787.

A closely related second point is that protective orders, though a regular feature of litigation, are *not* a matter of right. On the contrary, under Federal Rule of Civil Procedure 26(c), protective orders are only to issue upon "good cause shown" and within the scope of what "justice requires". Fed. R. Civ. P. 26(c); *see Pansy,* at 786 (". . . [I]t is well-established that a party wishing to obtain an order of protection over discovery material must demonstrate that 'good cause' exists for the order of protection.") (citation omitted). What constitutes "good cause" and what justice requires will naturally vary from case to case, but that variability does not render those touchstones meaningless.

5

Thirdly, the burden of showing that good cause exists and that the appropriate
balancing should result in a protective order rests on the party seeking protection.  Such
an order is only appropriate, however, where the party seeking the order "shows good
cause by demonstrating a particular need for protection." *Pansy, supra,* 23 F.3d at 787.
The party seeking confidentiality has the burden of showing injury with "specificity."
*Pearson v. Miller,* 211 F.3d 57, 72 (3d Cir. 2000)(internal citations and quotation marks
omitted).

In some circumstances, "[t]he injury shown ... need be no more than
'embarrassment'; thus, a party need not establish a monetizable injury." *Id.* at 73.
(citation omitted).  But "[w]hile preventing embarrassment may be a factor satisfying the
'good cause' standard, an applicant for a protective order whose chief concern is
embarrassment must demonstrate that the embarrassment will be *particularly* serious."
*Pansy,* 23 F.3d at 787 (emphasis added).  This already high burden becomes higher still
when the source of embarrassment is associated with allegations of official corruption.
"Disclosing corruption, fraud, and illegality in a government agency is a matter of
significant public concern." *Feldman v. Philadelphia Housing Authority,* 43 F.3d 823,
829 (3d Cir. 1994).  Hence, "privacy interests are diminished when the party seeking
protection is a public person subject to legitimate public scrutiny." *Pansy,* 23 F.3d at 787
(citation omitted), *cited in Maloney v. Gordon, supra.*  Moreover, the Protective Order in
place in this case and invoked by Mr. Baker expressly excludes "facts, testimony and
documents relating to the conduct of public officials or entities about which the public
has a legitimate right to know".  Protective Order, 3/16/06, p.1, D.I. 24, Exhibit E,
attached to Baker Memorandum.

6

Mr. Baker is the General Manager of the Department of Land Use for New Castle County and manages one of the larger and more complex departments of New Castle County government. He is appointed by the County Executive and has discretionary authority to approve land use plans and otherwise manage his department. He is unquestionably a "public official" and very clearly a "public person" in every sense of that term.[3] He is hardly a private person in the context of this case.

### B.    Baker Fails to Show Any Injury

It is Mr. Baker's burden to establish that there is "good cause" for his request and that justice requires it be entered. Mr. Baker's only stated concern is privacy. He argues:

> . . . Mr. Baker, as a private citizen, has an interest in maintaining his privacy as to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ There is absolutely no reason that this information need become public.

Baker Brief in Support of Motion to Designate, p. 9. Baker then later states:

> . . . there is no justifiable reason to publicize Mr. Baker's role ▮▮▮▮▮▮▮▮ ▮▮▮ and it should be designated as "Confidential" and afforded appropriate safeguards.

*Id.* at 10. It is not anyone burden, and certainly not plaintiff's, to establish a reason why the information should "become public". Rather, it is Mr. Baker's burden to show good cause that it be kept confidential under the applicable standard.

The only "injury" articulated by Baker, is "privacy" of an unspecified nature. Since ▮▮▮▮▮▮▮▮▮▮▮▮▮ related to allegations of public corruption and Mr.

---

[3] *See, e.g.* 11 Del. C. § 1240 (b), defining "public official" in the context of the crime of Terroristic Threatening of Public Officials. Plaintiff's counsel in this case was also counsel for Jim Feldman. In *Feldman,* the "public officials" under scrutiny and whose corruption *Feldman* exposed included the appointed Executive Director of the Philadelphia Housing Authority, the self-appointed Chairman of the Board of PHA and various other PHA managers, none of whom were elected to those positions.

Baker is a public official, his privacy interests are diminished. *Pansy, supra,* 23 F.3d at 787; *Feldman, supra*, 43 F.3d at 829. Baker does *not* claim to be embarrassed by his ████████████████████, nor does he claim any embarrassment of a "particularly serious" nature, as required by *Pansy* and its progeny. *Pansy,* 23 F.3d at 787. According to Mr. Baker's responses to the few questions posed at his deposition, ████████████████

████████████████████████████████████████

████████████████████████████████

constitutes embarrassment of a "particularly serious" nature such that a confidentiality designation is legally supportable. Mr. Baker's responses were also ". . . testimony relating to the conduct of public officials about which the public has the legitimate right to know". The deposition testimony was properly elicited, addressed matters relevant to this litigation *and* covered matters of significant public concern. Since he cannot show the requisite injury, Mr. Baker fails to meet his burden and his motion must be denied.

**C.  The Testimony Baker Seeks to Designate As Confidential Does Not** ████████

The initial questions at issue addressed Baker's conduct while he was General Manager of Land Use. Baker Deposition, p. 7, l. 17 – 8, l. 4. He was then asked several questions regarding ████████████████████ Baker Deposition, p. 8 – 10. As one commentator, and partner of Mr. Baker's "personal" counsel, has stated:

████████████████████████████████████

████████████████████████████████████

████████████████████

████████████████████████████████

████████████████████████████████████





Baker's reliance upon the Delaware Chancery Court ruling in *New Castle County v. Christiana Town Center, LLC,* Chancery Court Civil Action No. 206040-NC is both misplaced and misleading. Preliminarily, meaning no disrespect to Chancery Court, that Court's ruling has no binding or precedential authority in this forum and the Vice-Chancellor's ruling has no bearing on this case. In *Christiana,* Mr. Baker had *already* been deposed. Hearing Transcript, pp. 13, l. 23-34; p. 15, l. 10-15, Exhibit E, attached to Baker Memorandum, The issue before the Vice Chancellor was whether to compel Mr. Baker to appear for *additional* deposition testimony in that case and the ruling was expressly based upon grounds of the relevance of the sought after, additional testimony *in the context of that case.* Hearing Transcript, p. 24-25, Exhibit E, attached to Baker Memorandum. The ruling was not based upon ████████████████████ nor did it go beyond the scope of that particular case.[4] The Chancery Court ruling has no bearing upon the question of whether the questions and answers here at issue should be designated confidential.

Mr. Baker argues that his "personal" █████████ counsel should have been given notice of his deposition and, for that reason, the testimony should be held as confidential, since with that counsel's guidance, Mr. Baker would have refused to answer the questions. Even assuming this were a correct statement of the law, it has no bearing on whether or not Mr. Baker meets his burden with respect to this motion. In fact, under existing law, had Baker's counsel directed him not to answer the questions, that direction would have been improper and Baker would have been compelled to answer. Proper

---

[4] Personal counsel for Mr. Baker in *Christ*██████████████████████████████████████████████
████████████████████████████████████████████████████████████████
██████████████████████████████ This argument does not appear to have been considered by Vice Chancellor in his ruling.

11

notice of deposition was given to counsel of record in this case. Mr. Baker was prepared

for his deposition by Mr. Wier. He testified he had seen the complaint, which

specifically referenced the Gordon and Coons administrations, as well as ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮ Baker Deposition, p. 11-12. Baker is a forty-two year old, competent adult

who is clearly capable of deciding whether he should pick up a telephone and call his

"personal counsel". An exhibit to Baker's own motion establishes that he knows he can

call on his "personal" counsel and has done so in connection with other, civil cases.

Baker Memorandum, Exhibit E. There is and should not be any obligation imposed on

plaintiff's counsel as is suggested here and nor does this have any bearing on the issue

before the Court.

### D.    Relevance Has No Bearing on the Issue Before the Court

Baker argues that the questions and answers here at issue were irrelevant to the

underlying case, not reasonably calculated to lead to the discovery of admissible evidence

and, therefore, his motion for confidentiality should be granted. Relevance has no

bearing on the issue before the Court, however, the relevance of the questions asked is

abundantly clear.

Federal Rule of Civil Procedure 26(b)(1) provides that discovery need not be

confined to matters of admissible evidence, but may encompass that which appears to be

reasonably calculated to lead to the discovery of admissible evidence. Relevancy is to be

broadly construed for discovery purposes and is not limited to the precise issues set out in

the pleadings or to the merits of the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S.

340, 351 (1978). The discovery rules are accorded broad and liberal construction.

Of the witnesses identified by the defendants in their Initial Disclosures, Mr. Baker was the only "hold-over" General Manager from the Gordon Administration. Two of the other witnesses identified in defendants' Initial Disclosures, Jon Husband and Tracey Surles, were members of plaintiff's department who had significant interaction with the Land Use Department. As the result of plaintiff's trial preparation, plaintiff's counsel believed that part of the defendants' theory of defense would be that there was a less than productive relationship between the departments and that Baker, Husband and Surles would provide negative testimony regarding plaintiff's performance as General Manager in that context.[5] This theory was bolstered by counsel's knowledge that, during ███████████████████████, Mr. Baker had loudly confronted Sherry Freebery, angrily shouting at her that her conduct "hurt me and my department's reputation". Baker Deposition, pp. 43-45. The reality of this case – and one of the facts alleged in support of the causes of action in the complaint – is that Sherry Freebery is Joe Freebery's sister. It was a logical conclusion that there could be a strong possibility that Baker's anger and negative animus toward plaintiff's sister might also extend to plaintiff and may have manifested itself ██████████████████████████████████████████████████, hence the questions posed.

Plaintiff's counsel was further aware that there was an ongoing give and take between the Land Use and Special Services Departments regarding various building and capital projects, including sewer issues, which relationship was confirmed by Baker during his deposition. Baker Deposition, pp. 35-36. Given the scope of ██████████ ██████████████████████████████████████████ plaintiff's counsel again concluded that there was the possibility that Mr. Baker had given sworn testimony ████

---

[5] This has been confirmed by the depositions of Husband and Surles.

███████ regarding plaintiff Joe Freebery's conduct with respect to one or more of

the schemes alleged in that indictment. In this context, counsel asked Mr. Baker if he had

ever been deposed or had ever given sworn testimony on prior occasions and Baker

admitted he had testified ██████████████ Plaintiff's counsel was aware that there

is ██████████████████████ testimony and that it was

perfectly appropriate to make such inquires. Attempting to determine whether a witness,

whom counsel correctly expects will be hostile, has given prior sworn testimony

regarding a plaintiff is a legitimate and relevant area of inquiry. Counsel chose not to

"telegraph" the intent of his question regarding plaintiff by including the other two

individuals who, by the time of the deposition, ████████████████████████

███████ While Mr. Baker's recollection was clear as to what he said or did not say

regarding his conduct and that of ██████████████████, his initial  responses to

similar questions regarding plaintiff were evasive, stating "Not that I recall" and "I really

can't remember". Baker Deposition, p. 8. Eventually, when pressed, Mr. Baker testified

at his deposition that he never testified ██████████████ that plaintiff had ever asked

him to do anything illegal or that he had ever seen plaintiff do anything illegal. Baker

Deposition, p. 10.

Baker is a witness for the defense in this case who will be called upon by the

defendants to attack Joe Freebery's performance as GM of the Department of Special

Services.

- By asking the questions here at issue, plaintiff obtained information
  necessary to determine whether to seek ████████████████████
  ████████████████████████████████████████
  ████████████████████████

- Plaintiff discovered whether this defense witness' hostile testimony regarding Joe Freebery's performance as GM included any accusations of illegal or criminal behavior, which if they were *ever* made ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

- Plaintiff eliminated any possibility that Mr. Baker might later testify that Joe Freebery had engaged in any criminal or illegal conduct and locked in his testimony with respect to any such allegation. Plaintiff's questions obtained sworn testimony which could not now be contradicted by Baker and which could be used to impeach him if Baker later claimed at trial that plaintiff *had* engaged in criminal conduct; and

- Plaintiff obtained testimony which can be used to impeach or contradict other defense witnesses who might try to claim that Baker told *them* plaintiff had engaged in illegal conduct.

Finally, it should again be noted that there was no objection made by defendants' counsel during the deposition to any of the questions here at issue on the grounds of relevance. While the questions posed to Mr. Baker clearly sought relevant information, relevance or lack thereof has no bearing on the relief sought herein.

15

**CONCLUSION**

There is neither legal basis nor factual support for Mr. Baker's request. Baker

fails to establish any particular need for protection, does not show any specific injury

other than general concerns of "privacy" (which interests are diminished in the context of

this case) and does not allege embarrassment of a particularly serious nature. Baker's

motion to designate portions of his deposition as confidential should be denied.


KNEPPER & STRATTON


s/Barbara H. Stratton

Barbara H. Stratton

**Of Counsel:**
Joseph F. Lawless
PA Bar Id. 23691
Law Offices of Joseph F. Lawless
6 Harvey Lane
Newtown Square, PA 19073
610.356.0875

P.O. Box 1795
1228 N. King Street
Wilmington, DE 19899
(302) 658-1717
Delaware Bar ID # 2785
bhs@knepperstratton.net
Attorney for Plaintiff Joseph J. Freebery

16

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JOSEPH J. FREEBERY,                                    )          C.A. No.: 05-748(KAJ)
                                                       )
          PLAINTIFF,                                   )
                                                       )
v.                                                     )
                                                       )
CHRISTOPHER COONS, IN HIS OFFICIAL CAPACITY            )
AS COUNTY EXECUTIVE OF NEW CASTLE COUNTY AND           )
IN HIS INDIVIDUAL CAPACITY; AND NEW CASTLE             )
COUNTY, A MUNICIPAL CORPORATION, AND JOHN              )
DOES 1-25,                                             )
                                                       )
          DEFENDANTS.                                  )

## CERTIFICATE OF SERVICE

I, Barbara H. Stratton, hereby certify that on October 24, 2006, two copies of the Plaintiff's

Redacted Answering Brief in Response to Motion to Designate Discrete Portions of the Deposition

Testimony by Charles F. Baker as Confidential Pursuant to the Court's March 16, 2006 Protective

Order were served electronically and by regular mail upon the following:

Richard R. Wier, Jr.                        Gregg E. Wilson, Esquire
Two Mill Road, Suite 200                    New Castle County
Wilmington, DE 19806                        87 Reads Way
                                            New Castle, Delaware 19720


Megan E. Hills, Esquire                     Linda Richenderfer, Esquire
Williams & Connolly, LLP                    1308 Delaware Avenue
725 Twelfth Street, N.W.                     Wilmington, DE 19806
Washington, D.C. 2005

KNEPPER & STRATTON

**OF COUNSEL:**

Joseph F. Lawless, Esq.
PA Id. No. 23691
6 Harvey Lane
Newtown Square, PA 19083
610.356.0875
Jlaw6@comcast.net

Barbara H. Stratton, Esq.
P.O. Box 1795
1228 North King Street
Wilmington, Delaware 19801
302.658.1717
Delaware Bar ID # 2785
bhs@knepperstratton.net
Attorney for Plaintiff