# KNEPPER & STRATTON
ATTORNEYS AT LAW
1228 NORTH KING STREET
WILMINGTON, DELAWARE 19801

E. MARTIN KNEPPER*
BARBARA H. STRATTON*

TELEPHONE: (302) 658-1717
(302) 652-7717
DOVER: (302) 736-5500

*Admitted IN DE & PA
Fed. I.D.# 51-0340523

FAX: (302) 658-0631

November 2, 2006

The Honorable Kent A. Jordan
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Room 6325
Lockbox 10
Wilmington, DE 19801

      RE:    JOSEPH FREEBERY V. CHRISTOPHER COONS, ET AL.
               C.A. No.: 05-748 KAJ

Dear Judge Jordan:

      Please accept this letter in response to the United States' Motion to Intervene Under Rule 24 of the Federal Rules of Civil Procedure, for the Limited Purpose of Seeking a Stay of Discovery. Counsel for the parties have consulted and do not oppose the government's motion to intervene.

      Plaintiff has reviewed the government's motion. The government correctly cites the authority relevant to the Court's decision and addresses the factors considered in that determination. While plaintiff disagrees with some of the allegations supporting the motion, plaintiff and defendants have arrived at the same conclusion that the stay requested is appropriate and should be granted based on application of the following factors:

      I.    The Extent To Which the Issues in the Civil and Criminal Cases Overlap

      Contrary to the government's assertion, there is significant overlap in this case and the criminal case involving Mr. Gordon and Ms. Freebery.

      The facts alleged in plaintiff's complaint cover the period of Mr. Freebery's service as General Manager of Special Services during both the Gordon and Freebery administrations. The complaint specifically references the grand jury investigation of the Gordon administration and alternatively alleges in support of plaintiff's causes of action that he was fired because he was Sherry Freebery's brother, supported her political campaign against her political rival, defendant Christopher Coons, and publicly supported her both before and after her indictment. Complaint,

# KNEPPER & STRATTON

November 2, 2006
Page 2

*Joseph J. Freebery v. NCCo, et al.*, No. 05-748-KAJ, D.I. 1, ¶¶ 8-90; 115-127; 137-144. The defendants have claimed in defense that the decision to terminate Mr. Freebery also took into consideration his performance during his tenure with the Gordon Administration, as well as the Coons Administration. *See, e.g.* Coons Answers and Objections to Plaintiff's First Set of Interrogatories, ¶¶ 1-3.

Plaintiff has deposed and is in the process of deposing those witnesses identified in defendants' Rule 26 disclosures. Federal Rule of Civil Procedure 26(b)(1) provides that discovery need not be confined to matters of admissible evidence, but may encompass that which appears to be reasonably calculated to lead to the discovery of admissible evidence. Relevancy is to be broadly construed for discovery purposes and is not limited to the precise issues set out in the pleadings or to the merits of the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The discovery rules are accorded broad and liberal construction.

Of the witnesses identified by the defendants in Rule 26 Initial Disclosures, Charles Baker was the only "hold-over" General Manager from the Gordon Administration. Two of the other witnesses identified in defendants' Initial Disclosures, Jon Husband and Tracey Surles, were members of plaintiff's department who had significant interaction with the Land Use Department. As the result of plaintiff's trial preparation, plaintiff's counsel believed that part of the defendants' theory of defense would be that there was a less than productive relationship between the departments and that Baker, Husband and Surles would provide negative testimony regarding plaintiff's performance as General Manager in that context.[1] This theory was bolstered by counsel's knowledge that, during the grand jury investigation, Mr. Baker had loudly confronted Sherry Freebery, angrily shouting at her that her conduct "hurt me and my department's reputation". Baker Deposition, pp. 43-45. The reality of this case – and one of the facts alleged in support of the causes of action in the complaint – is that Sherry Freebery is Joe Freebery's sister. It was a logical conclusion that there could be a strong possibility that Baker's anger and negative animus toward plaintiff's sister might also extend to plaintiff and may have manifested itself in sworn testimony or statements to authorities regarding Joe Freebery, hence the questions posed.

Plaintiff's counsel was further aware that there was an ongoing give and take between the Land Use and Special Services Departments regarding various building and capital projects, including sewer issues, which relationship was confirmed by Baker during his deposition. Baker Deposition, pp. 35-36. Given the scope of the criminal indictment handed down before this lawsuit was filed, plaintiff's counsel again concluded that there was the possibility that Baker, Husband or Surles had given sworn testimony or statements to authorities regarding Joe Freebery's conduct with respect to one or more of the schemes alleged in that indictment.

Husband and Surles had been members of plaintiff's department and were identified by the defendants pursuant to Rule 26. At their depositions, they stated, for the first time as far as

---

[1] This has been confirmed by the depositions of Husband and Surles.

# KNEPPER & STRATTON

November 2, 2006
Page 3

plaintiff knew, that they had complaints regarding plaintiff's performance as GM. Another member of the Coons Administration, Lynne Howard, testified that Surles had made such a complaint to her shortly after the Coons Administration took control. Howard testified, however, that she never reduced to writing what she described as a serious complaint by Sureles. In fact, of the hundreds of pages of documents produced by the defendants, none of them in any way corroborated any problem with Joe Freebery's job performance.

In this context, counsel asked Baker, Surles and Husband if they had ever been deposed or had ever given sworn testimony or statements to anyone on any prior occasions. Plaintiff's counsel was aware that there is no obligation of secrecy regarding a grand jury witnesses' testimony and that it was perfectly appropriate to make such inquires. Attempting to determine whether a witness, whom counsel correctly expects will be hostile, has given prior sworn testimony regarding a plaintiff is a legitimate and relevant area of inquiry. Counsel chose not to "telegraph" the intent of his question regarding plaintiff by including the other two individuals who, by the time of the depositions, were known to the world to have been indicted.

Baker, Husband and Surles are witnesses for the defense in this case who will be called upon by the defendants to attack Joe Freebery's performance as GM of the Department of Special Services. By asking the questions complained of by the government, plaintiff obtained information necessary to determine whether to seek formal disclosure and discovery of any grand jury testimony under Federal Rule of Criminal Procedure Rule 6 for purposes of this case. Plaintiff discovered whether these witnesses hostile testimony regarding Joe Freebery included any accusations of illegal or criminal behavior, which if they were *ever* made, would certainly have to have been made before the grand jury. Plaintiff eliminated any possibility that Baker, Surles or Husband might later testify that Joe Freebery had engaged in any criminal or illegal conduct and locked in their testimony with respect to any such allegation. Plaintiff's questions also obtained sworn testimony which could not now be contradicted by Baker, Surles or Husband which could be used to impeach them if they later claimed at trial that plaintiff *had* engaged in criminal conduct. Finally, plaintiff obtained testimony which can be used to impeach or contradict other defense witnesses who might try to claim that Baker, Husband or Surles told *them* plaintiff had engaged in illegal conduct.

Contrary to the government's assertion, plaintiff's counsel was not being a stalking horse for Sherry Freebery in the criminal case. Rather, he was asking proper questions seeking information relevant to the civil litigation. There is, however, significant overlap between the two cases and the government correctly states that this factor weighs in favor of the requested stay.

II.    The Status of the Criminal Case

Mr. Gordon and Ms. Freebery have been indicted. Essentially, the government argues that any discovery to which they are entitled should come to them through the criminal process.

# KNEPPER & STRATTON

November 2, 2006
Page 4

As noted above, counsel for plaintiff is not seeking discovery for Ms. Freebery. She is represented by other, highly qualified counsel, who are more than capable of making sure the government complies with its obligations under the Federal Rules of Criminal Procedure, *Brady*, and the Jencks Act. The government's stated concern is unfair advantage. While plaintiff's counsel is not using the discovery process to help Sherry Freebery's criminal case, plaintiff and Sherry Freebery *are* brother and sister and it would be next to impossible to prevent some communication regarding their mutual cases. Since the facts at issue in the civil case will require plaintiff's counsel to continue to make the same kinds of inquires made with Baker, Surles and Husband as discovery progresses, this factor also weighs in favor of the stay requested.

      III.    The Plaintiff's Interests in Expeditious Civil Proceedings Weighed Against the Prejudice to the Plaintiff Caused by the Stay

The government correctly states that the stay it requests will likely benefit plaintiff. It will certainly reveal who testified in other proceedings and may, therefore, reveal other statements and sworn testimony which will either corroborate or rebut the defenses asserted by the defendants. Plaintiff will have to seek and is entitled to such information and, at this point, can only obtain it through deposition, under the circumstances challenged in the government's motion. Alternatively, it can be obtained by monitoring the criminal trial and determining who said what to whom, when, how and about what and then obtaining the necessary and relevant discovery without the need for the contentious collateral litigation in this case, which such future inquiries will now undoubtedly generate. Thus, a stay will streamline plaintiff's discovery in terms of both time and expense. The resolution of the criminal case will also impact the availability of certain witness who are not, at this point, available to either side. Accordingly, this factor weighs in favor of the requested stay.

      IV.    The Burden on the Defendants

As noted above, the parties' counsel have consulted and the defendants do not oppose the government's request for a stay. There is no burden on the defendants. This factor weighs in favor of granting the government's request for a stay.

      V.    The Interests of the Court

Here again, the government's analysis is correct. The requested stay will certainly streamline discovery. It will also ". . . obviate the need to make rulings regarding potential discovery disputes involving issues that may effect the criminal case". The outcome of the criminal case may also guide settlement discussions and may eliminate the need to litigate some of the issues in this case. The remaining depositions will likely result in significant disputes over what a witness can and cannot be asked and/or should be compelled to answer. These disputes will of necessity involve the Court in collateral litigation which can be avoided by the relief the

**KNEPPER & STRATTON**
November 2, 2006
Page 5

government seeks. The resolution of the criminal case will certainly resolve these issues and serve the interests of judicial economy. This factor weighs in favor of the stay.

  VI. The Public Interest

The government's argument that the resolution of the criminal case should be permitted without interference from the criminal case is compelling. Given the allegations of the civil case and the defenses thereto, there is a clear conflict created by permitting discovery in the civil case to proceed further until the criminal case is resolved. This factor weighs in favor of the stay.

The stay requested by the government is relatively short, however, it would certainly have a positive impact on the discovery process in this case moving forward, would not prejudice any of the parties and would serve the interests of justice from a number of perspectives. Accordingly, plaintiff agrees with defendants not to oppose the government's motion for a stay pending the resolution of the criminal case against Mr. Gordon and Ms. Freebery. There are approximately three weeks remaining in the discovery period in this case. Plaintiff suggests that, following the stay, an additional thirty (30) day period to complete what discovery remains would be appropriate.

           Respectfully,

           *Barbara H. Stratton*

           Barbara H. Stratton
           Joseph F. Lawless

BHS/cmd
cc: Gregg E. Wilson, Esquire (via E-filing)
   Richard R. Wier, Jr., Esquire (via E-filing)
   Joseph Freebery (U.S. Mail)
   Patricia Hannigan, Esquire (via E-filing)