# RICHARD R. WIER, JR., P.A.

ATTORNEY AT LAW

**RICHARD R. WIER, JR.***

**DANIEL W. SCIALPI**

TWO MILL ROAD, SUITE 200
WILMINGTON, DELAWARE 19806

www.Wierlaw.com

(302) 888-3222
FAX (302) 888-3225

RWier@Wierlaw.com
DScialpi@Wierlaw.com

*ALSO ADMITTED IN PA

November 2, 2006

*Via* **Electronic Filing**
The Honorable Kent A. Jordan
United States District Court
844 North King Street
Wilmington, DE 19801

RE: Joseph J. Freebery v. Christopher Coons, et al
C.A. No. 05-748 (KAJ)

Dear Judge Jordan:

This letter is written pursuant to ¶ 3(e) of the Court's February 1, 2006 Scheduling Order regarding discovery disputes. As your Honor is aware, a teleconference regarding discovery disputes in the above referenced matter is scheduled for Monday, November 6, 2006 at 11:30 a.m. Please allow the following to serve as Defendants' opening position on the discovery disputes.

## I. Assertion of 5th Amendment by Sherry Freebery and Thomas Gordon

Over the past several months Defendants requested plaintiff's counsel to arrange for the depositions of Thomas Gordon and Sherry Freebery. Recently, Plaintiff's counsel advised that Defendants needed to go through Mr. Gordon and Ms. Freebery's criminal attorneys. Accordingly, the Defendants then contacted their attorneys and noticed their deposition for November 8, 2006 and November 17, 2006, as Plaintiff has identified that he intends to call both witnesses in his case in chief. Subsequent to the service of the subpoenas, counsel for the Defendants received correspondence from the criminal attorneys representing Mr. Gordon and Ms. Freebery. Both attorneys stated that they had instructed their clients not to answer any questions in the instant civil proceeding prior to the conclusion of the federal criminal trials. Mr. Gordon has no trial date and Ms. Freebery's February 2007 trial date is at risk of being continued given the Government's Motion to recuse Judge Fullam. They further advised that their clients will not answer any questions as advised.

The Honorable Kent A. Jordan
November 2, 2006
Page Two

According, because the Defendants are unable to take necessary discovery from these witnesses prior to the Court's November 21, 2006 discovery deadline. Defendants request that this Court enter an order precluding Mr. Gordon and Ms. Freebery from testifying at trial and precluding the admission of any statements attributed to them.

## II.  Plaintiff's Failure to Timely identify His Expert(s)

The second discovery dispute centers on the Plaintiff's failure to comply with the Court's scheduling order as it relates to expert witnesses. That order required the Plaintiff to identify his experts and produce discovery on any experts by August 21, 2006. Despite an interrogatory which Defendants filed, which requested such expert information on July 20, 2006, Plaintiff responded that he had engaged Robert P. Wolf, Ed.D., M.B.A. as his Economic and Vocational Rehabilitation expert. Defendants timely produced any and all documents requested and to date plaintiff has not provided any expert report or any discovery on his expert. Defendants specifically requested by way of an Interrogatory, "For each expert whom you expect to testify at the trial: State the name and address of each such expert and state:

a. The subject matter on which the expert is expected to testify;
b. The substance of the facts and opinion to which the expert is expected to testify;
c. A summary of the grounds for each opinion of the expert;
d. The specialty of the expert;
e. The date of any report prepared by the expert relating to the opinion;
f. All the facts or documents provided to the expert;
g. All cases in which the expert has testified in the past ten years; . . ."

As a result of the Plaintiff's failure to produce the information required of this expert by August 21, 2006, in accordance with your honors scheduling order which requires that the expert discovery is due ninety days (90) prior to the close of fact discovery. According, the Defendants respectfully request that the Court enter an order pursuant to Fed.R.Civ.P. 26 prohibiting the testimony of Plaintiff's expert or any other expert on behalf of the Plaintiff.

## III.  Plaintiff's Failure to Produce Requested Discovery

On July 20, 2006 Defendants received Plaintiff's Answers and Objections to Defendants' First Set of Interrogatories. Question number 9 requested Plaintiff "Identify each defamatory statement written or oral you allege was made and state: when it was made, to whom it was made, how it was made, by whom it was made: the circumstances surrounding or relating to the statement; the subject matter of the statement; which part(s) was false; any witnesses who have knowledge of each statement. State the factual basis for your claim that Plaintiff's reputation was injured. Identify each person you claim has knowledge of the injury. Identify each document recording, referring or relating to your answer. Plaintiff's response stated: "Allison Taylor Levine, defendant Coons' spokesperson, sated "Mr. Coons wants to have an open, ethical government and Joe Freebery does

The Honorable Kent A. Jordan
November 2, 2006
Page Three

not fit" or words to that effect. Plaintiff believes it was made during a radio interview in or during April, 2005, and is attempting to locate a tape of that broadcast." Additionally, the Plaintiff also stated in his response "A third defamatory statement was made by the defendant Coons during a political debate with Sherry Freebery, broadcast live on the radio, when he stated "How would you like to have Sherry's brother, Joe Freebery, as General Manager of the Department of Special Services, the largest department in the county"' On July 28, 2006, the Plaintiff was deposed. During his deposition he stated that he had tape recorded statements of the debate between Mr. Coons and Ms. Freebery and the radio interview with Allison Taylor Levine. At that time, Plaintiff's attorney stated on the record that he had received the tapes from his client and that they would be copied and provided to Defense counsel. To date, plaintiff has not provided the tape recordings even after numerous requests. The completion of Plaintiff's deposition has been scheduled for November 9, 2006 and Defendant, Christopher Coons deposition has been scheduled for November 8, 2006. Additionally, the deposition of Allison Taylor Levine is pending. The Defendants can not properly proceed or prepare for these depositions without having a copy of the alleged recordings.

According, the Defendants respectfully request an order precluding any statements allegedly made by Allison Taylor Levine during a radio broadcast and any statements made by Christopher Coons at any debates during the primary election for County Executive, referred to in Plaintiff's Response to Defendants' First Set of Interrogatories as well as Plaintiff's deposition

Respectfully submitted,

/s/Richard R. Wier, Jr.

Richard R. Wier, Jr. (#716)

cc:   Joseph Lawless, Esq.
      Gregg E. Wilson, Esq
      Clerk of the Court