# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JOSEPH J. FREEBERY,                          :
                                             :
                Plaintiff,                   :
                                             :
        v.                                   :        C.A. No. 05-748 KAJ
                                             :
CHRISTOPHER COONS, in his official           :        JURY TRIAL DEMANDED
capacity as County Executive of New          :
Castle County and in his individual capacity;:
and NEW CASTLE COUNTY, a municipal :
corporation; and JOHN DOES 1-25              :
                                             :
                Defendants.                  :


## DEFENDANTS' ANSWERING BRIEF IN RESPONSE TO THE GOVERNMENT'S MOTIONS TO INTERVENE AND STAY


                          RICHARD R. WIER, JR., P.A.

                           /s/Richard R. Wier, Jr.
                          Richard R. Wier, Jr. (#716)
                          Two Mill Road - Suite 200
                          Wilmington, DE 19806
                          (302)888-3222

Dated: **November 10, 2006**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................................ii

NATURE AND STAGE OF THE PROCEEDING.................................................................1

STATEMENT OF FACTS....................................................................................................2

SUMMARY OF ARGUMENT.............................................................................................3

ARGUMENT........................................................................................................................4

      This Case Should be Stayed...........................................................................................4

CONCLUSION ....................................................................................................................8

EXHIBITS ................................................................................................................9, 10, 11

# TABLE OF AUTHORITIES

**<u>CASES</u>**

<u>Maloney v. Gordon</u>, 328 F.Supp. 2d 508 ( D. Del 2004..........................................................4

<u>McCarthy v. Arndstein</u>, 226 U.S. 34 (1924) ............................................................................6

<u>Standard Chlorine v. Sinibaldi</u>, 1994 U.S. Dist. LEXIS 3388 ( D. Del. 1994)........................6

<u>Tobin v. Gordon</u>, 2004 U.S. Dist. LEXIS 25812 ( D.Del 2004).............................................4

## NATURE AND STAGE OF THIS PROCEEDING

This Court entered a Scheduling Order in this case which set the discovery cut-off as November 21, 2006.

Depositions of various individuals and parties were scheduled for the weeks of November 6 and 13th and there were discovery disputes that existed with respect to discovery.

On October 27, 2006 the United States filed a Motion to Intervene for the purpose of Seeking a Stay of Discovery and a brief in support thereof.

On November 2, 2006, Defendants raised the discovery issues with the Court pursuant to the Scheduling Order and a teleconference was scheduled for November 6, 2006 to discuss those discovery issues.

On November 2, 2006 Plaintiff filed a letter with the Court stating his agreement that a stay was appropriate.

On  November 3, 2006 the Court advised the parties that it was staying any further discovery and that the parties should brief the Government's motion.

This is the Defendants' Answering Brief in response to the Government's motions.

1

## STATEMENT OF FACTS

Defendants adopt and incorporate the Government's Statement of Facts and supplement it as follows:

Mr. Thomas Gordon and Ms. Sherry Freebery are defendants in criminal proceedings which are pending. They will be tried separately. Ms. Freebery has a trial date in February, 2007 and Mr. Gordon does not yet have a trial date.

Mr. Gordon and Ms. Freebery have, upon information and belief, filed motion(s) to recuse Judge Fullam who is assigned to the criminal cases.

Defendants sought to depose Mr. Gordon and Ms. Freebery and their depositions were scheduled. However, they, through their attorneys in the criminal cases, advised the Defendants that they would not answer any questions and would assert their Fifth Amendment privilege against self-incrimination. Exhibits A and B.

Plaintiff's counsel has stated that he intends to ask questions of witnesses that might implicate information relevant to the criminal cases and the Government has sought to obtain a stay of this civil case until the criminal cases against Mr. Gordon and Ms. Freebery are concluded.

2

## SUMMARY OF ARGUMENT

1.   The Government's Motion to Intervene and Stay should be granted.

2.   Given the Plaintiff's ongoing attempt to ask questions in discovery about subjects that might be implicated in the criminal trials of Mr. Thomas Gordan and Ms. Sherry Freebery and given the assertion by those witnesses of their Fifth Amendment privilege to not answer any questions in this civil case until their criminal trials are concluded, a stay is in the best interest of the parties and the Court.

**ARGUMENT**

## I.  THIS CASE SHOULD BE STAYED

This Court has recently articulated the standards and analysis for determining whether to grant a stay of a civil matter pending resolution of a related criminal case, <u>Maloney v. Gordon</u>, 328 F.Supp. 2d 508 ( D. Del 2004); <u>Tobin v. Gordon</u>, Lexis 25812 (D.Del 2004).

The Defendants believe that there are two related but separate matters which would argue for a stay of this action pending resolution of the criminal trial proceedings or pending application for a lifting of the stay should those proceedings be delayed so as to prejudice the Defendants' rights.

This case is different than the <u>Maloney</u> and <u>Tobin</u> cases in that neither party is involved in any criminal proceeding.  In those cases the Defendants were the same in both the civil and the criminal proceedings and there was " a risk that the Defendants may use these civil proceedings 'to gain premature access to evidence and information pertinent to the criminal case'", <u>Maloney</u>, <u>supra</u> at 512.  In this case, the Defendants do not believe that questioning of witnesses would gain premature access to such evidence because the termination of the Plaintiff had nothing to do with the alleged criminal conduct of Mr. Gordon or Ms. Freebery.  The Defendants, therefore, objected to any questioning of witnesses about the alleged criminal conduct or the Grand Jury investigation or proceedings.  Those objections were recited by the Government in its brief in support of its motion to intervene and to stay.

It is clear, however, that the Plaintiff contends that "there is significant overlap in this case and the criminal case involving Mr. Gordon and Ms. Freebery" ( Plaintiff's Letter to the

Court dated November 2, 2006).   Therefore, continued questioning into areas that might involve potential criminal conduct of Mr. Gordon and Ms. Freebery will result in continuing discovery disputes and the need for the Court to rule on those disputes; thereby making it difficult, if not impossible, for the Defendants to complete discovery by any reasonable deadline: the discovery cut-off of November 21, 2006 obviously cannot be met given the current status of the case and the temporary stay of all discovery until the Government's motion is decided.  In addition, questioning of witnesses who are not represented by the Defendants' counsel will embroil other attorneys into the discovery process- this has already happened with the questioning of Mr. Charles Baker which prompted a motion by his attorneys to designate portions of the depositions sealed-and will further impede the speedy and cost effective resolution of this civil case.  For those witnesses who are not represented by counsel, there is a danger that such questioning will jeopardize their rights and counsel for the Defendants may not be able to instruct them not to answer such questions if they are objectionable.  Defendants cannot file Rule 26 motions to prevent such questioning in a vacuum and,  therefore, the pendency of the criminal proceedings will have a direct impact on the discovery in this case; regardless of Defendants' position that the two cases are unrelated factually.

An additional factor in this case warrants a stay of the case.   Plaintiff has identified Mr. Gordon and Ms. Freebery as witnesses in his case.  They are witnesses who will be questioned about events while they were in office since the Plaintiff alleges  claims that relate to such events.  Mr. Gordon and Ms. Freebery have, through their criminal attorneys, advised Defendants that they will refuse to answer any questions put to them by the Defendants and will assert their Fifth Amendment privilege against self-incrimination. [Exhibits A and B.  Defendants responded to

5

those letters, Exhibit C.]. That "'privilege protects a mere witness as fully as it does one who is also a party defendant'", McCarthy v. Arndstein, 226 U.S. 34, 40, 45 S.Ct. 16, 17, 69 L.Ed. 158 (1924). Defendants are prejudiced by the assertion of those witnesses of their Fifth Amendment privilege against self-incrimination. They will be unable to obtain discovery without having the Court rule on each question; inviting continuing briefing and delay. While this Court has held that the witness may not later testify to matters to which s(he) has asserted the privilege, Standard Chlorine v. Sinibaldi, 1994 U.S. Dist. LEXIS 3388, at 29 ( D. Del. 1994), Defendants are prejudiced by the assertion of the privilege since the Plaintiff may attempt to rely upon those witnesses' statements or documents they produced and Defendants will not have had the ability to explore such statements or the circumstances surrounding the creation of the documents. For example, Plaintiff may claim that statements by his sister are exceptions to the hearsay rule depending upon the circumstances relating to the statements.

In addition, if discovery goes forward and depositions of Mr. Gordon and Ms. Freebery are attempted, there will be continuing issues as to whether they had any discussions with the Plaintiff about the case or with his attorneys, past and present. Those issues would involve the question of whether they have waived their Fifth Amendment privilege as it relates to the subject matter of those discussions and would embroil the Court and the Defendants in ongoing discovery issues; thereby delaying the resolution of the civil case.

There is no trial date set for Mr. Gordon and, although Ms. Freebery has a February trial date, that case may not go forward since the criminal defendants have moved to have Judge Fullam recuse himself. In addition, Your Honor has been elevated to the Third Circuit and may not be able to handle the case through to conclusion or through even these potential ongoing

discovery disputes.  Accordingly, a stay would enable the parties to wait until those open issues are determined and any order should, respectfully, permit either party to seek to lift the stay if future events warrant it.   If Mr. Gordon or Ms. Freebery testify at their criminal trials then their assertion of their Fifth Amendment privileges would be affected by such testimony.  If they do not testify, then we would be in the position we are in now.  On balance, the delay necessitated by no trial date or the uncertainty of what will happen at the criminal trial(s) is offset by the delays that will be caused by the discovery disputes and by the possibility that a new judge may have to deal with these issues.  This gives a new judge the opportunity to have time to deal with and understand the cases.

Obviously, there is no prejudice being asserted by the Plaintiff since he does not oppose the Government's Motion to Stay the case.  Defendants are more burdened by proceeding under the above circumstances than by a stay.

As discussed above, judicial economy and the need to have a scheduling order that can be adhered to are in the interests of a stay.   The interest of the public in having the civil and criminal cases resolved with as little prejudice to the parties and to the Court warrants a stay of this case at this point in time.

## CONCLUSION

For the foregoing reasons and the authorities and arguments in support thereof,

Defendants pray that the Court grant an order permitting the Government to intervene for the

purpose of seeking a stay and granting a stay of this case.

RICHARD R. WIER, JR., P.A.

  /s/Richard R. Wier, Jr.
Richard R. Wier, Jr. (#716)
Two Mill Road - Suite 200
Wilmington, DE 19806
(302)888-3222

Dated: **November 10, 2006**

# EXHIBIT A



Four Penn Center
1600 John F. Kennedy Blvd.
Philadelphia, PA 19103
215-587-1000 Main
215-587-1444 Fax
www.postschell.com

Ronald H. Levine

rlevine@postschell.com
215-587-1071 Direct
215-320-4187 Fax
File #: 122395



RECEIVED
OCT 1 6 2006

October 13, 2006

**BY EMAIL AND FIRST CLASS MAIL**
**(RWier@Wierlaw.com)**

Richard R. Wier, Jr., Esq.
Two Mill Road, Suite 200
Wilmington, DE 19086

**Re: Freebery v. Coons et al., Civ. No. 05-748 (KAJ) (D.Del.)**

Dear Dick:

I received yesterday a facsimile from your office containing a notice of deposition for Thomas Gordon for November 17, 2006, as well as a handwritten subpoena to that deposition.

Please be advised that I am appointed by the Court to represent Mr. Gordon solely in his defense of a federal criminal matter being prosecuted in the Eastern District of Pennsylvania.  I *do not* represent Mr. Gordon generally and for all purposes, and I *do not* represent Mr. Gordon in connection with your case.

Further be advised that given the pendency of this criminal proceeding, Mr. Gordon has been instructed by me to decline to answer questions in collateral civil proceedings as is his right.

Sincerely yours,

/s/

Ronald H. Levine
Cc (by email):
Joseph Lawless, Esq.
Elizabeth Taylor, Esq.
Thomas Gordon

# EXHIBIT B



**ZUCKERMAN SPAEDER** LLP

1800 M STREET, NW    WASHINGTON, DC 20036-5802
202.778.1800    202.822.8106 fax    www.zuckerman.com

Elizabeth G. Taylor
(202) 778-1876
etaylor@zuckerman.com

October 18, 2006

RECEIVED
OCT 2 3 2006
BY:

**BY EMAIL AND FIRST CLASS MAIL**
**(RWier@Wierlaw.com)**

Richard R. Wier, Jr. Esq.
Two Mill Road, Suite 200
Wilmington, DE 19086

**Re: Freebery v. Coons et al, Civ. No. 05-748 (KAJ) (D.Del.)**

Dear Mr. Wier:

On October 10, 2006, I received a letter from you asking whether my client, Sherry Freebery, would appear voluntarily for a deposition on November 8, 2006, in connection with the civil case referenced above. I tried unsuccessfully to reach you by telephone. On October 12, 2006, I received by facsimile a notice of deposition of my client Sherry Freebery, with an accompanying subpoena. The subpoena commands Ms Freebery to attend and testify at a deposition on November 8, 2006. Again, I made numerous attempts to reach you by telephone, leaving multiple requests that you return my call, including leaving my cell phone number with your assistant so that you could reach me over the weekend.

Although you and I have not had an opportunity to discuss the pending deposition, I believe that the subject matter of your proposed questioning will relate to events and conversations in which my client participated as Chief Administrative Officer of New Castle County. As I am sure you are aware, there is a pending criminal indictment of Ms. Freebery in which the government includes almost everything she did and said as Chief Administrative Officer as evidence of its theory that she and Mr. Gordon were operating the county for their own personal benefit, in alleged violation of numerous federal laws. In view of the pending criminal charges, I have instructed Ms. Freebery to decline to answer any questions relating to her conduct as Chief Administrative Officer of New Castle County. I am authorized to advise you that Ms. Freebery will follow my advice and will assert her right not to answer such questions.

Ms. Freebery is not otherwise reluctant to testify in this matter. Trial on the criminal case is scheduled for February 5, 2007. I understand that your trial is not scheduled until some time later in the spring of 2007. Thus, Ms. Freebery may be in a position to testify by the time of your civil trial and, if so, would be willing to be deposed in advance of the trial, if the court would make an exception to the discovery cut off to accommodate this situation.

 **ZUCKERMAN SPAEDER** LLP

Richard R. Wier, Jr. Esq.
October 18, 2006
Page 2


     I would appreciate a call or letter from you advising me whether, in light of Ms. Freebery's assertion of her right not to answer questions, it will be necessary for Ms. Freebery to appear in person to make that assertion.


                    Sincerely,

                    Elizabeth G. Taylor


c:     (by email)
        Joseph Lawless
        Sherry L. Freebery
        Ronald H. Levine

# EXHIBIT C

11

# RICHARD R. WIER, JR., P.A.

ATTORNEY AT LAW

RICHARD R. WIER, JR.*
————
DANIEL W. SCIALPI

*ALSO ADMITTED IN PA

TWO MILL ROAD, SUITE 200
WILMINGTON, DELAWARE 19806

www.Wierlaw.com

(302) 888-3222
FAX (302) 888-3225

RWier@Wierlaw.com
DScialpi@Wierlaw.com

October 25, 2006

**VIA E-MAIL
AND FIRST CLASS MAIL**

Joseph F. Lawless, Esq.
6 Harvey Lane
Newtown Square, PA 19073

        Re:    **Freebery v. Coons, et al.**

Dear Joe:

        I have received correspondence from the attorneys for Tom Gordon and Sherry Freebery, both of whom have advised that they have instructed Tom Gordon and Sherry Freebery to assert the Fifth Amendment to any questions. You have identified them as witnesses, but obviously, that is a problem because we are not able to question them given the assertion of the Fifth Amendment and given the attorney's requests that we not go forward with a deposition to which no answers will be provided.

        Accordingly, you and I spoke and we were not going to take the deposition of Tom Gordon and Sherry Freebery under these circumstances. Sherry Freebery's attorney suggested that we might be able to take Sherry Freebery's deposition after her criminal trial in February. Of course, that is not workable given the fact that we have a discovery cutoff and given the fact that we have dispositive motions. Therefore, you will not be in a position to submit any evidence on behalf of Tom Gordon or Sherry Freebery and we would move to preclude any testimony from them at trial. You have listed them as potential witnesses, but given the above we are not going to be able to take discovery from them in accordance with the trial schedule.

        As you know, we need to discuss discovery issues prior to bringing it to the court's attention and I am doing that by this letter. At present, I am not going to require Tom Gordon or Sherry Freebery to come on the dates that they were supoenaed for and by a copy of this letter I

Joseph F. Lawless, Esq.
October 25, 2006
Page Two

am advising their attorneys of that fact, because that would simply be a waste of time given their position. If there is a dispute as to whether Tom Gordon or Sherry Freebery can testify at trial we need to bring that to the court's attention. I am trying to resolve this dispute amicably and need your concurrence that you will not be calling Sherry Freebery or Tom Gordon at trial or producing statements by them.

Very truly yours,

Richard R. Wier, Jr.

RRWJr:jt

cc:    Ronald Levine, Esq. (via fax)
       Elizabeth Taylor, Esq. (via fax)
       Michele Allen, Esq.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JOSEPH J. FREEBERY,        :

                      :

     Plaintiff,       :

                      :

     v.              :     C.A. No. 05-748 GMS

                      :

CHRISTOPHER COONS, in his official  :     JURY TRIAL DEMANDED

capacity as County Executive of New  :

Castle County and in his individual capacity; :

and NEW CASTLE COUNTY, a municipal  :

corporation; and JOHN DOES 1-25     :

                      :

     Defendants.     :

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of November 2006 that I served the Defendant

Coons' Answering Brief in Response to the Government's Motions to Intervene and Stay

by CM/ECF on:

| | |
|---|---|
| Barbara Stratton, Esq. | Patricia C. Hannigan, Esq. |
| Knepper & Stratton | Assistant United States Attorney |
| 1228 North King Street | The Nemours Building |
| Wilmington, DE 19899 | 1007 Orange Street, Suite 700 |
| | PO Box 2046 |
| | Wilmington, DE 19899-2046 |

and by FACSIMILE on:

Joseph F. Lawless, Esq.
6 Harvey Lane
Newtown Square, PA 19083

**RICHARD R. WIER, JR., P.A.**

  /s/ Richard R. Wier, Jr.___
Richard R. Wier, Jr. (#716)
Two Mill Road, Suite 200
Wilmington, DE 19806
(302)888-3222