## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JOSEPH J. FREEBERY,

    Plaintiff,

v.

CHRISTOPHER COONS, in his official capacity as County Executive of New Castle County and NEW CASTLE COUNTY, a municipal corporation; and JANE AND JOHN DOES 1-25

    Defendants.

C.A. No. 05-748 KAJ

JURY TRIAL DEMANDED

### DEFENDANT COON'S OBJECTIONS AND ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Now comes County Executive Christopher Coons who answers Plaintiff's First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

A. Defendant objects to Plaintiff's definitions and instructions on the grounds that they are overly broad, vague, unduly burdensome and harassing. Defendant shall not be bound by same.

B. Defendant objects to Plaintiff's definitions and instruction and each interrogatory that seeks to impose any obligations on them beyond those imposed by the rules of this Court. Mr. Coons will respond with respect to his knowledge and not undefined persons included in the definitions.

C. Defendant objects to each Interrogatory to the extent it is overly broad, unduly burdensome, harassing, vague or not likely to lead to the discovery of admissible evidence.

### ANSWERS

Case 1:05-cv-00748-PD   Document 97-2   Filed 11/10/2006   Page 2 of 5
Nov 10 2006 1:32PM   Law Offices of Joseph F.   1 610 356 9177   p.2
13028883225   RICHARD R. WIER JR.   08:34:01 a.m.   10-09-2006   6/10

1. Identify every person with whom you spoke about Joe Freebery's performance as General Manager of the Department of Special Services, which conversations took place a) at any time; and b) between September 11, 2004 and April 6, 2005.

RESPONSE:

Defendant Coons objects to this question because it is vague and invites speculation as to its intent. Specifically, the words "about Joe Freebery's performance" is vague and harassing since Mr. Freebery's operation as the GM of Special Services and the management of his department might implicate his performance but discussions relating to that operation would not be "about" his performance. This question is further objected to as unduly burdensome and harassing since Mr. Coons had innumerable discussions with any number of people over the years, including his tenure as County Council President, about problems with the Special Services Department's operations and the responses of the Department, including Mr. Freebery, to those problems. Without waiver of said objections, prior to September 11, 2004 Mr. Coons spoke with Tracey Surles and Jon Husband about the performance of Mr. Freebery and problems with the management of the Special Services Department.. Between September 11, 2004 and April 6, 2005 Mr. Coons spoke with David Singleton and Rich Przywara about Mr. Freebery's performance. He may have spoken to his wife about such performance and such discussions are privileged and were not taken into consideration in the decision to terminate Mr. Freebery. He may have spoken with Lynne Howard. He may have spoken to many others, throughout the years, where Joe Freebery was mentioned but does not recall any specific discussion "about Joe Freebery's performance".

2. Identify every person with whom you spoke about Joe Freebery's performance as the

Case 1:05-cv-00748-PD    Document 97-2    Filed 11/10/2006    Page 3 of 5
Nov 10 2006 1:32PM   Law Offices of Joseph F.    1 610 356 9177          p.3
*13028883225    RICHARD R. WIER JR.                 08:40:37 a.m.   10-09-2006    7/10

General Manager of the Department of Special Services and who provided you with any information which you took into consideration in reaching your decision to terminate him as the General Manager of the Department of Special Services.

RESPONSE:

Mr. Coons repeats and reasserts the objections to the First Interrogatory to this Second Interrogatory. Mr. Coons had an impression of Mr. Freebery during his many years as Council President based upon information he received about the Special Services Department and he was able to, and did, observe Mr. Freebery's abilities and the extent of his knowledge about many issues facing the Department. He objects to the vagueness of this question because it asks for "any information" he was provided with and "which [he] took into consideration" in making his decision in terminating Mr. Freebery. All of the information Mr. Coons had based on the above was knowledge he had and, unless he was lobotomized, it remained in his mind. For further answer and without waiving these objections, Mr. Coons gave Mr. Freebery and the other GMS from the Gordon Administration the opportunity to prove themselves and he did not terminate Mr. Freebery until he had had an opportunity to evaluate his performance during his Administration. Mr. Coons received information from the individuals identified in answer to Interrogatory One and he took that information into consideration in making his decision to terminate Mr. Freebery. None of that information related to the claims made by Mr. Freebery in this lawsuit because his politics or association had nothing to do with his termination.

3. Identify every document which you read and/or reviewed and which you took into consideration in reaching and then making your decision to terminate Joe Freebery as the General Manager of the Department of Special Services.

RESPONSE:

Case 1:05-cv-00748-PD   Document 97-2   Filed 11/10/2006   Page 4 of 5
Nov 10 2006 1:32PM   Law Offices of Joseph F.   1 610 356 9177   p.4

13028883225   RICHARD R. WIER JR.   08:41:00 a.m.   10-09-2006   8/10

Mr. Coons objects to this interrogatory as it is vague, burdensome and harassing because it asks him to regurgitate every document he had ever read or reviewed and speculate whether that was taken into consideration in making his decision to terminate Mr. Freebery. Mr. Coons had seen many documents over the years relating to the operation of the Special Services department and was familiar with many problems under Mr. Freebery's stewardship. For further answer and without waiver of these objections, Mr. Coons recalls receiving and reviewing the Transition documents, including the Transition document by Mr. Freebery, all of which are in Mr. Freebery's possession and have been produced, and took them into consideration after he had had an opportunity to have Mr. Freebery's performance as GM of Special Services evaluated during the period of January through April 6, 2005.

If you will do so without a formal motion to produce, please attach all such documents to your response to these interrogatories.

See answer to Interrogatory Two above.

RICHARD R. WIER, JR., P.A.

/s/Richard R. Wier, Jr.
Richard R. Wier, Jr. (#716)
Two Mill Road, Suite 200
Wilmington, DE 19806
(302)888-3222

Case 1:05-cv-00748-PD   Document 97-2   Filed 11/10/2006   Page 5 of 5
Nov 10 2006 1:32PM   Law Offices of Joseph F.   1 610 356 9177   p.5
13028883225   RICHARD R. WIER JR.   08:41:38 a.m.   10-09-2006   9/10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH J. FREEBERY, <br><br> Plaintiff, <br><br> v. <br><br> CHRISTOPHER COONS, in his official capacity as County Executive of New Castle County and NEW CASTLE COUNTY, a municipal corporation; and JANE AND JOHN DOES 1-25 <br><br> Defendants. | C.A. No. 05-748 GMS <br><br> JURY TRIAL DEMANDED |

## AFFIDAVIT

Now comes Christopher Coons, who, being duly sworn, does depose and say that the Answers to Interrogatories are true to the best of his information, knowledge and belief.

_Christopher Coons_
Christopher Coons

SWORN TO AND SUBSCRIBED before me this 6th day of October, 2006

_Melissa A M Moore_