IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JOSEPH J. FREEBERY  :
      Plaintiff  :
        :
v.  :   C.A. No. 05-748-MPT
        :
CHRISTOPER COONS, in his official capacity  :
as County Executive of New Castle County  :
and in his individual capacity; and NEW  :
CASTLE COUNTY, a municipal corporation;  :
and JOHN DOES 1-25  :
      Defendants.  :

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR APPOINTMENT OF A JUDGE FROM OUTSIDE THE DISTRICT OF DELWARE

**OF COUNSEL:**
Joseph F. Lawless
PA Id. No. 23691
843 Mt. Moro Road
Villanova, PA 19083
610.356.0875

**KNEPPER & STRATTON**

Barbara H. Stratton, Esq.
Knepper & Stratton
1228 North King Street
Wilmington, Delaware 19801
302.658.1717
Delaware Bar ID # 2785
Counsel for Joseph J. Freebery

# TABLE OF CONTENTS

Table of Authorities.............................................................................................. ii

Nature and Stage of the Proceedings...................................................................... 1

Summary of Argument............................................................................................ 1

Statement of Relevant Facts ................................................................................... 2

Argument ................................................................................................................ 5

Conclusion ............................................................................................................. 15

# TABLE OF AUTHORITIES

**CASES:**                                                                                          **PAGES(S)**

**Federal**

*In re: Oliver L. North*, 16 F.3d 1234, 1242..................................................................6

*In re: United States of America*, 441 F.3d 44, 62 (1st Cir. 2006).......................6

*In re: Vescovo Special Grand Jury*, 473 F. Supp. 1335 (C.D. Cal. 1979)..............6

*Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847,
860, 100 L. Ed. 2d 855, 108 S. Ct. 2194 (1988) ................................................7

*Liteky v. United States*, 510 U.S. 540, 548, 127 L. Ed. 2d 474,
114 S. Ct. 1147 (1994)....................................................................... 6

*Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)............................................7

*United States v. Dalfonso*, 707 F.2d 757, 760 (3d Cir. 1983............................7

*United States v. Gordon*, 380 F. Supp. 2d 356
(E.D. Pa. 2005).....................................................................................5

*United States v. Kilpatrick*, 594 F. Supp. 1324 (D.Colo. 1984),
rev'd, 821 F.2d 1456 (10th Cir. 1987), *aff'd sub nom.*
*Bank of Nova Scotia v. United States*, 487 U.S. 250 (1988)...........................6

*United States v. Gordon, et al.*, 354 F. Supp.2d 525, (D. Del. 2005)..................7

**Statutes and Authorities**

**Federal**

United States Constitution, Amend. I.....................................................3
                          Amend. V...................................................3
                          Amend. IX................................................ 3
                          Amend. XIV.............................................3

28 U.S.C. § 455(a)..........................................................................7, 11

42 U.S.C. § 1985..................................................................................2

Fed. R. Crim. P. 6(e)(2)(A).................................................................................8

Fed. R. Crim. P. 6(e)(2)(B).................................................................................8

**Other Authorities**

J. Lawless, *Prosecutorial Misconduct, 3d ed.* (LEXIS, 2003)...............................9

## NATURE AND STAGE OF THE PROCEEDINGS

On October 26, 2005, Joseph J. Freebery filed a civil rights, wrongful discharge action against his former employer New Castle County, Delaware and NCCo County Executive Christopher Coons, in his official and individual capacities. Discovery is ongoing. Thus far, plaintiff has taken twelve depositions, produced hundreds of pages of documents and served one expert report. Defendants have deposed three individuals, appear to be planning to take at least three more and have likewise produced hundreds of pages of documents. Discovery is nearly completed. Then, there remains only dispositive motions and trial.

Plaintiff now moves for the appointment of a Judge from outside the District of Delaware for the reasons stated below.

## SUMMARY OF ARGUMENT

The potential appearance of impropriety of the criminal prosecution in the case of *United States v. Gordon et al.* compelled the District Court for the District of Delaware to recuse itself and seek the appointment of a Judge from outside the District to sit on that case. This case is inextricably intertwined with *Gordon*. Moreover, one of the prosecutors who had directed and heated contacts with plaintiff in the criminal matter is now on the bench of this Court. The lead prosecutor in the criminal case – who had similar contacts with plaintiff during the criminal prosecution - is a likely candidate for a District Court judgeship in this District. Accordingly, this Court should grant this motion and request the appointment of a judge from outside this District to sit on this case.

1

## STATEMENT OF RELEVANT FACTS

The facts alleged in plaintiff's complaint and discovery taken thus far provide the facts relevant to this motion. Joe Freebery was fired from his position as General Manager of Special Services and as a twenty-three year county employee by defendant Coons. His personnel record during this period was spotless. Plaintiff alleges that his firing violated his rights under 42 U.S.C. § 1985 and the United States Constitution.

The complaint specifically refers the grand jury investigation of the Gordon administration and alternatively alleges in support of plaintiff's causes of action that Mr. Freebery was fired because he was Sherry Freebery's brother, supported her political campaign against her political rival, defendant Christopher Coons, and publicly supported her both before and after her indictment. Complaint, *Joseph J. Freebery v. NCCo, et al.*, No. 05-748- MPT, D.I. 1, ¶¶ 8-90; 115-127; 137-144. These general allegations have been supported by discovery depositions taken thus far. See, Exhibit "A", Deposition of Senator Karen Peterson; Exhibit "B", Deposition of William Tansey; Exhibit "C", Deposition of Joseph R. "Bob" Woods.

The complaint alleges that, in 2000, Christopher Coons was elected President of the New Castle County Council. Both Coons and Sherry Freebery were members of the Democratic Party. Complaint, ¶ 41. During the period that Coons served on New Castle County Council, he was a vocal, political opponent of then sitting County Executive Gordon and Gordon's Chief Administrative Officer Sherry Freebery. Complaint, ¶ 41.

In September, 2002, it became public knowledge that Gordon and Freebery were the subjects and/or targets of a federal grand jury investigation in the District of Delaware. In February 2004, Sherry Freebery announced her candidacy for the

Democratic nomination for County Executive. On April 19, 2004, Coons announced his candidacy for the same position. Complaint, ¶ 44.-45.

On May 27, 2004, Gordon and Sherry Freebery were indicted on various charges allegedly arising during their tenure in county government. Despite the fact that she was under indictment, Ms. Freebery continued to actively campaign. The primary campaign was bitter and hotly contested. During the primary campaign, Coons and Ms. Freebery personally attacked each others competence and integrity in office. Complaint, ¶ 47.-50.

The complaint alleges that, after it became public knowledge that Ms. Freebery was a grand jury target and after her eventual indictment, Joe Freebery, in the proper exercise of his First Amendment rights to freedom of speech and familial association, was privately and publicly supportive of his sister, as a brother and friend. Between September 2002 and Ms. Freebery's indictment, Mr. Freebery, in the proper exercise of his First Amendment rights to freedom of speech and familial association, also made truthful public statements which were supportive of his sister and which contradicted what appeared to be the government's theory of the criminal liability of his sister. During the primary campaign and, in the exercise of the rights secured him under the First, Ninth and Fourteenth Amendments to the Constitution of the United States, Joe Freebery publicly supported his sister's candidacy and voted for her in the primary election. Complaint, ¶ 51.-53.

The complaint alleges that, on September 11, 2004, Coons won the nomination for County Executive. During the primary and the general election, Joe Freebery continued to perform his role as General Manager of the Department of Special Services in an exemplary and professional manner.

Despite the fact that Joe Freebery was and had been serving in a merit system protected position, Coons publicly and privately stated during both the primary and general election campaigns that, should he be elected, there would be "no room" for Joe Freebery in his administration. Coons made similar statements about Joe Freebery after he was elected and assumed the office of County Executive. The complaint further alleges that despite the fact that Joe Freebery was and had been serving in a merit system protected position, defendant Coons and/or authorized agents stated publicly and privately, during both the primary and general election campaigns, that Coons intended to run an administration "free of corruption" and that there would be "no room" for "someone like Joe Freebery" in any Coons administration. Defendant Coons' authorized agents and representatives made similar statements about Mr. Freebery on behalf of Coons after Coons was elected and after he assumed the office of County Executive. Complaint, ¶ 54.-57.

The complaint alleges that the public and private statements made by and on behalf of Coons regarding Joe Freebery, even prior to his receiving the Democratic nomination and eventual election as County Executive, demonstrated his intention to remove Mr. Freebery from his merit system protected position in retaliation for Mr. Freebery's exercise of his constitutional rights. Complaint, ¶ 58.

In November, 2004, Defendant Coons was elected County Executive. He took office as County Executive on January 4, 2005. The complaint alleges that, almost immediately after his election as County Executive, Coons began the process of doing whatever had to be done to remove plaintiff from his merit system protected position *in retaliation for his public and private support of his sister and/or her candidacy and*

4

*because he was Sherry Freebery's brother,* which conduct by Coons and/or his agents was in violation of those rights secured Mr. Freebery pursuant to the First, Fifth, Ninth and Fourteenth Amendments to the Constitution of the United States of America, 42, U.S.C. § 1983, the laws of the State of Delaware and Mr. Freebery's express and/or implied contract of employment with New Castle County. Complaint, ¶ 60.-61 (emphasis supplied).

The complaint outlines the steps taken to remove plaintiff and then alleges that Joe Freebery was fired by the defendants in *retaliation for being Sherry Freebery's brother*[1]*; and/or because during the period of time when Ms. Freebery was under investigation and indictment, and in the proper exercise of his First Amendment right to Freedom of Speech, Joe Freebery was privately supportive of his sister and publicly supportive of her as her brother, to the extent he was permitted to do so as an employee of New Castle County; and/or because he made truthful public statements which were supportive of his sister and which contradicted what appeared to be the government's theory of criminal liability of his sister.*[2] The complaint further alleges that Freebery was fired because of his exercise of his First, Fifth, Ninth and Fourteenth Amendment rights in supporting and voting for his sister and a political candidate running against defendant Coons; and in retaliation for the nature of the campaign conducted by Sherry Freebery against defendant Christopher Coons. Complaint, ¶ 74.-76 (emphasis supplied). These allegations are strongly supported by the sworn testimony thus far. *See, e.g.*, Exhibit "A", Deposition of Senator Karen Peterson at pp. 27-34; 38-41; 49-56; Exhibit "B",

---

[1] See, Exhibit "A", Deposition of Senator Karen Peterson; Exhibit "B", Deposition of William Tansey; Exhibit "C", Deposition of Joseph R. "Bob" Woods.
[2] A more detailed factual breakdown of the criminal prosecution may be found in *United States v. Gordon, et al.*, 380 F. Supp. 2d 356; 2005 U.S. Dist. LEXIS 16441 (E.D. Pa. 2005), incorporated by reference herein.

5

Deposition of William Tansey at pp. 8-18; 24-25; 32-33; 36-40; 58-59; Exhibit "C", Deposition of Joseph R. "Bob" Woods at pp. 38-40; 47-51; 55.

During the course of the criminal investigation of the Gordon Administration, Joe Freebery was subpoenaed to testify before the grand jury investigating his sister. He refused to testify, was immunized and eventually testified. In the course of that proceeding, Mr. Freebery was interrogated in what could only be described as very heated exchanges by one of the prosecutors in the criminal case, Leonard E. Stark. *See* Exhibit "D", Declaration of Joseph J. Freebery.[3] Leonard E. Stark is now a United States Magistrate Judge and member of the Bench of this Court. The lead prosecutor in the criminal case and the United States Attorney for this District, Colm Connolly, has been publicly identified as the leading candidate for the current judicial vacancy in the District of Delaware and is more likely than not to be appointed to take the bench. *See* Exhibit "E".

## ARGUMENT

> ... "*any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The standard established by the statute is an objective one. "What matters is not the reality of bias or prejudice but its appearance."* <u>Liteky v. United States</u>, *510 U.S. 540, 548, 127 L. Ed. 2d 474, 114 S. Ct. 1147 (1994). Put another way, I must recuse myself if "a reasonable man knowing all the circumstances*

---

[3] There are no restrictions on witnesses before the grand jury. If anyone is called as a witness to the grand jury – whether as a witness to a crime, or a reporter or someone suspected of a crime – that person is completely free to walk out of the grand jury room, stand in front of a tv camera, and recite in detail everything that happened in the grand jury room. Federal Rule of Criminal Procedure 6(e)(2)(B) does not impose any obligation of secrecy on a grand jury witness. Rule 6(e)(2)(A) expressly states that a court may *not* impose (and so sanction for noncompliance with) an obligation of secrecy on any person except in accordance with Rule 6(e)(2)(B). Witnesses who have been called to testify before the grand jury are simply not covered by the rule. *In re: United States of America*, 441 F.3d 44, 62 (1st Cir. 2006); *In re: Oliver L. North*, 16 F.3d 1234, 1242 ("[I]t is well established that a witness is not bound to secrecy as to his own testimony"); *In re: Vescovo Special Grand Jury*, 473 F. Supp. 1335 (C.D. Cal. 1979); *United States v. Kilpatrick*, 594 F. Supp. 1324 (D.Colo. 1984), rev'd, 821 F.2d 1456 (10th Cir. 1987), aff'd sub nom. *Bank of Nova Scotia v. United States*, 487 U.S. 250 (1988);); *see generally*, J. Lawless, *Prosecutorial Misconduct*, 3d ed. § 2.07 (LEXIS, 2003).

> *would harbor doubts [\*527] concerning [my] impartiality." <u>United States v. Dalfonso</u>, 707 F.2d 757, 760 (3d Cir. 1983) (internal citation omitted). That standard is in keeping with the plain purpose of the statute: "the goal of section 455(a) is to avoid even the appearance of partiality." <u>Liljeberg v. Health Servs. Acquisition Corp.</u>, 486 U.S. 847, 860, 100 L. Ed. 2d 855, 108 S. Ct. 2194 (1988) (internal quotation marks and citation omitted). Because recusal is mandated whenever "an appearance of partiality is created even though no actual partiality exists[,]" id., the statute has been held to require recusal even when the judge in question was actually unaware of the circumstances giving rise to the appearance of partiality. n9 See id. at 859 ("The judge's lack of knowledge of a disqualifying circumstance may bear on the question of remedy, but it does not eliminate the risk that 'his impartiality might reasonably be questioned' by other persons."). Recusal cases are "extremely fact driven[,]" <u>Nichols v. Alley</u>, 71 F.3d 347, 351 (10th Cir. 1995), and therefore "must be judged on [their] unique facts and circumstances more than by comparison to situations considered in prior jurisprudence."*
>
> \* \* \*
>
> *This is a relatively small court, with four active trial judges, including me. Without presuming to speak for anyone but myself on how an objective observer would see this court, I am persuaded that one could reasonably believe that we four judges see each other regularly, that we have developed professional respect, appreciation, and friendship for one another, and that a natural empathy may be unavoidable in seeing a colleague's reputation and privacy threatened by embroilment in a criminal prosecution. Real or not, partiality under these circumstances could fairly be perceived to be an issue. Since the judicial role must be filled by one whose partiality cannot be reasonably questioned, I cannot continue in this case.*

*United States v. Gordon, et al.*, 354 F. Supp.2d 525, \_\_\_ (D. Del. 2005).

Title 28 U.S.C. § 455(a), states, in substance, that "any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The standard is an objective one. Judge Jordan's Opinion in the criminal prosecution of former County Executive Tom Gordon and Joe Freebery's sister, Sherry Freebery, is instructive, if not dispositive of the issue raised by this motion. That criminal prosecution and this civil rights case are as inextricably intertwined as brother and sister. Indeed, discovery in this case was stayed

7

from December, 2006 to October 2007, pending completion of the criminal case, in large part because of that interrelationship.

The analysis is straightforward.[4] Sherry Freebery, Chief Administrative Officer of New Castle County, had planned to run as the Democratic nominee to succeed her boss, Tom Gordon, the County Executive. Ms. Freebery became the target of a federal, criminal investigation. Shortly thereafter, her political rival Christopher Coons declared his candidacy for the same position. The political campaign was as heated as the pretrial proceedings in the criminal case.

During the criminal investigation, plaintiff Joe Freebery was subpoenaed before the grand jury to testify against his sister. Joe Freebery refused to testify, whereupon he was immunized and compelled to testify. In two different appearances and on two separate occasions, he was interrogated before the grand jury by AUSA Leonard Stark and the lead prosecutor in the case, United States Attorney Colm Connolly. According to Mr. Freebery, when he refused to answer questions designed to fit into the government's theory of the prosecution, the exchanges became "heated" and "testy". *See* Exhibit "D", attached hereto.

The Gordon / Freebery prosecution was an unmitigated disaster for the government. After a press conference announcing the "political corruption" prosecution, a 40 page, rather extraordinary multi-count RICO indictment, numerous pretrial hearings, recusal of the original trial judge, and an unsuccessful attempt by the prosecutors to disqualify the second trial judge - rejected by the Third Circuit - the "high profile" prosecution ended with a whimper. The prosecutors were forced to dismiss the RICO

---

[4] This case was originally assigned to President Judge Sleet, then reassigned to Judge Jordan. Judge Jordan is now on the Third Circuit. Of the two current, remaining District Court Judges, Judge Robinson and Judge Farnan, Judge Farnan obviously cannot sit on this case.

corruption case. Freebery, Gordon and a third defendant, Janet Smith, plead guilty to single count, minor offenses having nothing to do with their operation or stewardship of county government. Published reports stated "Critics have charged that Connolly wasted taxpayer money with the multiyear corruption investigation". See Exhibit "E" (December 3, 2007 Sean O'Sullivan News Journal article), attached hereto. Chris Coons, however, beat Sherry Freebery in the primary, was elected and shortly thereafter, Coons fired Joe Freebery from his 23 year position with the County.

Prosecutor Leonard Stark is now a member of the bench of this Court. Colm Connolly is reputed to be the primary candidate to fill the current vacancy caused by Judge Jordan's elevation to the Third Circuit. See Exhibit "E"

The interrelationship of this case to the investigation and prosecution of Sherry Freebery, that prosecution's impact on the nature of the political campaign, the election and subsequent firing of Joe Freebery by Chris Coons (who was, himself, a witness before the grand jury investigating Sherry Freebery) are undeniable. The embarrassment caused by the failure of that prosecution is unquestionable. Now one, and possibly two judges of this Court were directly involved in that prosecution of Sherry Freebery. Both had heated, aggressive confrontations with the plaintiff in this case. The presentation of the plaintiffs' case will of necessity examine aspects of the criminal prosecution, as will, likely, the defense.

As the Court candidly stated in *Gordon*, ". . . [T]his is a relatively small court, with four active trial judges . . . one could reasonably believe that [the] four judges see each other regularly, ...have developed professional respect, appreciation, and friendship for one another, and that a natural empathy may be unavoidable in seeing a colleague's

9

reputation and privacy threatened . . .". *United States v. Gordon, supra.* In this case, the prosecution of Sherry Freebery is part of the fact pattern – it is the primary reason she lost the election, giving the County Executive post to defendant Coons. Sherry Freebery and Tom Gordon will be deposed in this case and one or both of them will likely be witnesses for the plaintiff. It is likely Defendants will attack their credibility by raising the Federal prosecution. Plaintiff would then counter the attack with proof that the Gordon/Freebery prosecution was unsuccessful and raise the specter of it being politically motivated. Plaintiff's position would undoubtedly cast Judge Stark and potential judge Connolly in a very unflattering light.

What matters is not the reality of bias or prejudice but its appearance. Liteky v. United States, 510 U.S. 540, 548, 127 L. Ed. 2d 474, 114 S. Ct. 1147 (1994). Put another way, a Court should recuse itself if "a reasonable man knowing all the circumstances would harbor doubts concerning [its] impartiality." United States v. Dalfonso, 707 F.2d 757, 760 (3d Cir. 1983). This standard is in keeping with the plain purpose of the statute: "the goal of section 455(a) is to avoid even the appearance of partiality." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860, 100 L. Ed. 2d 855, 108 S. Ct. 2194 (1988). Because recusal is mandated whenever "an appearance of partiality is created even though no actual partiality exists[,]", the statute has been held to require recusal even when the judge in question was actually unaware of the circumstances giving rise to the appearance of partiality. *United States v. Gordon*, 354 F.Supp.2d, 525 (D. Del. 2005). Recusal cases are "extremely fact driven[,]" Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995), and therefore "must be judged on [their] unique facts and circumstances more than by comparison to situations considered in prior jurisprudence."

Not only did Judge Jordan recuse himself, it appears that this Court, sua sponte, requested the Third Circuit assign an out of District judge to another case involving Sherry Freebery

Plaintiffs request for the assignment of an out of District judge is warranted under by 28 U.S.C. § 455(a) and the cases interpreting that statute, the facts of these cases, the prior ruling of this Court in *Gordon* and fundamental fairness.

**CONCLUSION**

For the reasons set forth herein, this court should grant plaintiff's motion and request the United States Court of Appeals for the Third Circuit assign a judge from outside the District of Delaware to sit on this case moving forward.

                                                  KNEPPER & STRATTON

                                                  s/Barbara H. Stratton
                                                  Barbara H. Stratton
                                                  1228 N. King Street

**Of Counsel:**                             Wilmington, DE 19801
Joseph F. Lawless                     (302) 658-1717
PA Bar Id. 23691                      Delaware Bar ID # 2785
Law Offices of Joseph F. Lawless    bhs@knepperstrattonlaw.us
843 Mt. Moro Road                  Attorney for Plaintiff Joseph J. Freebery
Villanova, Pennsylvania 19085
484.380.3760

**CERTIFICATE OF SERVICE**

    I, Barbara H. Stratton, hereby certify that on February 25, 2008, a copy of the foregoing pleading was served electronically and by first class mail upon the following:

        Gregg E. Wilson, Esquire
        County Attorney
        New Castle County
        87 Reads Way
        New Castle, DE 19720

        Richard R. Wier, Jr. (#716)
        Michelle D. Allen (#4359)
        Two Mill Road, Suite 200
        Wilmington, DE 19806

        KNEPPER & STRATTON

        s/Barbara H. Stratton
        Barbara H. Stratton
        1228 N. King Street

**Of Counsel:**         Wilmington, DE 19899
Joseph F. Lawless         (302) 658-1717
PA Bar Id. 23691         Delaware Bar ID # 2785
Law Offices of Joseph F. Lawless     bhs@knepperstrattonlaw.us
843 Mt. Moro Road         Attorney for Plaintiff Joseph J. Freebery
Villanova, Pennsylvania 19085
484.380.3760