3d0326

AO88 (Delaware Rev. 7/00) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE

Joseph J. Freebery

v.

Christopher Coons, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:¹ 05-748-PSD

TO: Wachman Hays Bernstein
822 Montgomery Ave. Ste 204
Narberth, PA 19072    See Attached instructions & Docs techny

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | |
|  | DATE AND TIME |
|  | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION New Castle County Administrative Offices 87 Reads Way, New Castle, DE 19720 | DATE AND TIME April 4, 2008 9:30 A.M. |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Attached

| PLACE | DATE AND TIME |
| --- | --- |
|  | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Barbara Stratton, Esq. /Joseph F. Lawless, Esq. | DATE 3/25/08 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Joseph F. Lawless Esq c/o Knepper & Stratton 1228 N. King Street, Wilmington, DE 19801
484.380.3760

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

AO88 (Delaware Rev. 7/00) Subpoena in a Civil Case

| | PROOF OF SERVICE | |
|---|---|---|
| | DATE | PLACE 822 Montgomery Ave |
| SERVED | 3-27-08 | Narberth PA 19072 |
| SERVED ON (PRINT NAME) NACHMAN HAYS BROWNSTEIN c/o Adrienne Gaul | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) CLIFF RICHWAY JR | | TITLE Process Server |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   3-27-08
        DATE

SIGNATURE OF SERVER
METRO FILING SERVICES, INC.
2021 ARCH STREET, 3rd FLOOR
PHILADELPHIA, PA 19103
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# INSTRUCTIONS

## INSTRUCTIONS

Pursuant to the Federal Rules of Civil Procedure, you are required to designate one or more officers, directors or managing agents to testify on behalf of Nachman, Hays Brownstein who has knowledge of the matters set forth below and can testify under oath regarding these matters. You may designate more than one person. The matters which will be subject of this inquiry shall be:

a) the Preliminary Report to the Office of the County Executive dated January 21, 2005, referenced in a Nachman Hays Brownstein Memo dated April 12, 2006 from Howard Brod Brownstein and Edward T. Gavin to David W. Singleton and Lynne Howard;

B) any and all draft copies of the Preliminary Report to the Office of the County Executive dated January 21, 2005 and the Nachman Hays Brownstein Memo dated April 12, 2006 from Howard Brod Brownstein and Edward T. Gavin to David W. Singleton and Lynne Howard referenced above.

c) all handwritten and/or electronically recorded notes of any interviews conducted in the preparation of the Preliminary Report to the Office of the County Executive dated January 21, 2005, and the Nachman Hays Brownstein Memo dated April 12, 2006 from Howard Brod Brownstein and Edward T. Gavin to David W. Singleton and Lynne Howard, including but not limited to all such documents which support the statements made in the section titled "Special Services - General Employee Observations" on pp. 9-10 the Nachman Hays Brownstein Memo dated April 12, 2006 from Howard Brod Brownstein and Edward T. Gavin to David W. Singleton and Lynne Howard.

d) all writings of any kind, including but not limited to letters and emails between all Brownstein, Gavin and any Nachman Hays principal, associate or employee relating to the engagement of Nachman Hays in connection with the Preliminary Report to the Office of the County Executive dated January 21, 2005, referenced in a Nachman Hays Brownstein Memo dated April 12, 2006 from Howard Brod Brownstein and Edward T. Gavin to David W. Singleton and Lynne Howard, including but not limited to letters of engagement, bills and communications relating to the form, substance or conduct of the referenced reports and memo.

e) any and all contacts with any representative of New Castle County regarding your engagement, the investigation leading up to the preparation of the report and the report itself

# DUCES TECUM

## DUCES TECUM TO
## <u>NACHMAN, HAYS BROWNSTEIN, HOWARD BROD BROWNSTEIN</u>
## <u>AND EDWARD T. GAVIN</u>

You are directed to bring with you the following documents and materials

a) the Preliminary Report to the Office of the County Executive dated January 21, 2005, referenced in a Nachman Hays Brownstein Memo dated April 12, 2006 from Howard Brod Brownstein and Edward T. Gavin to David W. Singleton and Lynne Howard;

B) all draft copies of the Preliminary Report to the Office of the County Executive dated January 21, 2005 and the Nachman Hays Brownstein Memo dated April 12, 2006 from Howard Brod Brownstein and Edward T. Gavin to David W. Singleton and Lynne Howard referenced above.

c) all handwritten and/or electronically recorded notes of any interviews conducted in the preparation of the Preliminary Report to the Office of the County Executive dated January 21, 2005, and the Nachman Hays Brownstein Memo dated April 12, 2006 from Howard Brod Brownstein and Edward T. Gavin to David W. Singleton and Lynne Howard, including but not limited to all such documents which support the statements made in the section titled "Special Services - General Employee Observations" on pp. 9-10 the Nachman Hays Brownstein Memo dated April 12, 2006 from Howard Brod Brownstein and Edward T. Gavin to David W. Singleton and Lynne Howard.

d) all writings of any kind, including but not limited to letters and emails between all Brownstein, Gavin and any Nachman Hays principal, associate or employee relating to the engagement of Nachman Hays in connection with the Preliminary Report to the Office of the a) the Preliminary Report to the Office of the County Executive dated January 21, 2005, referenced

in a Nachman Hays Brownstein Memo dated April 12, 2006 from Howard Brod Brownstein and Edward T. Gavin to David W. Singleton and Lynne Howard;

  B) all draft copies of the Preliminary Report to the Office of the County Executive dated January 21, 2005 and the Nachman Hays Brownstein Memo dated April 12, 2006 from Howard Brod Brownstein and Edward T. Gavin to David W. Singleton and Lynne Howard referenced above.

  c) all handwritten and/or electronically recorded notes of any interviews conducted in the preparation of the Preliminary Report to the Office of the County Executive dated January 21, 2005, and the Nachman Hays Brownstein Memo dated April 12, 2006 from Howard Brod Brownstein and Edward T. Gavin to David W. Singleton and Lynne Howard, including but not limited to all such documents which support the statements made in the section titled "Special Services - General Employee Observations" on pp. 9-10 the Nachman Hays Brownstein Memo dated April 12, 2006 from Howard Brod Brownstein and Edward T. Gavin to David W. Singleton and Lynne Howard.

  d) all writings of any kind, including but not limited to letters and emails between all Brownstein, Gavin and any Nachman Hays principal, associate or employee relating to the engagement of Nachman Hays in connection with the Preliminary Report to the Office of the County Executive dated January 21, 2005, referenced in a Nachman Hays Brownstein Memo dated April 12, 2006 from Howard Brod Brownstein and Edward T. Gavin to David W. Singleton and Lynne Howard, including but not limited to letters of engagement, bills and communications relating to the form, substance or conduct of the referenced reports and memo.

  County Executive dated January 21, 2005, referenced in a Nachman Hays Brownstein Memo dated April 12, 2006 from Howard Brod Brownstein and Edward T. Gavin to

David W. Singleton and Lynne Howard, including but not limited to letters of engagement, bills and communications relating to the form, substance or conduct of the referenced reports and memo.