Law Offices
**JOSEPH F. LAWLESS**
843 MOUNT MORO ROAD
VILLANOVA, PENNSYLVANIA 19085
(484) 380-3760

April 25, 2008

**VIA FAX AND REGULAR MAIL**
The Honorable Paul S. Diamond
United States District Court for
   the Eastern District of Pennsylvania
United States Courthouse
Room 6613
601 Market Street
Philadelphia, PA 19106

      Re: Freebery v. Coons, et al.
          <u>No. 05-748- PSD</u>

Dear Judge Diamond:

    I am writing to bring a discovery matter to the attention of the Court that I had hoped to resolve informally with counsel for the defendants, however defense counsel has not responded to our inquiry. The question involves three documents which were not produced over the course of this rather protracted discovery period and which were then produced at a point where plaintiff was effectively precluded from questioning the authors' of the documents regarding their authenticity and contents. Two of the documents were produced several days after the proponent's deposition was completed, at a point in time when recalling the witness was virtually impossible. The third document was produced after the discovery cut-off date had passed.

    Despite the fact that document requests were served very early in this litigation, we learned for the first time at his deposition that former New Castle County Chief Administrative Officer David Singleton claimed to have kept notes of a meeting regarding plaintiff prior to his termination and supposedly had a hard copy of a computer calendar diary reflecting that meeting. The copy of the one page of notes is barely legible; we do not know if an original exists; and we do not know the origin of the computer diary. It was produced via email on April 15th, several days after Singleton's deposition and at a point in time as we were hurrying to complete the remaining depositions. We were effectively precluded from bringing Mr. Singleton back in to question him regarding the documents; obtaining the original if it exists (to test its authenticity) and from conducting appropriate discovery of the computer hard drive from which the calendar was obtained to determine if it actually was prepared contemporaneously with the meeting, which supposedly took place in 2005, all of which we would obviously need to do.

The Honorable Paul S. Diamond
April 25, 2008
Page two

On April 21st, after the discovery cut-off, the defendants produced a two page memo to Mr. Coons from the acting County Attorney addressing the impact of the law which removed the General Mangers from the County Merit System and would purportedly permit Mr. Coons to fire plaintiff. Mr. Coons made no reference to this document in his rather extensive deposition and we had no opportunity to question either Mr. Coons or the author of the memo, since it was produced after discovery was completed.

This past Wednesday I sent an email to Michelle Allen, Esquire, counsel for the defendants, asking her to confirm that the defendants would neither refer to or rely on either of these documents in their summary judgment motion under all of the foregoing circumstances I have not received any response to that inquiry.

Since the defendants' summary judgment motion is due on the 28th, I wanted to bring this to the Court's attention immediately and request that the defendants be precluded from introducing or using either of these documents in the upcoming motions; that Mr. Singleton's testimony at his deposition regarding the alleged meeting be stricken and that the defendants be precluded from any use of these documents moving forward.

I apologize for the informal nature of this request, however, I expected the defendants to agree that the documents not be used at summary judgment and that they would further agree to permit us to take the additional discovery described above. They have not. Accordingly, we ask that the above referenced documents be stricken and that the Court preclude their use in this proceeding.

I apologize for involving the Court in this matter, however under the circumstances, plaintiff had no other alternative. I am currently en route to Washington, D.C, where I will be in pretrial prep meetings for the balance of the day. I will contact Your Honor's chambers to determine the Court's wishes regarding this request later this afternoon.

Respectfully,

JOSEPH F. LAWLESS

JFL:lr
Cc: Richard R. Wier, Jr., Esquire
Michelle Allen, Esquire
Gregg Wilson, Esquire