**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

JOSEPH J. FREEBERY,                       :
                                          :
          Plaintiff,                      :
                                          :
     v.                                   :     C.A. No. 05-748 PSD
                                          :
CHRISTOPHER COONS, in his official        :     JURY TRIAL DEMANDED
capacity as County Executive of New       :
Castle County and in his individual capacity;: 
and NEW CASTLE COUNTY, a municipal :
corporation; and JOHN DOES 1-25           :
                                          :
          Defendants.                     :


**APPENDIX IN SUPPORT OF**

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT**


   /s/ Richard R. Wier, Jr.
Richard R. Wier, Jr. (#716)
Michele D. Allen (#4359)
Richard R. Wier, Jr., P.A.
Two Mill Road
Suite 200
Wilmington, DE 19806
(302) 888-3222
*Attorney for Defendants*

Dated: May 5, 2008

## INDEX TO APPENDIX

1.    Delaware State Code Sections

2.    Legislative History of House Bill 28b

3.    Joseph Freebery Deposition excerpts

4.    Christopher Coons Deposition excerpts

5.    Senate Debate Transcript on House Bill 29

6.    Vote on House Bill 29

7.    Retirement Letters

8.    House Bill 29 Tracking and House Bill 29

9.    Legislative Calendar

10.   Legal Memorandum from Dennis Siebold

11.   David Singleton Deposition excerpts

12.   Sherry L. Freebery Deposition excerpts

13.   Patricia L. DiIenno Deposition excerpts

14.   News Journal Article

15.   Excerpt From Democratic Debate

16.   Memorandum regarding Status General Manager

17.   New Castle County Code

18.   Unreported Case

# APPENDIX

# 1



# TITLE 9

### Counties

### New Castle County

### CHAPTER 13. COUNTY DEPARTMENTS

### Subchapter III. Department of Special Services

## § 1341. Functions.

The Department of Special Services, managed by the general manager of the Department, who shall be qualified for the position by education, experience and training, may perform the following functions:

(1) In cooperation with the Department of Land Use, manage and develop plans for public facilities and infrastructure including sanitary sewers and treatment facilities, drainage systems, buildings, parks, open spaces, natural areas and greenways for the County in accordance with, and in support of, the Comprehensive Plan.

(2) Prepare designs and specifications for all types of public facilities and infrastructure including sanitary sewers and treatment facilities, drainage systems, buildings, parks, open spaces, natural areas and greenways, and supervise the construction and inspection thereof.

(3) Assist the Office of Administrative Services in the tabulation of bids and in the determination of the lowest and best bidder with respect to all public facilities and infrastructure including sanitary sewers and treatment facilities, drainage systems, buildings, parks, open spaces, natural areas and greenways, and, upon request of the Office of Administrative Services, with respect to materials, supplies and equipment.

(4) Manage, maintain and operate public facilities and infrastructure sanitary sewers and treatment facilities, drainage systems, parks, open spaces, natural areas and greenways, and perform all county functions related thereto, provided that such functions may be performed directly, by contract, or by licenses as the County Council by ordinance may from time to time determine.

(5) Manage, maintain and operate any county public water supply system.

(6) Manage, maintain and operate all public buildings, except those which by agreement with other governmental jurisdictions are to be otherwise operated and maintained and any building which shall be designated by the County Executive to be excluded from the responsibility of the Department for maintenance or operation, provided that such functions may be performed directly, by contract, or by licenses as the County Council by ordinance may from time to time determine.

(7) Manage and maintain the County Fleet and operate central garages for the storage and maintenance of equipment, and maintain all automotive equipment, except those that may be specified in writing by the County Executive for maintenance by some other office, department or board, provided that such functions may be performed directly, by contract or by licenses as the County Council by ordinance may from time to time determine. (9 Del. C. 1953, § 1421; 55 Del. Laws, c. 85, § 2; 71 Del. Lawws, c. 401, § 59.)

## § 1342. Department of Special Services Board.

The Department of Special Services Board shall consist of 9 members. The County Council, with the advice and consent of the County Executive, shall appoint 8 members, who shall serve for a term of 3 years, provided that the terms of the original members shall be established in a manner that 3 shall expire each year. The County Executive, with the advice and consent of the County Council, shall appoint a chairperson who shall serve at the pleasure of the County Executive.

The Board shall advise the general manager at the Department of Special Services on issues related to the functions of the Department.

Subcommittees that are directly related to functions of the Department may be established.

Board members shall be persons of recognized character and ability who meet the qualifications of the Department.

Five members of the Board constitute a quorum. A quorum is required for any action or recommendation of the Board. (71 Del. Laws, c. 401, § 59.)

NOTICE: The Delaware Code appearing on this site was prepared by the Division of Research of Legislative Council of the General Assembly with the assistance of the Government Information Center, under the supervision of the Delaware Code Revisors and the editorial staff of LexisNexis, includes all acts up to and including 76 Del. Laws, c. 200, effective March 25, 2008.

DISCLAIMER: Please Note: With respect to the Delaware Code documents available from this site or server, neither the State of Delaware nor any of its employees, makes any warranty, express or implied, including the warranties of merchantability and fitness for a particular purpose, or assumes any legal liability or responsibility for the accuracy, completeness, or usefulness of any information, apparatus, product, or process disclosed, or represents that its use would not infringe privately-owned rights. This information is provided for informational purposes only. Please seek legal counsel for help on interpretation of individual statutes.

§ 1111. | § 1112. | § 1113. | § 1114. | § 1115. | § 1116. | § 1117. | § 1118. | § 1119. | § 1120. | § 1121. | § 1122.

# TITLE 9

## Counties

## New Castle County

## CHAPTER 11. COUNTY EXECUTIVE AND COUNTY COUNCIL

## Subchapter II. County Executive

### § 1111. Election and term.

(a) At the first general election in November following May 26, 1965, and each fourth year thereafter, a County Executive shall be elected at large from New Castle County, except that if such first general election is in a nonpresidential election year, then the County Executive thus elected shall serve a term of 2 years and thereafter shall be elected each fourth year in a presidential election year. He shall take office on the first Tuesday in January following his election. He shall serve no more than 2 consecutive terms of 4 years each, not counting any partial terms he may serve as a result of vacancy in the office of County Executive or as a result of his election to a term of 2 years as aforesaid. Following any 2 consecutive 4 year terms served by the County Executive, he may again hold the office provided that a 4 year term has intervened since he last held the office.

(b) The County Executive shall be the chief executive officer of the County. The County Executive shall be responsible to the people of the County for the executive and administrative work of the County. The County Executive shall be recognized as the head of the County Council for all ceremonial purposes, the purposes of military law, and the acceptance of service of civil process. (9 Del. C. 1953, § 1111; 55 Del. Laws, c. 85, § 1; 70 Del. Laws, c. 186, § 1; 71 Del. Laws, c. 401, § 15.)

### § 1112. Qualifications.

The County Executive shall be a citizen of the United States, a qualified elector of New Castle County, and shall have been a resident of New Castle County for at least 5 years immediately preceding his election. Removal from the County as a resident shall be construed as vacating the office of County Executive. He shall be no less than 27 years old when elected to the office of County Executive. (9 Del. C. 1953, § 1112; 55 Del. Laws, c. 85, § 1.)

### § 1113. Compensation.

The annual salary of the County Executive shall not be less than $67,000 and may be changed by ordinance or upon a recommendation by the New Castle County Compensation Commission which has been adopted and ordained by County Council. (9 Del. C. 1953, § 1113; 55 Del. Laws, c. 85, § 1; 70 Del. Laws, c. 493, § 1; 71 Del. Laws, c. 401, § 16.)

## § 1114. Vacancy in office.

Whenever a vacancy occurs in the office of County Executive by reason of death, resignation, removal from office or other cause, the President of the County Council shall serve as County Executive until the latter office is filled as a result of an election. If a vacancy in the office of County Executive occurs more than 30 days prior to the date of a primary election in which county officers are nominated, the vacancy shall be filled for the remainder of the term in the next succeeding general election and the County Executive elected in this manner shall take office on the first Tuesday following such election. If a vacancy in the office of County Executive occurs less than 30 days prior to the date of a primary election in which county officers are nominated, the vacancy shall be filled for the remainder of the term by the President of the County Council. If the President of the County Council becomes County Executive, the President's office as an elected official of the county governing body shall become vacant. (9 Del. C. 1953, § 1114; 55 Del. Laws, c. 85, § 1; 70 Del. Laws, c. 186, § 1; 71 Del. Laws, c. 401, § 15.)

## § 1115. Absence or disability.

During the temporary absence or disability of the County Executive, the Chief Administrative Officer shall act as County Executive and may sign contracts or other legal papers or instruments which the County Executive is authorized to sign. The County Executive shall designate, in writing, a head of a county department who shall act as County Executive during the temporary absence or disability of both the County Executive and the Chief Administrative Officer. The Acting County Executive may sign contracts or other legal papers or instruments which the County Executive is authorized to sign. (9 Del. C. 1953, § 1115; 55 Del. Laws, c. 85, § 1.)

## § 1116. Powers and duties.

The County Executive shall:

(1) See that the duties and responsibilities of the executive and administrative agencies of the County are properly performed and that the work of the county offices, departments, and agencies is properly coordinated;

(2) See that the laws of the State required to be administered by the County, the provisions of this title, ordinances, and regulations of the County are enforced;

(3) Make appointments to positions for which he has appointing authority and to other positions for which no appointing authority is prescribed;

(4) Except as otherwise provided in this title, shall remove or suspend at his pleasure any person whom he may appoint to a position of trust or emolument;

(5) Receive and examine complaints made against any officer or employee for neglect of duty or malfeasance in office;

(6) Have full authority to examine the books, papers, records, accounts, moneys, securities and property of the County in the possession of all offices, departments, or boards which he supervises, and may in his discretion delegate such authority to 1 or more competent persons;

(7) Require the fiscal officers of the County to make such special audits, investigations, or examinations as he may deem appropriate;

(8) Require of officers, departments, or agencies under his supervision the submission of any reports he deems appropriate;

(9) Sign all contracts, bonds, or other instruments requiring the assent of the County, except those which other officers are authorized by this title or by the County Council under this title, to sign;

(10) Administer oaths necessary or appropriate for the performance of his duties;

(11) Prepare and submit to the County Council, and execute after adoption, the annual budget, capital program, and capital budget;

(12) Exercise such other powers and perform such other duties as may be prescribed by ordinance or by law. (9 Del. C. 1953, § 1116; 55 Del. Laws, c. 85, § 1; 71 Del. Laws, c. 401, § 15.)

### § 1117. Performance of functions by contract.

Whenever in this title any function or duty is assigned to any officer, department or board for performance, such officer, department or board may perform such function by contract to the extent authorized in writing by the County Executive. (9 Del. C. 1953, § 1117; 55 Del. Laws, c. 85, § 1.)

### § 1118. Civil defense.

The County Executive shall by rule provide for the organization and performance of such civil defense functions as shall from time to time be performed by the County. (9 Del. C. 1953, § 1118; 55 Del. Laws, c. 85, § 1.)

### § 1119. Communications between County Executive and County Council.

The County Executive, orally or in writing, may present messages, information, and recommendations to the County Council. (9 Del. C. 1953, § 1119; 55 Del. Laws, c. 85, § 1; 71 Del. Laws, c. 401, § 15.)

### § 1120. Power to appoint Chief Administrative Officer and Department Directors.

(a) The County Executive shall appoint a Chief Administrative Officer who shall serve at the pleasure of the County Executive. The Chief Administrative Officer shall be qualified by education, training and experience for the duties to be performed.

(b) The County Executive, with the advice and consent of the County Council, shall appoint the General Manager of Land Use, the General Manager of Special Services, the General Manager of Community Services, the Chief Procurement Officer, the Chief Financial Officer, the Chief Human Resources Officer, as well as the heads of any subsequently created departments, who shall each serve at the pleasure of the County Executive.

(c) Notwithstanding any other provision of state or county law, on February 9, 2005, any persons then serving in any of the positions enumerated in this section shall cease to be classified service members of the New Castle County Merit System, but may thereafter continue to serve at the pleasure of the County Executive. (9 Del. C. 1953, § 1120; 55 Del. Laws, c. 85, § 1; 59 Del. Laws, c. 336, § 1; 71 Del. Laws, c. 401, § 17; 75 Del. Laws, c. 9, § 1.)

## § 1121. Powers and duties of Chief Administrative Officer.

(a) The Chief Administrative Officer shall assist the County Executive with duties and responsibilities and, subject to the policies and directives of the County Executive, shall have general supervision over the executive, administrative and operational departments of the County.

(b) The Chief Administrative Officer, on behalf of the County Executive, shall prepare the annual operating budget, capital program, and capital budget as provided by this chapter. The Chief Administrative Officer shall supervise the execution of the budgets and prepare reports and information concerning the status of the financial and other affairs of the County which will keep the County Executive, County Council and the public informed as to all offices, departments, and agencies receiving appropriations from the County Treasury. (9 Del. C. 1953, § 1121; 55 Del. Laws, c. 85, § 1; 71 Del. Laws, c. 401, §§ 15, 18, 19.)

## § 1122. County executive restructuring power.

The County Executive of New Castle County shall have the power to merge, establish, rename, and modify departments, boards, agencies, commissions, and offices of the county and may prescribe the functions and management systems of all departments, boards, agencies, commissions and offices of the county, subject to approval of County Council. The authority granted pursuant to this section shall supersede any conflicting provisions within this title. (71 Del. Laws, c. 40, § 1; 71 Del. Laws, c. 401, § 20; 75 Del. Laws, c. 9, § 2.)

NOTICE: The Delaware Code appearing on this site was prepared by the Division of Research of Legislative Council of the General Assembly with the assistance of the Government Information Center, under the supervision of the Delaware Code Revisors and the editorial staff of LexisNexis, includes all acts up to and including 76 Del. Laws, c. 200, effective March 25, 2008.

DISCLAIMER: Please Note: With respect to the Delaware Code documents available from this site or server, neither the State of Delaware nor any of its employees, makes any warranty, express or implied, including the warranties of merchantability and fitness for a particular purpose, or assumes any legal liability or responsibility for the accuracy, completeness, or usefulness of any information, apparatus, product, or process disclosed, or represents that its use would not infringe privately-owned rights. This information is provided for informational purposes only. Please seek legal counsel for help on interpretation of individual statutes.



HOME ⌂ | PAGE > | TOC ≡

§ 1101. | § 1102. | § 1103.

# TITLE 9

### Counties

### New Castle County

## CHAPTER 11. COUNTY EXECUTIVE AND COUNTY COUNCIL

### Subchapter I. Powers of the Government of New Castle County

### § 1101. General powers.

(a) Granted. -- The Government of New Castle County as established by this chapter shall assume and have all powers which, under the Constitution of this State, it would be competent for the General Assembly to grant by specific enumeration, and which are not denied by statute, including, but not limited to, any powers conferred prior to May 26, 1965, by the General Assembly upon New Castle County, or upon the Levy Court of New Castle County, or upon the Levy Court Commissioners of New Castle County, or upon the officers or employees of New Castle County, or upon counties generally, or upon Levy Court Commissioners generally. This grant of power includes the power to fix the tax rate upon the assessed valuation of all real property in New Castle County subject to assessment by the County. This grant of power further includes the power to fix the fees of the Recorder of Deeds in New Castle County for services, any statute denying such right to the contrary notwithstanding. This grant of power does not include the power to enact private or civil law concerning civil relationships, except as incident to the exercise of an expressly granted power, and does not include the power to define and provide for the punishment of felonies. This grant of power shall also include the power to impose and collect by ordinance a tax upon the transfer of real property situate within the unincorporated areas of the County, subject to the conditions and limitations provided in § 8102 of this title.

(b) Construction. -- The powers of New Castle County shall be construed liberally in favor of the County, and specific mention of particular powers in this title shall not be construed as limiting in any way the general powers stated herein. (9 Del. C. 1953, § 1101; 55 Del. Laws, c. 85, § 1; 57 Del. Laws, c. 768, § 1; 67 Del. Laws, c. 415, § 2; 71 Del. Laws, c. 400, § 1.)

### § 1102. Transfer of functions.

(a) The term "local service function," as used in this chapter, shall mean a local governmental service, or a group of closely allied governmental services, performed by New Castle County, or by a municipality within New Castle County, for its inhabitants and for which, under constitutional and statutory provisions and judicial interpretations, the County, or any municipality as distinguished from the State, has a primary responsibility for provision and financing. Without in any way limiting the foregoing, the following are examples of local service functions:

(1) Planning and zoning including subdivision regulations;

(2) Adoption and enforcement of ordinances and regulations for the protection of persons and property from hazards in the use, occupancy, condition, alteration, maintenance, repair, sanitation, removal and demolition of buildings and structures or any parts thereof and grounds appurtenant thereto, in the operation of equipment therein, and of outdoor signs including, but not limited to, zoning ordinances and regulations thereunder, building codes and regulations thereunder, plumbing codes and regulations thereunder or other such codes;

(3) Programs for redevelopment, low rent housing and urban renewal;

(4) Parks and park related activities and recreational programs;

(5) Police protection;

(6) Fire protection;

(7) Public works including, but not limited to, maintenance and operation of sanitary and storm sewers, drainage systems, sewage disposal facilities, refuse disposal facilities, including trash and garbage collection disposal;

(8) Lighting of streets, roads, alleys, and other public places;

(9) Maintenance and operation of water supply system;

(10) Library services.

(b) The term "municipality," as used in this chapter, shall mean any municipal corporation located within New Castle County, and incorporated pursuant to law by the General Assembly of this State, which performs for its residents any local service function and pays the cost thereof out of its own revenue sources.

(c) Responsibility for a local service function or a distinct activity or portion thereof exercised by a municipality located within New Castle County, may be transferred to the County by the concurring affirmative action in the form of an ordinance of the County Council of New Castle County and of the governing body of the municipality concerned. Responsibility for a local service function or a distinct activity or portion thereof not exercised by New Castle County, or by a municipality located within New Castle County, as of January 3, 1967, or exercised by New Castle County as of January 3, 1967, may be transferred to a municipality located within New Castle County by the concurring affirmative action in the form of an ordinance of the County Council of New Castle County and of the governing body of the municipality concerned.

(d) The expression of official action transferring a local service function shall make explicit:

(1) The nature of the local service function transferred;

(2) The effective date of such transfer;

(3) The manner in which affected employees engaged in the performance of the function will be transferred, reassigned or otherwise treated;

(4) The manner in which real property, facilities, equipment or other personal property required in the exercise of the function are to be transferred, sold or otherwise treated;

(5) The method of financing to be used in the exercise of the function received;

(6) Other legal, financial, and administrative arrangements necessary to effect transfer in an orderly and equitable manner. (9 Del. C. 1953, § 1102; 55 Del. Laws, c. 85, § 1; 71 Del. Laws, c. 401, § 15.)

## § 1103. Exercise of powers.

All powers of the government of New Castle County shall be carried into execution as provided by this title or by other law of this State or if this title or other law of this State makes no such provision, as provided by ordinance or resolution of the County Council of New Castle County. (9 Del. C. 1953, § 1103; 55 Del. Laws, c. 85, § 1; 71 Del. Laws, c. 401, § 15.)

NOTICE: The Delaware Code appearing on this site was prepared by the Division of Research of Legislative Council of the General Assembly with the assistance of the Government Information Center, under the supervision of the Delaware Code Revisors and the editorial staff of LexisNexis, includes all acts up to and including 76 Del. Laws, c. 200, effective March 25, 2008.

DISCLAIMER: Please Note: With respect to the Delaware Code documents available from this site or server, neither the State of Delaware nor any of its employees, makes any warranty, express or implied, including the warranties of merchantability and fitness for a particular purpose, or assumes any legal liability or responsibility for the accuracy, completeness, or usefulness of any information, apparatus, product, or process disclosed, or represents that its use would not infringe privately-owned rights. This information is provided for informational purposes only. Please seek legal counsel for help on interpretation of individual statutes.



§ 4010. | § 4011. | § 4012. | § 4013.

# TITLE 10

## Courts and Judicial Procedure

### Procedure

### CHAPTER 40. TORT CLAIMS ACT

### Subchapter II. County and Municipal Tort Claims

## § 4010. Definitions.

As used in this subchapter, unless the context otherwise indicates, the following words shall have the following meanings:

(1) "Employee" means a person acting on behalf of a governmental entity in any official capacity, whether temporarily or permanently, and whether with or without compensation from local, state or federal funds, including elected or appointed officials, volunteer firefighters and rescue squad members where the rescue squad receives full or partial financial support from political subdivisions or from the State, but the term "employee" shall not mean a person or other legal entity acting in the capacity of an independent contractor under contract to the governmental entity.

(2) "Governmental entity" means any municipality, town, county, administrative entity or instrumentality created pursuant to Chapter 8 of Title 22 or Title 9, any municipality created by a special act of the General Assembly, any housing authority created pursuant to Chapter 43 of Title 31, any parking authority created pursuant to Chapter 5 of Title 22, any municipal business improvement district authority created pursuant to Chapter 15 of Title 22 and all registered volunteer fire companies and volunteer rescue squads. (62 Del. Laws, c. 124, § 2; 69 Del. Laws, c. 328, § 2.)

## § 4011. Immunity from suit.

(a) Except as otherwise expressly provided by statute, all governmental entities and their employees shall be immune from suit on any and all tort claims seeking recovery of damages. That a governmental entity has the power to sue or be sued, whether appearing in its charter or statutory enablement, shall not create or be interpreted as a waiver of the immunity granted in this subchapter.

(b) Notwithstanding § 4012 of this title, a governmental entity shall not be liable for any damage claim which results from:

(1) The undertaking or failure to undertake any legislative act, including, but not limited to, the adoption or failure to adopt any statute, charter, ordinance, order, regulation, resolution or resolve.

(2) The undertaking or failure to undertake any judicial or quasi-judicial act, including, but not limited to, granting, granting with conditions, refusal to grant or revocation of any license, permit, order or other administrative approval or denial.

(3) The performance or failure to exercise or perform a discretionary function or duty, whether or not the discretion be abused and whether or not the statute, charter, ordinance, order, resolution, regulation or resolve under which the discretionary function or duty is performed is valid or invalid.

(4) The decision not to provide communications, heat, light, water, electricity or solid or liquid waste collection, disposal or treatment services.

(5) The discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalines, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any watercourse or body of water, except as provided in subdivision (3) of § 4012 of this title.

(6) Any defect, lack of repair or lack of sufficient railing in any highway, townway, sidewalk, parking area, causeway, bridge, airport runway or taxiway, including appurtenances necessary for the control of such ways including but not limited to street signs, traffic lights and controls, parking meters and guardrails.

Paragraphs (1) to (6) of this subsection to which immunity applies are cited as examples and shall not be interpreted to limit the general immunity provided by this section.

(c) An employee may be personally liable for acts or omissions causing property damage, bodily injury or death in instances in which the governmental entity is immune under this section, but only for those acts which were not within the scope of employment or which were performed with wanton negligence or willful and malicious intent. (62 Del. Laws, c. 124, § 2; 70 Del. Laws, c. 186, § 1.)

## § 4012. Exceptions to immunity.

A governmental entity shall be exposed to liability for its negligent acts or omissions causing property damage, bodily injury or death in the following instances:

(1) In its ownership, maintenance or use of any motor vehicle, special mobile equipment, trailer, aircraft or other machinery or equipment, whether mobile or stationary.

(2) In the construction, operation or maintenance of any public building or the appurtenances thereto, except as to historic sites or buildings, structures, facilities or equipment designed for use primarily by the public in connection with public outdoor recreation.

(3) In the sudden and accidental discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalines and toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any watercourse or body of water. (62 Del. Laws, c. 124, § 2.)

## § 4013. Limitation on damages.

(a) In any action for damages permitted by this subchapter, the claim for and award of damages, including costs, against both a political subdivision and its employees, shall not exceed $300,000 for any and all claims arising out of a single occurrence, except insofar as

the political subdivision elects to purchase liability insurance in excess of $300,000 in which event the limit of recovery shall not exceed the amount of the insurance coverage.

(b) Any governmental entity may settle claims filed against it pursuant to § 4012 of this title, in accordance with procedures duly promulgated by its governing body.

(c) Any political subdivision may enact a notice requirement by ordinance, so long as said notice requirement does not bar suit if notice is given within 1 year of occurrence. (62 Del. Laws, c. 124, § 2; 64 Del. Laws, c. 443, § 1.)

NOTICE: The Delaware Code appearing on this site was prepared by the Division of Research of Legislative Council of the General Assembly with the assistance of the Government Information Center, under the supervision of the Delaware Code Revisors and the editorial staff of LexisNexis, includes all acts up to and including 76 Del. Laws, c. 200, effective March 25, 2008.

DISCLAIMER: Please Note: With respect to the Delaware Code documents available from this site or server, neither the State of Delaware nor any of its employees, makes any warranty, express or implied, including the warranties of merchantability and fitness for a particular purpose, or assumes any legal liability or responsibility for the accuracy, completeness, or usefulness of any information, apparatus, product, or process disclosed, or represents that its use would not infringe privately-owned rights. This information is provided for informational purposes only. Please seek legal counsel for help on interpretation of individual statutes.



§ 8101. | § 8102. | § 8103. | § 8104. | § 8105. | § 8106. | § 8107. | § 8108. | § 8109. | § 8110. | § 8111. | § 8112. | § 8113. | § 8114. | § 8115. | § 8116. | § 8117. | § 8118. | § 8119. | § 8120. | § 8121. | § 8122. | § 8123. | § 8124. | § 8125. | § 8126. | § 8127. | § 8128. | § 8129. | § 8130. | § 8131. | § 8132. | § 8133. | § 8134. | § 8135. | § 8136. | § 8137. | § 8138. | § 8139. | § 8140. | § 8141. | § 8142. | § 8143. | § 8145.

# TITLE 10

## Courts and Judicial Procedure

## Limitation of Actions

## CHAPTER 81. PERSONAL ACTIONS

### § 8101. Sheriff's recognizance or administration bond.

No action shall be brought upon the official recognizance of any sheriff, or upon any administration bond, or upon any testamentary bond, against either the principal or sureties, after the expiration of 6 years from the date of such recognizance or bond. The bond of any executor or administrator cum testamento annexo, who, during his or her life, is entitled under the will of any deceased testator to the personal estate of such deceased testator, shall continue in force for the period of 3 years after the death of such executor or administrator. (Code 1852, § 2737; 20 Del. Laws, c. 583, § 4; Code 1915, § 4666; Code 1935, § 5124; 10 Del. C. 1953, § 8101; 70 Del. Laws, c. 186, § 1.)

### § 8102. Guardian bond.

No action shall be brought upon any guardian bond, against either the principal or sureties, after the expiration of 3 years from the determination or ceasing of the guardianship. (Code 1852, § 2738; Code 1915, § 4667; Code 1935, § 5125; 10 Del. C. 1953, § 8102.)

### § 8103. Recognizance in Chancery Court.

No action shall be brought upon any recognizance taken in the Chancery Court, with condition for the payment of the appraised value or purchase money of lands or tenements, against any surety in such recognizance, or the heirs, terre-tenants, executors, or administrators, of such surety, after the expiration of 3 years from the time when the value, or money, mentioned in the condition, or the last installment thereof (when it is payable by installments), is due. (Code 1852, § 2739; Code 1915, § 4668; Code 1935, § 5126; 10 Del. C. 1953, § 8103.)

### § 8104. Official bond.

No action shall be brought upon the official obligation of any State Treasurer, Secretary of State, county treasurer, register of wills, recorder of deeds, Prothonotary, Clerk of the Peace, Register in Chancery, collector, or constable, against either the principal or sureties, after the expiration of 3 years from the accruing of the cause of such action. (Code 1852, § 2740; 19 Del. Laws, c. 265; Code 1915, § 4669; Code 1935, § 5127; 10 Del. C. 1953, § 8104.)

## § 8105. Escheator's bond.

No action shall be brought upon the official obligation of an escheator, against either the principal or sureties, after 7 years from the expiration of the escheator's term of office. (Code 1852, § 2741; Code 1915, § 4670; Code 1935, § 5128; 10 Del. C. 1953, § 8105; 70 Del. Laws, c. 186, § 1.)

## § 8106. Actions subject to 3-year limitation.

No action to recover damages for trespass, no action to regain possession of personal chattels, no action to recover damages for the detention of personal chattels, no action to recover a debt not evidenced by a record or by an instrument under seal, no action based on a detailed statement of the mutual demands in the nature of debit and credit between parties arising out of contractual or fiduciary relations, no action based on a promise, no action based on a statute, and no action to recover damages caused by an injury unaccompanied with force or resulting indirectly from the act of the defendant shall be brought after the expiration of 3 years from the accruing of the cause of such action; subject, however, to the provisions of §§ 8108-8110, 8119 and 8127 of this title. (Code 1852, § 2742; Code 1915, § 4671; Code 1935, § 5129; 46 Del. Laws, c. 115, § 1; 10 Del. C. 1953, § 8106; 57 Del. Laws, c. 568, § 2.)

## § 8107. Actions subject to 2-year limitation.

No action to recover damages for wrongful death or for injury to personal property shall be brought after the expiration of 2 years from the accruing of the cause of such action. (10 Del. C. 1953, § 8106A; 52 Del. Laws, c. 339, § 1.)

## § 8108. Mutual running accounts.

In the case of a mutual and running account between parties, the limitation, specified in § 8106 of this title, shall not begin to run while such account continues open and current. (Code 1852, § 2743; Code 1915, § 4672; Code 1935, § 5130; 10 Del. C. 1953, § 8107.)

## § 8109. Bills and notes.

When a cause of action arises from a promissory note, bill of exchange, or an acknowledgment under the hand of the party of a subsisting demand, the action may be commenced at any time within 6 years from the accruing of such cause of action. (Code 1852, § 2744; Code 1915, § 4673; Code 1935, § 5131; 10 Del. C. 1953, § 8108.)

## § 8110. Mesne profits after ejectment.

When, after a recovery in ejectment, an action is brought for mesne profits, if such action is commenced within 6 months after the ejectment, or, if there is an appeal or a writ of error, within 6 months after the affirmance of the judgment, or other determination of the proceeding in error, the action shall, so far as to avoid the intermediate operation of § 8106 of this title, be deemed a continuation of the proceeding in ejectment. The plaintiff shall not be debarred from recovering mesne profits for 3 years next preceding the commencement of the ejectment. (Code 1852, § 2745; Code 1915, § 4674; Code 1935, § 5132; 10 Del. C. 1953, § 8109.)

## § 8111. Work, labor or personal services.

No action for recovery upon a claim for wages, salary, or overtime for work, labor or

personal services performed, or for damages (actual, compensatory or punitive, liquidated or otherwise), or for interest or penalties resulting from the failure to pay any such claim, or for any other benefits arising from such work, labor or personal services performed or in connection with any such action, shall be brought after the expiration of one year from the accruing of the cause of action on which such action is based. (20 Del. Laws, c. 594; Code 1915, § 4675; Code 1935, § 5133; 46 Del. Laws, c. 114; 10 Del. C. 1953, § 8110.)

### § 8112. Waste.

No action to recover damages for waste shall be brought after the expiration of 3 years from the committing of the waste. (Code 1852, § 2746; Code 1915, § 4676; Code 1935, § 5134; 46 Del. Laws, c. 115, § 2; 10 Del. C. 1953, § 8111.)

### § 8113. Actions against decedent's estate.

In all actions or claims against an executor or administrator of a decedent's estate, if the time within which the action could have been brought had not expired in the lifetime of the decedent, then the period of limitations provided for in this chapter shall be extended for a period of 6 months from the date of the decedent's death. If the claim was filed within the proper time with the executor or administrator the defense of the statute of limitations shall not avail to such executor or administrator if he subsequently rejects the claim and action is commenced thereon within 3 months after the executor or administrator has notified the claimant of such rejection as provided by § 2102 of Title 12. (Code 1935, § 5143-A; 45 Del. Laws, c. 256; 10 Del. C. 1953, § 8112; 66 Del. Laws, c. 374, § 3.)

### § 8114. Corporate officers' bonds.

No action shall be brought upon any bond given to the president, directors and company of any bank, or to any corporation, by any officer of such bank or corporation, with condition for the officer's good behavior, or for the faithful discharge of the duties of the officer's station, or touching the execution of the officer's office, against either the principal or sureties, after the expiration of 2 years from the accruing of the cause of such action. No action shall be brought, and no proceedings shall be had upon any such bond, or upon any judgment thereon, against either the principal or sureties, for any cause of action accruing after the expiration of 6 years from the date of such bond. (Code 1852, §§ 2747, 2748; Code 1915, § 4677; Code 1935, § 5135; 10 Del. C. 1953, § 8113; 70 Del. Laws, c. 186, § 1.)

### § 8115. Forfeiture under penal statute.

No civil action for a forfeiture upon a penal statute, whether at the suit of the party aggrieved, or of a common informer, or of the State, or otherwise, shall be brought after the expiration of one year from the accruing of the cause of such action. (Code 1852, § 2749; Code 1915, § 4678; Code 1935, § 5136; 10 Del. C. 1953, § 8114.)

### § 8116. Savings for infants or persons under disability.

If a person entitled to any action comprehended within §§ 8101-8115 of this title, shall have been, at the time of the accruing of the cause of such action, under disability of infancy or incompetency of mind, this chapter shall not be a bar to such action during the continuance of such disability, nor until the expiration of 3 years from the removal thereof. (Code 1852, § 2750; Code 1915, § 4679; Code 1935, § 5137; 10 Del. C. 1953, § 8115.)

### § 8117. Defendant's absence from State.

If at the time when a cause of action accrues against any person, such person is out of the State, the action may be commenced, within the time limited therefor in this chapter, after such person comes into the State in such manner that by reasonable diligence, such person may be served with process. If, after a cause of action shall have accrued against any person, such person departs from and resides or remains out of the State, the time of such person's absence until such person shall have returned into the State in the manner provided in this section, shall not be taken as any part of the time limited for the commencement of the action. (Code 1852, § 2751; 20 Del. Laws, c. 594; 25 Del. Laws, c. 234; Code 1915, § 4680; Code 1935, § 5138; 10 Del. C. 1953, § 8116; 70 Del. Laws, c. 186, § 1.)

### § 8118. Other savings.

(a) If in any action duly commenced within the time limited therefor in this chapter, the writ fails of a sufficient service or return by any unavoidable accident, or by any default or neglect of the officer to whom it is committed; or if the writ is abated, or the action otherwise avoided or defeated by the death of any party thereto, or for any matter of form; or if after a verdict for the plaintiff, the judgment shall not be given for the plaintiff because of some error appearing on the face of the record which vitiates the proceedings; or if a judgment for the plaintiff is reversed on appeal or a writ of error; a new action may be commenced, for the same cause of action, at any time within one year after the abatement or other determination of the original action, or after the reversal of the judgment therein.

(b) If in the original action, the benefit of this chapter is pleaded, and a verdict upon such defense is found for the plaintiff, such verdict shall be conclusive evidence that the original action was commenced within the time limited therefor. (Code 1852, §§ 2752, 2753; Code 1915, § 4681; Code 1935, § 5139; 10 Del. C. 1953, § 8117.)

### § 8119. Personal injuries.

No action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 2 years from the date upon which it is claimed that such alleged injuries were sustained; subject, however, to the provisions of § 8127 of this title. (20 Del. Laws, c. 594, § 1; Code 1915, § 4675; Code 1935, § 5133; 10 Del. C. 1953, § 8118; 52 Del. Laws, c. 339, § 2; 57 Del. Laws, c. 568, § 3.)

### § 8120. Setoff.

This chapter shall apply to any debt alleged by way of setoff or counterclaim on the part of a defendant. The time of limitation of such debt shall be computed in like manner as if an action therefor had been commenced at the time when the plaintiff's action commenced. (Code 1852, § 2754; Code 1915, § 4682; Code 1935, § 5140; 10 Del. C. 1953, § 8119.)

### § 8121. Cause of action arising outside State.

Where a cause of action arises outside of this State, an action cannot be brought in a court of this State to enforce such cause of action after the expiration of whichever is shorter, the time limited by the law of this State, or the time limited by the law of the state or country where the cause of action arose, for bringing an action upon such cause of action. Where the cause of action originally accrued in favor of a person who at the time of

such accrual was a resident of this State, the time limited by the law of this State shall apply. (46 Del. Laws, c. 254, § 1; 10 Del. C. 1953, § 8120.)

### § 8122. Marking and bounding lands.

The return of commissions to mark and bound lands, if no action is brought to controvert the same within 7 years, shall be conclusive evidence of the original location of such land, and of the lines and boundaries thereof, saving to infants, persons insane, imprisoned or beyond sea, and those claiming under them, the right to bring such action within 5 years from the removal of such disability. The term of 7 years shall not begin to run against any person while such person is in possession of the land in controversy. (Code 1852, § 996; Code 1915, § 4683; Code 1935, § 5141; 10 Del. C. 1953, § 8121; 70 Del. Laws, c. 186, § 1.)

### § 8123. Forcible entry and detainer.

No writs shall be issued, by a justice of the peace or the Court of Common Pleas, upon a complaint of forcible entry, after one year from the time of such entry; or upon a complaint of forcible detainer merely, after the tenant has been in continued possession of the premises for 2 years. These limitations need not be pleaded, but they shall defeat any such suit whenever it appears that they apply to it. (Code 1852, § 2208; Code 1915, § 4685; Code 1935, § 5143; 10 Del. C. 1953, § 8122.)

### § 8124. Notice of claim against City of Wilmington.

No action, suit or proceeding shall be brought or maintained against the Mayor and Council of Wilmington for damages on account of physical injuries, death or injury to property by reason of the negligence of the Mayor and Council of Wilmington or any of its departments, officers, agents or employees thereof, unless the person by or on behalf of whom such claim or demand is asserted shall, within one year from the happening of such injury, notify the Mayor in writing of the time, place, cause and character of the injuries sustained. (34 Del. Laws, c. 119; Code 1935, § 2470; 10 Del. C. 1953, § 8123; 53 Del. Laws, c. 164.)

### § 8125. Valuation and assessment of property.

Actions for anything done in pursuance of Chapter 83 of Title 9, relating to valuation and assessment of property, shall be brought within 6 months. If judgment is given for defendant, defendant shall recover treble costs. (Code 1852, § 175; Code 1915, § 1136; Code 1935, §§ 1282, 1313, 1335; 10 Del. C. 1953, § 8124; 70 Del. Laws, c. 186, § 1.)

### § 8126. County and municipality zoning and planning actions.

(a) No action, suit or proceeding in any court, whether in law or equity or otherwise, in which the legality of any ordinance, code, regulation or map, relating to zoning, or any amendment thereto, or any regulation or ordinance relating to subdivision and land development, or any amendment thereto, enacted by the governing body of a county or municipality, is challenged, whether by direct or collateral attack or otherwise, shall be brought after the expiration of 60 days from the date of publication in a newspaper of general circulation in the county or municipality in which such adoption occurred, of notice of the adoption of such ordinance, code, regulation, map or amendment.

(b) No action, suit or proceeding in any court, whether in law or equity or otherwise, in which the legality of any action of the appropriate county or municipal body finally granting

or denying approval of a final or record plan submitted under the subdivision and land development regulations of such county or municipality is challenged, whether directly or by collateral attack or otherwise, shall be brought after the expiration of 60 days from the date of publication in a newspaper of general circulation in the county or municipality in which such action occurred, of notice of such final approval or denial of such final or record plan. (10 Del. C. 1953, § 8125; 56 Del. Laws, c. 467.)

### § 8127. Alleged deficiencies in the construction of improvements to real property.

(a) As used in this section:

(1) "Deficiency" shall include acts and actions performed and failures to act and omissions.

(2) "Improvement" shall include buildings, highways, roads, streets, bridges, entrances and walkways of any type constructed thereon, and other structures affixed to and on land, as well as the land itself, except that such term shall not include buildings, entrances, walkways and structures used or intended to be used at the time of such construction primarily for residential purposes and uses.

(3) "Person" shall include individuals, corporations, partnerships, firms, individual proprietorships and associations of persons.

(4) "Construction" shall include construction, erection, building, alteration, reconstruction and destruction of improvements to real property.

(5) "Contract" shall mean the prime or general contract between the general contractor, on the one hand, and the owner or agent of the owner of the real property upon which or to which the construction is to be performed or the owner or agent of the owner of the improvement to be constructed, on the other hand.

(6) "Action" shall include actions at law or in equity, or otherwise, instituted and/or prosecuted by or on behalf of this State, any of its agencies, commissions, departments or political subdivisions, and by or on behalf of any other governmental subdivision, agency, department or body, as well as by or on behalf of private individuals, persons, parties, corporations, partnerships, associations and other entities.

(b) No action, whether in or based upon a contract (oral or written, sealed or unsealed), in tort, or otherwise, to recover damages or for indemnification or contribution for damages, resulting:

(1) From any alleged deficiency in the construction or manner of construction of an improvement to real property and/or in the designing, planning, supervision and/or observation of any such construction or manner of construction; or

(2) From any alleged injury to property, real, personal or mixed, arising out of any such alleged deficiency; or

(3) From any alleged personal injuries arising out of any such alleged deficiency; or

(4) From any alleged wrongful death arising out of any such alleged deficiency; or

(5) From any alleged trespass arising out of any such alleged deficiency; or

(6) From any alleged injury unaccompanied with force or resulting indirectly from any such alleged deficiency;

shall be brought against any person performing or furnishing, or causing the performance or furnishing of, any such construction of such an improvement or against any person performing or furnishing, or causing the performing or furnishing of, any such designing, planning, supervision, and/or observation of any such construction or manner of construction of such an improvement, after the expiration of 6 years from whichever of the following dates shall be earliest:

a. The date of purported completion of all the work called for by the contract as provided by the contract if such date has been agreed to in the contract itself;

b. The date when the statute of limitations commences to run in relation to the particular phase or segment of work performed pursuant to the contract in which the alleged deficiency occurred, where such date for such phase or segment of work has been specifically provided for in the contract itself;

c. The date when the statute of limitations commences to run in relation to the contract itself where such date has been specifically provided for in the contract itself;

d. The date when payment in full has been received by the person against whom the action is brought for the particular phase of such construction or for the particular phase of such designing, planning, supervision, and/or observation of such construction or manner of such construction, as the case may be, in which such alleged deficiency occurred;

e. The date the person against whom the action is brought has received final payment in full, under the contract for the construction or for the designing, planning, supervision, and/or observation of construction, as the case may be, called for by contract;

f. The date when the construction of such an improvement as called for by the contract has been substantially completed;

g. The date when an improvement has been accepted, as provided in the contract, by the owner or occupant thereof following the commencement of such construction;

h. For alleged personal injuries also, the date upon which it is claimed that such alleged injuries were sustained; or after the period of limitations provided in the contract, if the contract provides such a period and if such period expires prior to the expiration of 2 years from whichever of the foregoing dates is earliest.

(c) Nothing in this section shall extend or lengthen, nor shall anything in this section be construed or interpreted as extending or lengthening, the period otherwise prescribed by the laws of this State for the bringing of any action covered by this section.

(d) The limitations prescribed by this section shall not be available by way of a defense to any person in actual possession or actual control, as owner, tenant or otherwise, of such an improvement at the time when the alleged deficiency in such an improvement constitutes the proximate cause of the injury or death for which it is proposed to bring an action. (10 Del. C. 1953, § 8126; 57 Del. Laws, c. 568, § 1.)

## § 8128. Health care malpractice action limitations.

No action for the recovery of damages upon a claim based upon alleged health care malpractice, whether in the nature of a tort action or breach of contract action, shall be brought after the expiration of the time period for bringing such action set forth in § 6856 of Title 18. (60 Del. Laws, c. 373, § 3.)

## § 8129. Inheritance and estate taxes.

No action shall be brought by the State for the collection of inheritance taxes and estate taxes upon the estate of any decedent after the expiration of 20 years from the decedent's date of death. (61 Del. Laws, c. 439, § 1.)

## § 8130. Exemption from liability for donation of prepared food.

(a) Any person, business or institution who makes a good faith donation of prepared or left-over perishable food which appears to be fit for human consumption at the time it is donated to a charitable organization serving free meals to the needy public shall not be liable for damages in any civil action or subject to criminal prosecution for any illness, injury or death due to the condition of such food.

(b) A charitable organization which receives, prepares and serves to the needy public free food which appears to be fit for human consumption at the time it is served shall not be liable for damages in any civil action or subject to criminal prosecution for any illness, injury or death due to the condition of such food unless the condition is a direct result of the gross negligence, recklessness or intentional misconduct of employees of the organization. (63 Del. Laws, c. 216, § 1.)

## § 8131. Limitation for Indochina herbicide exposure.

(a) Notwithstanding any other provision to the contrary, the time limitation for an action to recover damages for wrongful death or for personal injuries suffered by a member or former member of the armed forces of the United States, who served as a member of the armed forces of the United States in Indochina between January 1, 1962, and May 7, 1975, inclusive, due to exposure to phenoxy herbicides, including but not limited to exposure to substances known as Agent Orange, Agent Blue, Agent White and chemical components known as 2, 4-D; 2, 4, 5-T; TCDD; Picloran and cacodylic acid, shall not expire until 2 years has elapsed from the date that said person has been told by a licensed physician (whether in Delaware or otherwise) that the injuries or death may be related, in whole or in part, to exposure to phenoxy herbicides.

(b) If the foregoing 2-year period has expired as of May 10, 1983, then said person shall have from 6 months from May 10, 1983, to file an action to recover damages for phenoxy herbicide exposure in Indochina. (64 Del. Laws, c. 25, § 1; 70 Del. Laws, c. 186, § 1.)

## § 8132. Comparative negligence.

In all actions brought to recover damages for negligence which results in death or injury to person or property, the fact that the plaintiff may have been contributorily negligent shall not bar a recovery by the plaintiff or the plaintiff's legal representative where such negligence was not greater than the negligence of the defendant or the combined negligence of all defendants against whom recovery is sought, but any damages awarded shall be diminished in proportion to the amount of negligence attributed to the plaintiff. (64 Del. Laws, c. 384, § 1; 70 Del. Laws, c. 186, § 1.)

## § 8133. Limitation from civil liability for certain nonprofit organization volunteers.

(a) For purposes of this section, the following terms shall have the meanings ascribed herein:

(1) "Volunteer" is any trustee, ex officio trustee, director, officer, agent or worker who is engaged in an activity without compensation.

(2) "Activity" is any decision, act or event undertaken by an organization in furtherance of the purpose or purposes for which such organization was organized and exempted from federal income tax, and in the case of a governmental entity described in paragraph (5)b of this subsection, in furtherance of the exercise of any governmental function. By way of example, and not limitation, the planning for, sponsorship and conduct of a fundraising event for the benefit of 1 or more organizations is an "activity."

(3) "Compensation" is any remuneration, whether by way of salary, fee or otherwise, for services rendered, exclusive of any gift perquisite in the form of access to services of the organization at no or a reduced cost or reimbursement for costs actually incurred. Compensation shall not include any remuneration which an ex officio trustee receives by way of salary for a position which requires among other duties serving as an ex officio trustee.

(4) "Employee" is any person who receives compensation from an organization or a third party for services rendered in connection with an activity of such organization.

(5) "Organization" shall include:

a. Any not-for-profit organization exempt from federal income tax under § 501(c) of the Internal Revenue Code (26 U.S.C. § 501(c)), as amended, or other act of Congress, and engaged in any activity within the State in furtherance of a purpose for which it was organized; and

b. Any governmental entity, including the United States, the State and any board, commission, division, office, task force or other agency of the State or the United States, exempt from federal income tax under § 115 of the Internal Revenue Code (26 U.S.C. § 115), as amended, or other acts of Congress, and engaged in any activity within the State in furtherance of the exercise of any governmental function.

(b) No volunteer of an organization shall be subject to suit directly, derivatively or by way of contribution for any civil damages under the laws of Delaware resulting from any negligent act or omission performed during or in connection with an activity of such organization.

(c) Notwithstanding subsection (b) of this section, a plaintiff may sue and recover civil damages from a volunteer based upon a negligent act or omission involving the operation of a motor vehicle during an activity; provided, that the amount recovered from such volunteer shall not exceed the limits of applicable insurance coverage maintained by or on behalf of such volunteer with respect to the negligent operation of a motor vehicle in such circumstances.

(d) The immunity granted in subsection (b) of this section shall not extend to any act or omission constituting willful and wanton or grossly negligent conduct.

(e) In any suit against an organization for civil damages based upon the negligent act or

omission of a volunteer, proof of such act or omission shall be sufficient to establish the liability of the organization therefor under the doctrine of respondeat superior, notwithstanding the immunity granted to the volunteer with respect to such negligent act or omission under subsection (b) of this section. (65 Del. Laws, c. 510, § 1; 66 Del. Laws, c. 170, §§ 1, 2; 68 Del. Laws, c. 196, §§ 1, 2.)

### § 8134. Limitation on liability of third parties rendering assistance in oil or hazardous material discharge cleanup.

(a) The provisions of any law, rule or regulation to the contrary notwithstanding, the liability of any person rendering care, assistance or advice to prevent, minimize or mitigate oil or hazardous material discharge for any removal costs and damage caused by, or related to, such care, assistance or advice shall be limited to acts or omissions of such person which can be shown to have been the result of gross negligence, or reckless, wilful, wanton and/or intentional acts of misconduct on the part of such person.

(b) The limit of liability as set forth in subsection (a) of this section shall not apply to the actions of any person responsible for the initial discharge.

(c) Any person responsible for the initial discharge is liable for any removal costs and damages that another person is relieved of under subsection (a) of this section.

(d) This section shall not be construed to limit any liability of any person for personal injuries or wrongful death as a result of the acts or omissions of such person. (68 Del. Laws, c. 5, § 1.)

### § 8135. Limitation from civil liability for certain volunteers.

(a) For purposes of this section, the following terms shall have the meanings ascribed herein:

(1) "Volunteer" is any licensed physician or nurse or licensed dentist or dental hygienist engaged in an activity for a medical or dental clinic without compensation.

(2) "Activity" is any decision, act or event relating to medical or dental treatment of a person undertaken by the medical or dental clinic in furtherance of the person's medical or dental treatment.

(3) "Medical or dental clinic" is any facility other than a hospital or doctor's or dentist's office which offers medical or dental services, which is run by a nonprofit entity under § 501(c)(3) of the Internal Revenue Code [26 U.S.C. § 501(c)(3)], and which is staffed entirely or in part by licensed physicians or nurses or licensed dentists or dental hygienists who serve without compensation.

(4) "Compensation" is any remuneration, whether by way of salary, fee or otherwise, for services rendered, exclusive of any gift perquisite in form of access to services of the medical or dental clinic at no or a reduced cost or reimbursement for costs actually incurred or the providing of lunch or other meals.

(5) "Employee" is any person who receives compensation from the medical or dental clinic for services rendered in connection with an activity of the medical or dental clinic.

(b) No volunteer or the medical or dental clinic with which the volunteer is affiliated shall

be subject to suit directly, derivatively or by way of contribution or indemnification for any civil damages under the laws of Delaware resulting from any negligent act or omission performed during or in connection with an activity of the volunteer while serving the medical or dental clinic, unless said volunteer has insurance coverage for such acts or omissions in which case the amount recovered shall not exceed the limits of such applicable insurance coverage.

(c) Notwithstanding those provisions of subsection (b) of this section, a plaintiff may sue and recover civil damages from a volunteer based upon a negligent act or omission involving the operation of a motor vehicle during an activity; provided, that the amount recovered from such volunteer shall not exceed the limits of applicable insurance coverage maintained by or on behalf of such volunteer with respect to the negligent operation of a motor vehicle in such circumstances.

(d) The immunity granted in subsection (b) of this section shall not extend to any act or omission constituting wilful and wanton or grossly negligent conduct. (67 Del. Laws, c. 211, § 1; 70 Del. Laws, c. 186, § 1; 73 Del. Laws, c. 395, §§ 1-4.)

## § 8136. Actions involving public petition and participation.

(a) For purposes of this section, the following terms shall have the meaning ascribed herein:

(1) An "action involving public petition and participation" is an action, claim, cross-claim or counterclaim for damages that is brought by a public applicant or permittee, and is materially related to any efforts of the defendant to report on, rule on, challenge or oppose such application or permission.

(2) "Public applicant or permittee" shall mean any person who has applied for or obtained a permit, zoning change, lease, license, certificate or other entitlement for use or permission to act from any government body, or any person with an interest, connection or affiliation with such person that is materially related to such application or permission.

(3) "Communication" shall mean any statement, claim or allegation in a proceeding, decision, protest, writing, argument, contention or other expression.

(4) "Government body" shall mean the State and any county, city, town, village or any other political subdivision of the State; any public improvement or special district, public authority, commission, agency or public benefit corporation; any other separate corporate instrumentality or unit of State or local government; or the federal government.

(b) In an action involving public petition and participation, damages may only be recovered if the plaintiff, in addition to all other necessary elements, shall have established by clear and convincing evidence that any communication which gives rise to the action was made with knowledge of its falsity or with reckless disregard of whether it was false, where the truth or falsity of such communication is material to the cause of action at issue.

(c) Nothing in this section shall be construed to limit any constitutional, statutory or common-law protection of defendants to actions involving public petition and participation. (68 Del. Laws, c. 391, § 1.)

## § 8137. Standards for motion to dismiss and summary judgment in certain cases involving public petition and participation.

(a) A motion to dismiss in which the moving party has demonstrated that the action, claim, cross-claim or counterclaim subject to the motion is an action involving public petition and participation as defined in § 8136(a)(1) of this title shall be granted unless the party responding to the motion demonstrates that the cause of action has a substantial basis in law or is supported by a substantial argument for an extension, modification or reversal of existing law. The court shall grant preference in the hearing of such motion.

(b) A motion for summary judgment in which the moving party has demonstrated that the action, claim, cross-claim or counterclaim subject to the action is an action involving public petition and participation as defined in § 8136(a)(1) of this title shall be granted unless the party responding to the motion demonstrates that the cause of action has a substantial basis in fact and law or is supported by a substantial argument for an extension, modification or reversal of existing law. The court shall grant preference in the hearing of such motion. (68 Del. Laws, c. 391, § 1.)

## § 8138. Recovery of damages in actions involving public petition and participation.

(a) A defendant in an action involving public petition and participation, as defined in § 8136(a)(1) of this title, may maintain an action, claim, cross-claim or counter-claim to recover damages, including costs and attorney's fees, from any person who commenced or continued such action; provided that:

(1) Costs, attorney's fees and other compensatory damages may be recovered upon a demonstration that the action involving public petition and participation was commenced or continued without a substantial basis in fact and law and could not be supported by a substantial argument for the extension, modification or reversal of existing law; and

(2) Punitive damages may only be recovered upon an additional demonstration that the action involving public petition and participation was commenced or continued for the purpose of harassing, intimidating, punishing or otherwise maliciously inhibiting the free exercise of speech, petition or association rights.

(b) The right to bring an action under this section can be waived only if it is waived specifically.

(c) Nothing in this section shall affect or preclude the right of any party to any recovery otherwise authorized by law. (68 Del. Laws, c. 391, § 1.)

## § 8139. Limitation on civil actions by criminal defendants.

(a) No civil action for the recovery of damages for a cause of action, as specified in subsection (b) of this section, shall be brought by or on behalf of any person who has:

(1) Been convicted for any felony class A, B, C, D or E except §§ 503, 876, 932 through 936, 1109, 1223, 1352, 1361, 1442, 1448, 1455, 1457 and 1503 of Title 11;

(2) Been convicted of § 629, § 630, § 768, § 769, § 782, § 801, § 824, § 1252, § 1302, or § 1312A of Title 11; or

(3) Not been convicted for any predicate felony listed in paragraphs (1) or (2) of this subsection, but has displayed conduct that but for the person's death or incapacity he or she would have been convicted of such a felony.

(b) "Cause of action," as used in subsection (a) of this section, shall mean any claim for alleged personal injuries where the alleged injury has been sustained by that person while committing, during the course of or in the immediate flight from the crime or alleged crime referenced in subsection (a) of this section, or while that person was attempting to escape or prevent a police officer from effecting an arrest for that crime or alleged crime.

(c) Nothing contained in this section shall be construed as barring a cause of action against a public entity or a public official for violating the civil rights of such person where those rights are specifically granted or protected by the Constitution or statutes of the United States or the Constitution or statutes of the State of Delaware. (71 Del. Laws, c. 113, § 1.)

## § 8140. Liability of persons involved in equine activities.

(a) For purposes of this section, the following terms shall have the meaning ascribed herein:

(1)a. "Engages in an equine activity" means riding, training, assisting in medical treatment of, driving, or being a passenger upon an equine, whether mounted or unmounted or any person assisting a participant or show management.

b. "Engages in an equine activity" does not include being a spectator at an equine activity, except in cases where the spectator places such spectator's person in an unauthorized area and in immediate proximity to the equine activity;

(2) "Equine" means a horse, pony, mule, donkey or hinny;

(3) "Equine activity" means:

a. Equine shows, fairs, competitions, performances or parades that involve any or all breeds of equines and any of the equine disciplines, including, but not limited to, dressage, hunter and jumper horse shows, grand prix jumping, three-day events, combined training, rodeos, driving, pulling, cutting, polo, steeplechasing, English and western performance riding, endurance trail riding and western games, and hunting;

b. Equine training or teaching activities, or both;

c. Boarding equines;

d. Riding, inspecting or evaluating an equine belonging to another, whether or not the owner has received some monetary consideration or other thing of value for the use of the equine or is permitting a prospective purchaser of the equine to ride, inspect or evaluate the equine;

e. Rides, trips, hunts or other equine activities of any type, however informal or impromptu, that are sponsored by an equine activity sponsor; and

f. Placing or replacing horseshoes on an equine;

(4) "Equine activity sponsor" means an individual, group, club, partnership or corporation, whether or not the sponsor is operating for profit or nonprofit, which sponsors, organizes or provides the facilities for an equine activity, including, but not limited to, pony clubs, 4-H clubs, hunt clubs, riding clubs, school and college-sponsored classes, programs

and activities, therapeutic riding programs, and operators, instructors and promoters of equine facilities, including, but not limited to, stables, clubhouses, ponyride strings, fairs and arenas at which the activity is held;

(5) "Equine professional" means a person engaged for compensation:

a. In instructing a participant or renting to a participant an equine for the purpose of riding, driving or being a passenger upon the equine; or

b. In renting equipment or tack to a participant;

(6) "Inherent risks of equine activities" means those dangers or conditions which are an integral part of equine activities, including, but not limited to:

a. The propensity of an equine to behave in ways that may result in injury, harm or death to persons on or around them;

b. The unpredictability of an equine's reaction to such things as sounds, sudden movements, and unfamiliar objects, persons or other animals;

c. Certain hazards such as surface and subsurface conditions;

d. Collisions with other equines or objects; and

e. The potential of a participant to act in a negligent manner that may contribute to injury to the participant or others, such as failing to maintain control over the animal or not acting within the participant's ability;

(7) "Participant" means any person, whether amateur or professional, who engages in an equine activity, whether or not a fee is paid to participate in the equine activity.

(b) Except as provided in subsection (c) of this section, an equine activity sponsor, an equine professional or any other person, which shall include a corporation or partnership, shall not be liable for an injury to or the death of a participant resulting from the inherent risks of equine activities. Except as provided in subsection (c) of this section, no participant or participant's representative shall make any claim against, maintain an action against or recover from an equine activity sponsor, an equine professional or any other person for injury, loss, damage or death of the participant resulting from any of the inherent risks of equine activities.

(c)(1) This section shall not apply to the horse racing industry as regulated in Title 3.

(2) Nothing in subsection (b) of this section shall prevent or limit the liability of an equine activity sponsor, an equine professional, or any other person if the equine activity sponsor, equine professional or person:

a.1. Provided the equipment or tack, and knew or should have known that the equipment or tack was faulty, and such equipment or tack was faulty to the extent that it did cause the injury; or

2. Provided the equine and failed to make reasonable and prudent efforts to determine the ability of the participant to engage safely in the equine activity and

determine the ability of the participant to safely manage the particular equine based on the participant's representations of the participant's ability;

b. Owns, leases, rents or otherwise is in lawful possession and control of the land or facilities upon which the participant sustained injuries because of a dangerous latent condition which was known or should have been known to the equine activity sponsor, equine professional or person and for which warning signs have not been conspicuously posted;

c. Commits an act or omission that constitutes willful or wanton disregard for the safety of the participant, and that act or omission caused the injury; or

d. Intentionally injures the participant.

(3) Nothing in subsection (b) of this section shall prevent or limit the liability of an equine activity sponsor or an equine professional under either product liability or trespass claims.

(d)(1) Every equine professional shall post and maintain signs which contain the warning notice specified in paragraph (2) of this subsection. Such signs shall be placed in clearly visible locations on or near stables, corrals or arenas where the equine professional conducts equine activities if such stables, corrals or arenas are owned, managed or controlled by the equine professional. The warning notice specified in paragraph (2) of this section shall appear on the sign in red and white, with each letter to be a minimum of 1 inch in height. Every written contract entered into by an equine professional for the providing of professional services, instruction or the rental of equipment or tack or an equine to a participant, whether or not the contract involves equine activities on or off the location or site of the equine professional's business, shall contain in clearly readable print the warning notice specified in paragraph (2) of this subsection.

(2) The signs and contracts described in paragraph (1) of this subsection shall contain the following warning notice:

WARNING

Under Delaware law, an equine professional is not liable for an injury to or the death of a participant in equine activities resulting from the inherent risks of equine activities, pursuant to 10 Delaware Code § 8140. (70 Del. Laws, c. 212, § 1.)

## § 8141. Limitation on agricultural operations nuisance suits.

(a) For the purposes of this section, agricultural operations and its appurtenances means an operation for the purpose of:

(1) Cultivation of land;

(2) Production of agricultural crops;

(3) Raising of poultry;

(4) Production of eggs;

(5) Production of milk and milk products, including but not limited to ice cream,

cheese and butter;

(6) Production of fruit or other horticultural crops including but not limited to christmas trees and forestry;

(7) Production of livestock, including pasturage;

(8) Production of bees and their products;

(9) Production and raising of horses of all types and descriptions or other equine activity for the purpose of profit; and

(10) The operation of a roadside farmers stand, or a farmer's cart in which not less than 50% of the products sold at the stand or cart are directly from the agricultural operation.

(b) This section does not apply to:

(1) An agricultural operation that does not conform to federal, state or local health or zoning requirements;

(2) A federal, state or local agency when enforcing air, water quality or other environmental standards under federal, state or local law; or

(3) An agricultural operation that is conducted in a negligent or improper manner.

(c) No agricultural operation or any of its appurtenances shall be or become a nuisance, private or public, by any changed conditions in or about the locality thereof after the same has been in operation for more than 1 year if the operation or the change did not constitute a nuisance from the date the agricultural operation began or the date the change in the operation began.

(d) Subsection (c) of this section shall not affect or defeat the right of any person, firm or corporation to recover damages for any injury or damages sustained by them on account of any pollution of, or change in condition of, the waters of any stream or on account of any overflow onto lands of any such person, firm or corporation.

(e) Any and all ordinances of any unit of local government now in effect or hereafter adopted that would make the operation of any such agricultural operation or its appurtenances a nuisance or providing for abatement thereof as a nuisance in the circumstances set forth in this section and shall be null and void; however, this section shall not apply whenever a nuisance results from the negligent or improper operation of any such agricultural operation or any of its appurtenances or when there has been a significant change in the operation itself. (71 Del. Laws, c. 462, § 1.)

## § 8142. Limitations on shooting range and hunting operations nuisance suits.

(a) For the purposes of this section, the terms "shooting range" and "hunting operations" and "its appurtenances" mean an operation including any of the following:

(1) Lands, including the buildings and improvements thereon, which are used or which are intended for use for the shooting of targets for training, education, practice, recreation or competition;

(2) Lands, including the buildings and improvements thereon, which are used or which are intended for use as a hunting club, hunting preserve, shooting preserve or a restricted experimental, propagating and shooting preserve as provided for in subchapter V of Chapter 5 of Title 7;

(3) Lands, including the buildings and improvements thereon, which are used or which are intended for use as a kennel, training facility or field trial facility for the breeding, showing, raising and/or training of hunting and sporting dogs; and

(4) Clubs, associations, partnerships, sole proprietorships, corporations and other business and social entities whose activities or holdings include the land and uses described in the first 3 numbered paragraphs of this subsection (a).

(b) This section does not apply to:

(1) Shooting ranges or hunting operations which do not conform to federal, state or local health or zoning requirements except as may otherwise be provided elsewhere herein; or

(2) Shooting ranges or hunting operations which are conducted in a negligent or unlawful manner.

(c) No shooting range or hunting operation or any of its appurtenances shall be or become a nuisance, private or public, by any changed conditions in or about the locality thereof after the same has been in operation for more than 1 year if the operation or the change did not constitute a nuisance from the date the shooting range or hunting operation began or the date the change in the operation began. Likewise, a shooting range or hunting operation which fully complied with local zoning requirements when operations first began shall not be deemed to be non-compliant based upon zoning requirements which have subsequently changed since the initial commencement of operations.

(d) Subject to the limitations of subsection (c) of this section, any and all state laws and ordinances of any unit of local government now in effect or hereafter adopted that would make the operation of any such shooting range or hunting operation or its appurtenances a nuisance or providing for abatement thereof as a nuisance in the circumstances set forth in this section shall be null and void as applied to shooting ranges and hunting operations and their respective appurtenances; however, this section shall not apply whenever nuisance results from the negligent or improper operation of any such shooting range or hunting operation or any of its appurtenances or when there has been a significant and fundamental change in the operation itself. (74 Del. Laws, c. 379, § 1.)

## § 8143. Limitations on civil actions for recovery for shoplifting.

(a)(1) Before a civil action may be commenced, the merchants may send a notice to the defendant's last known address requesting that the defendant or the parent/guardian of a minor if the defendant is a minor make payment of the sums listed in paragraph (a)(2) of this section within 20 days of the date of the letter. It is not a condition precedent to maintaining an action under this section that the defendant has been convicted of shoplifting or theft or that a police report has been filed.

(2) No civil action under this section may be maintained if the defendant has paid the merchant a penalty equal to the retail value of the merchandise where the merchandise was not recovered in its original condition, plus a penalty in the amount of the retail value of the merchandise or $150, whichever is greater, within 20 days of the date of the initial

demand letter. If the merchandise is recovered in merchantable condition, no civil action under this section may be maintained if the defendant has paid the merchant a penalty equal to the retail value of the merchandise attempted to be taken or $150, whichever is greater, within 20 days of the date of the initial demand letter. Should the defendant fail to respond in a timely manner as described above, the merchant may request reasonable attorneys' fees in addition to the amounts described above and shall be entitled to recover costs of suit and reasonable attorneys' fees upon filing of an action.

(b) If the person to whom a written demand is made complies with such demand within 20 days of the date of the demand, that person shall be given a written release from further civil liability with respect to the specific act of shoplifting or theft.

(c) Parents or legal guardians of an unemancipated minor who triggers the liability portion of this section shall be jointly and severally liable civilly to the merchant. For purposes of this subsection, liability shall not be imposed upon any governmental entity or foster parents assigned responsibility for the minor child pursuant to a court order or action of any governmental agency. (75 Del. Laws, c. 159, § 1.)

☐ 8144. [Reserved.]

## § 8145. Civil suits for damages based upon sexual abuse of a minor by an adult.

(a) A cause of action based upon the sexual abuse of a minor by an adult may be filed in the Superior Court of this State at any time following the commission of the act or acts that constituted the sexual abuse. A civil cause of action for sexual abuse of a minor shall be based upon sexual acts that would constitute a criminal offense under the Delaware Code.

(b) For a period of 2 years following the effective date of this section, victims of child sexual abuse that occurred in this State who have been barred from filing suit against their abusers by virtue of the expiration of the former civil statute of limitations, shall be permitted to file those claims in the Superior Court of this State. If the person committing the act of sexual abuse against a minor was employed by an institution, agency, firm, business, corporation, or other public or private legal entity that owned a duty of care to the victim, or the accused and the minor were engaged in some activity over which the legal entity had some degree of responsibility or control, damages against the legal entity shall be awarded under this subsection only if there is a finding of gross negligence on the part of the legal entity.

(c) A person against whom a suit is filed may recover attorneys' fees where the Court determines that a false accusation was made with no basis in fact and with malicious intent. A verdict in favor of the accused shall not be the sole basis for a determination that an accusation was false. The Court must make an independent finding of an improper motive to award attorneys' fees under this section. (76 Del. Laws, c. 102, § 1; 76 Del. Laws, c. 80, §§ 72, 76.)

NOTICE: The Delaware Code appearing on this site was prepared by the Division of Research of Legislative Council of the General Assembly with the assistance of the Government Information Center, under the supervision of the Delaware Code Revisors and the editorial staff of LexisNexis, includes all acts up to and including 76 Del. Laws, c. 200, effective March 25, 2008.

DISCLAIMER: Please Note: With respect to the Delaware Code documents available from this site or server, neither the State of Delaware nor any of its employees, makes any warranty, express or implied, including the warranties of merchantability and fitness for a particular purpose, or assumes any legal liability or responsibility for the accuracy, completeness, or usefulness of any information, apparatus, product, or process disclosed, or represents that its use would not infringe privately-owned rights. This information is provided for informational purposes only. Please seek legal counsel for help on interpretation of individual statutes.

# APPENDIX

# 2

◀**Back**                                      *House Bill # 286*

**Primary Sponsor:**  Smith                    **Additional Sponsor:**  Sokola

**Introduced on :**  06/25/2003

**Long Title:**  AN ACT TO AMEND TITLE 9 OF THE DELAWARE CODE RELATING TO NEW CASTLE COUNTY EXECUTIVE, COUNTY COUNCIL, AND COUNTY DEPARTMENTS.

**Synopsis:**  This Bill requires the Directors of each New Castle County government department to be appointed by the County Executive subject to the advice and consent of the County Council. Each Department Director shall serve at the pleasure of the County Executive.

**CoSponsors:**       Rep. Spence & Sen. Blevins & Sen. Copeland

**Current Status:**   Senate Executive Committee  **On**  06/26/2003

                                      **Fiscal Note:** Not Required

**Full text of Legislation:**   Legis.html
**(in HTML format)**

**Full text of Legislation:**   **Legis.Doc**   (You need Microsoft Word to see this document.)
**(in MS Word format)**


**Voting Reports:**       House Vote on Motion - LOT: Defeated 6/25/2003 5:40:21 PM --------->❏
                         House vote: () Passed 6/25/2003 6:32:49 PM------->❏

**Actions History:**
            Jun 26, 2003 - Assigned to Executive committee in Senate
            Jun 25, 2003 - Passed by House of Representatives
            Jun 25, 2003 - Necessary rules are suspended in House
            Jun 25, 2003 - Introduced in House